UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
2500 Tulare Street
Fresno, CA 93721



FILED

NOV - 5 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Clerk, Southern District of California
880 Front Street
San Diego, CA 92101

'07 CV 2131 W    BLM

| 2254 | 1983 |
| FILING FEE PAID | |
| Yes | No ✓ |
| IFP MOTION FILED | |
| Yes | No ✓ |
| COPIES SENT TO | |
| Court | ProSe |

RE:        ANTHONY A ARCEO -vs- ROBERT AYERS
USDC No.:   1:07-CV-01548-OWW-GSA

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
November 02, 2007 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 7.**

Documents maintained electronically by the district court are accessible through
PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

November 2, 2007          /s/ **E. Flores**
_____

Deputy Clerk

RECEIVED BY:    _____

Please Print Name

DATE RECEIVED:  _____

NEW CASE
NUMBER:         _____

1

2

3

4

5

6

7

8

9                         UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   ANTHONY ARCEO,                          1:07-CV-01548 OWW GSA HC

13             Petitioner,

14        vs.                                   ORDER OF TRANSFER

15   ROBERT AYERS, Warden,

16             Respondent.

17   _____/

18        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20        The federal venue statute requires that a civil action, other than one based on diversity

21   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

22   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

23   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is

24   situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which

25   the action may otherwise be brought." 28 U.S.C. § 1391(b).

26        In this case, Petitioner is challenging the loss of times credits. Specifically, he complains "the

27   California Department of Corrections and his [sic] wardens continue to take 91-120 days for a 30 day

28   violation." Where "the petition is directed to the manner in which a sentence is being executed, e.g., if

1    it involves parole or time credits claims, the district of confinement is the preferable forum." Meador

2    v. Cal. Dept. of Corr., 2003 WL 21910917 *1 (N.D.Cal.), *citing* Dunne v. Henman, 875 F.2d 244, 249

3    (9th Cir.1989); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973); In re Phelon, 2002 WL

4    31618536, *1 (N.D. Cal.); Thomas v. Hepburn, 2001 WL 505916, *1 (N.D.Cal.); McKnight v. Forman,

5    1997 WL 50267, *1 (N.D. Cal.). Petitioner is incarcerated at the R.J. Donovan Correctional Facility in

6    San Diego, California, which is within the jurisdictional boundaries of the Southern District of

7    California. See 28 U.S.C. § 84(b). Therefore, in the interest of justice the petition will be transferred to

8    the United States District Court for the Southern District of California. 28 U.S.C. §§ 1404(a) and

9    2241(d).

10         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

11   District Court for the Southern District of California.

12         IT IS SO ORDERED.

13   Dated:   **November 1, 2007**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLOSED, HABEAS

# U.S. District Court
## Eastern District of California - Live System (Fresno)
## CIVIL DOCKET FOR CASE #: 1:07-cv-01548-OWW-GSA

(HC) Arceo v. Ayers et al
Assigned to: Judge Oliver W. Wanger
Referred to: Magistrate Judge Gary S. Austin
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 09/14/2007
Date Terminated: 11/02/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Anthony A Arceo**
                         represented by  **Anthony A Arceo**
J-17830
RJ Donovan Correctional Facility
P O Box 7990003
San Diego, CA 92179
PRO SE

V.

**Respondent**

**Robert Ayers**
*Warden*

**Respondent**

**Attorney General of the State of California**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/14/2007 | 1 | PETITION for WRIT of HABEAS CORPUS by Anthony A Arceo.(Benson, A) (Entered: 09/17/2007) |
| 09/17/2007 | 2 | PRISONER NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms) (Benson, A) (Entered: 09/17/2007) |
| 09/17/2007 | | SERVICE BY MAIL: 2 Prisoner New Case Documents for FCD served on Anthony A Arceo. (Benson, A) (Entered: 09/17/2007) |
| 09/26/2007 | 3 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Anthony A Arceo. (Duong, D) (Entered: 09/27/2007) |

| 10/23/2007 | 4 | ORDER INTRADISTRICT TRANSFER to Fresno (1:07-cv-1548 OWW GSA) signed by Judge Gregory G. Hollows on 10/23/07. (Kaminski, H) (Entered: 10/23/2007) |
|---|---|---|
| 10/23/2007 | | SERVICE BY MAIL: 4 Order, Case Transferred Out - Divisional served on Anthony A Arceo. (Kaminski, H) (Entered: 10/23/2007) |
| 10/23/2007 | 6 | PRISONER NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms) (Kaminski, H) (Entered: 10/23/2007) |
| 10/23/2007 | | SERVICE BY MAIL: 6 Prisoner New Case Documents for OWW, 4 Order, Case Transferred Out - Divisional served on Anthony A Arceo. (Kaminski, H) (Entered: 10/23/2007) |
| 11/02/2007 | 7 | ORDER, CASE TRANSFERRED to District of CA/Southern signed by Judge Gary S. Austin on 11/01/2007. CASE CLOSED. (Flores, E) (Entered: 11/02/2007) |
| 11/02/2007 | 8 | TRANSMITTAL of DOCUMENTS on *11/2/2007* to * Clerk, Southern District of California* *880 Front Street* *San Diego, CA 92101*. ** *Electronic Documents: 1 to 7. *. (Flores, E) (Entered: 11/02/2007) |
| 11/02/2007 | | SERVICE BY MAIL: 7 Order, Case Transferred Out to Another District served on Anthony A Arceo. (Flores, E) (Entered: 11/02/2007) |
| 11/05/2007 | 9 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Anthony A Arceo. (Verduzco, M) (Entered: 11/05/2007) |
| 11/05/2007 | 10 | NOTICE of CHANGE of ADDRESS (PO Box 799003, San Diego, CA 92179) by Anthony A Arceo. (Verduzco, M) (Entered: 11/06/2007) |

### PACER Service Center

#### Transaction Receipt

11/06/2007 15:41:45

| PACER Login: | ud0077 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:07-cv-01548-OWW-GSA |
| Billable Pages: | 1 | Cost: | 0.08 |

AO 241 (Rev. 6/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District **EASTERN** | |
|---|---|---|
| Name **ANTHONY ARCEO** | Prisoner No. **J 17830** | Case No. |

Place of Confinement
**RJ DONOVAN CORR. FACILITY, PO BOX 799003, SAN DIEGO, CALIFORNIA 92179**

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

**ANTHONY ARCEO**                    v.    **ROBERT AYERS, WARDEN**

The Attorney General of the State of:    **CALIFORNIA**    2:07 CV 1917 FCD GGH A

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **SAN JOAQUIN COUNTY SUPERIOR COURT**

2. Date of judgment of conviction **FEBRUARY 4, 1994**

3. Length of sentence **THIRTY ONE YEARS**

4. Nature of offense involved (all counts) **PENAL CODE 207, 261, 667.5**

**FILED**

SEP 14 2007

5. What was your plea? (Check one)
   (a) Not guilty **XX**
   (b) Guilty ☐
   (c) Nolo contendere ☐

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   **N/A**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury **XX**
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ___ No **XX**

8. Did you appeal from the judgment of conviction?
   Yes **XX** No ___

(2)

AO 241 (Rev. 6/85)

9. If you did appeal, answer the following:

    (a) Name of court    **COURT OF APPEALS  3D DIST.**

    (b) Result    **AFFIRMED**

    (c) Date of result and citation, if known   **DIR. C018338 / HC C028423**

    (d) Grounds raised    **DIR= COMPETENCY   SENTENCE**

         **HC 46=ISSUES**

    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court    **SUPREME COURT OF CALIFORNIA**

      (2) Result    **AFFIRMED**

      (3) Date of result and citation, if known   **DIR. S068291 / HC S075020**

      (4) Grounds raised    **DIR. COMPETENCY, SENTENCE**

         **HC 46=ISSUES**

    (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court    **UNITED STATES SUPREME COURT**

      (2) Result    **AFFIRMED**

      (3) Date of result and citation, if known   **05 8112**

      (4) Grounds raised    **46 ISSUES**

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes **XX** No

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court    **9TH CIRCUIT COURT OF APPEALS**

      (2) Nature of proceeding   **HABEAS CORPUS  (02 15925)**

      (3) Grounds raised    **46 ISSUES**

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒X

(5) Result    **AFFIRMED**

(6) Date of result    **2/19/03**

(b)  As to any second petition, application or motion give the same information:

(1) Name of court    **USDC EASTERN        S99 1024 FCD DAD P**

(2) Nature of proceeding    **HABEAS CORPUS**

(3) Grounds raised    **46 ISSUES**

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒
(5) Result    **AFFIRMED**

(6) Date of result    **3/15/02**

(c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☒  No ☐
(2) Second petition,           Yes ☒  No ☐

(d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A**

_____

_____

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
     CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: PETITIONER IS ENTITLED TO MANDATORY 30 DAY CREDIT LOSS PER

PENAL CODE 2932, in re DIKES 18 CAL R TR 9 (CAL APP 1 DIST 2004) AND

Supporting FACTS (state *briefly* without citing cases or law) _____

Petitioner was sentenced to prison fo owing provis ons of Penal

Code Sections 1170, and subject to good time work credits. Subject

to provisions of law, petitioner has been "found in violation of

prison regulations." Penal Code 1170 and 2931 et seq. The term

of confinement is adjusted by mandates enumerated in PC 2932, which

_____

B. Ground two: THE COURT HAS A DUTY AND OBLIGATION TO REMEDY ANY BAR OF

TIME CREDIT PROVISIONS OF PENAL CODE 2931, 2932, AND 2933 AS APPLIED TO

Supporting FACTS (state *briefly* without citing cases or law): _____

California courts have previously not allowed statutory exclusions

to bar equal protection principles as to discriminatory application

of good and/ or work time credits. People V Tobia

(1979) 98 cal app 3d 157, is pre sage case (People V Sage (1980) 26

C3d 498) in which the court held that while PC section 4019"...on its

_____

AO 241 (Rev. 5/85)

C. Ground three:    N/A

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:    N/A

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

    N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ___ No XX

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing    RALPH CINGCON

    (b) At arraignment and plea    DAVID ADAMS, PUBLIC DEFENDER

AO 241 (Rev. 5/85)

(c) At trial    **DAVID ADAMS**

(d) At sentencing    **·DAVID ADAMS / MICHAEL BIGELOW**

(e) On appeal    **DAVID MORSE  PUBLIC DEFENDER**

(f) In any post-conviction proceeding    **PRO PER / PRO SE LITIGANT**

(g) On appeal from any adverse ruling in a post-conviction proceeding    **PRO PER / PRO SE LITIGANT**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ‾ No **XX**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ‾ No **XX**
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

**N/A**

(b) Give date and length of the above sentence: _____

**N/A**

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes    No **XX**

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*N/A*
_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

*Sept 9, 2007*
_____
(date)

_____
Signature of Petitioner

(7)

**STATEMENT OF THE CASE**

1

2

3    On May 23, 2007 petitioner filed in the USDC Southern Dist.

4

5    On July 31, 2007 the court issued its order (see exhibi K )

6    in which it describes conditions which petitioner should pursue

7    his claim. Petitioner filed in the USDC Central (where he became

8    aware of error) the writ was transfered. Prison staff does not

9    give trust account print out but by court order. On 8/10/07 the

10   librarian forwarded form to trust office.

11   Petitioner has not changed the caption to either of his two

12   contentions, nor his supporting facts  On January 3, 2007 two

13   grounds were raised in Kern Co. 009651A.  On February 22, 2007 two

14   grounds were raised in court of appeal FO 52216.  On April 7, 2007

15   the two claims were formed into questions.  Its my understanding

16   you can not change a allegation once you file it.  Petitioner is

17   raising a custody credit claim from 1997, and the venue should be

18   in the Eastern District.

19   On August 30, 2007 during mail re-route my "Order of

20   Transfer" by the Eastern District Court arrived with no envelope,

21   taped together, and two months late.

22   I notified the Southern District Court of my intent to file

23   in the Eastern District.

24

25

26

27

28

8.

## INDEX OF CONTENTS

TABLE OF AUTHORITIES...............................

WRIT OF HABEAS CORPUS..............................

1.    INTRODUCTION.................................

11.   STATEMENT OF THE CASE.........................

111.

    GROUND ONE....................................

    GROUND TWO....................................

IV   CONCLUSION....................................

## TABLE OF AUTHORITIES

11. STATEMENT OF THE CASE

15 CCR 3043.3......................... 10

15 CCR 3016.............................10

15 CCR 3323(e)..........................10

in re DIKES 18 CAL RPTR 3D 9 (CAL APP 1 DIST 2004).....10

PENAL CODE 2932.........................10

PENAL CODE 2931.........................10


111.  GROUND ONE.........................11

PENAL CODE 2931.........................11

PENAL CODE 2933.........................11

in re DIKES, SUPRA.......................11

15 CCR 3016.............................11

PENAL CODE 1170(b)(c).....................12

penal code 2931.........................12

penal code 2933(B)......................12

penal code 2931.........................13

penal code 1170.........................13

PENAL CODE 2933(b)......................13

PENAL CODE 1170.........................14

DIRECTORS RULE 3016......................14

PENAL CODE 2931, 2932, 2933...............14

PRIESER V RODRIGUEZ 411 US 475, 93 SCT 1827.....14

HEWITT V HELMS 459 US 466-70.................14

PENAL CODE 3000.........................14

in re DIKES, SUPRA,......................14

WASH V DEPARTMENT OF ALCOHOLIC BEV. CONTROL

(1963) 59 C2d 757, 764-765, 382 P2D 337.........15

KEELER V SUPERIOR COURT(1970) 2 C3D 619, 631,

     470 P2D 617..................................15

GROUND TWO

PEOPLE V TOBIA (1979) 98 CAL APP 3D 157..........15

PEOPLE V SAGE(1980) 26 C 3D 498..................15

PENAL CODE 4019.................................15

PEOPLE V BLACK(1979) 93 CAL APP 3D 846............15

PEOPLE V SANDERS(1979) 98 CAL APP 3D 273..........15

PEOPLE V CASTRO(1979) 99 CAL APP 191..............15

CONLOGUE V SHENBAUM 949 F2D 378(11 CIR 1991)........15

in re MUSZARSKI(1975) 52 CAL APP 3D 500..........16

CLASSIFICATION MANUAL ART. 1 SEC. 104...........16

TITLE 15......................................16

CALIFORNIA ADMINISTRATION CODE SEC. 3040........16

PENAL CODE 2931................................16

PENAL CODE 2933, 2932..........................16

in re DIKES 18 CAL RPTR 3D 9(CAL APP I DIST 2004).....16

PENAL CODE 3000.................................17

iii.

ANTHONY ARCEO, J-17830
RJ DONOVAN CORR. FACILITY
PO BOX 799003, F3B11-143
SAN DIEGO, CA. 92179

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT

ANTHONY ARCEO,
        petitioner,

     V                /      CASE_____

WARDEN: WONG, A. et al,    /      Writ of Habeas Corpus
        respondent,

TO THE HONORABLE JURIST IN THE ABOVE ENTITLED COURT, And

### 1.
### INTRODUCTION

Comes now Anthony Arceo, petitioner in who's behalf the writ is applied for, who is confined from liberty at RJ Donovan State Prison in the custody of Warden Hernandez, after a non-adverse transfer from lancaster state prison. As a result of judgement from superior court of San Joaquin County on or about the 4th day of April 1994 in action # SCO55592A sentencing petitioner to a term of imprisonment of thirty-one years in state prison.

    Petitioner's confinement and restraint of liberty is illegal as set forth in and supported by the attached statement of facts, the declaration of petitioner, the points and authorities, all records, files, transcripts of the cause and any other evidence

1 | presented whether oral or documentary.
2 |
3 | 11.
  | statement of the case
4 |
5 |     Plaintiff agrees with the opinion of Kern County Superior
6 | Court for the purpose of this appeal. California Department of
7 | Corrections and his wardens continue to take 91 - 120 days for a 30
8 | day violation. 15 CCR §§ 3043.3 loss of credits (see § 3016 wine,
9 | § 3323(e) "C-offense" 91 - 121 credit loss). Each warden has
10 | continued the policy of taking 120 days for a 30 day violation.
11 | Plaintiff found out by chance that the warden should of corrected
12 | this injustice through in re DIKES 18 Cal Rptr 3d 9 (Cal App Dist
13 | 2004). Its plaintiffs belief that he is entitled to a mandatory 30
14 | day credit loss per Penal Code §§ 2932, antoration of those credits
15 | per Penal Code § 2931. In 1996 plaintiff became aware of the
16 | inaccuracies. Plaintiff at no time prior had no reason not to trust
17 | the Department of Corrections or its wardens. Plaintiff first filed
18 | in Los Angeles because that was where he became aware of the wrong.
19 |     On August 31, 2006, habeas filed in Superior Court of Los
20 | Angeles, see # BH 004214, exhibit E.
21 |     On November 1, 2006, habeas filed in Court of Appeals, 2d
22 | Appellate District, see # BI 93763, exhibit D.
23 |     On January 3, 2007, habeas filed in Superior Court Kern County,
24 | see # HC 009651A, exhibit C.
25 |     On February 22, 2007, habeas filed in Court of Appeal, 5th
26 | Appellate District, see # FO 52216, exhibit B.
27 |     On April 7, 2007, habeas filed in California Supreme Court for
28 | state of california. see #_____, exhibit A.

1    Plaintiff and those similarly situated should not be

2 penalized by the state and its agents for not carrying out the law

3 accordingly.

4

5

6

7

8

9

10

11

12                              111.

13                          GROUND ONE

14                          continued

15 RESTORATION OFTHOSE DAYS PER PENAL CODE §§ 2931 AND OR 2933.   THUS

16 VIOLATING PETITIONERS DUE PROCESS AND THE STATE AND FEDERAL

17 CONSTITUTION.

18

19                        SUPPORTING FACTS

20

21    states no more than thirty days can be taken.    see

22 in re  DIKES 18 cal rptr 3d 9 (cal app 1 dist 2004),  therefore it

23 is un-controvertible while petitioner is in violation of Directors'

24 Rule § 3016 and while petitioner is confined in the custody of the

25 Department of Corrections longer. As a result of excess amount of

26 time taken and the refusal to restore those credits, "CDC" violates

27 P.C. sec. et seq., as a prisoner confined in the custody of the

28

                              11.

Department of Corrections pursuant to P.C. § 1170. Petitioner has entitlement rights to time credit provisions of Penal Sections 2931 and/or 2933.  These Legislative adopted statutes provide for reduction in the term of imprisonment of persons sentenced to prison under provisions of Penal Code 1170 and who engage in specific forms of conduct while in the custody of the Department of Corrections.

"(b)<u>Total possible good behavior and participation credits shall result in</u> a four month reduction for each eight months served in prison or in a reduction based on this ratio for any lesser period of time. <u>Three months of this four month reduc-tion.</u> Or a reduction based on this ratio for any lesser period, <u>shall be based upon forbearance from any act for which the prisoner could be prosecuted</u> in a court of law, either as a misdemeanor or a felony, or any act of misconduct described as a serious disciplinary infraction by the Department of Corrections.

(c) <u>One month of this four month reduction</u>, or a reduction based on this ratio for a lesser period, <u>shall be based solely upon participation in work, education, vocational, therapeutic, or other prison activities.</u> Failure to succeed after demon-strating a reasonable effort in the specified activity shall not result in loss of participation credit. Failure to partici-pate in the specified activities can result in a maximum loss of credit of 30 days for each failure to participate. However, those confined for other than behavior problems shall be given specified activities commensurate with custodial status.

12.

1.       (d) This action shall not apply to any person whose crime was

2.       committed on or after January 1, 1983." (Emphasis added) Penal

3.       Code Section 2931.

4.       "(a) It is the intent of the legislature that persons convicted

5.       of crime and sentenced to state prison, under Section 1170,

6.       serve the entire sentence imposed by the court except for a

7.       reduction in the time served in the custody of the Director of

8.       Corrections. <u>Worktime credits shall apply</u> for performance in

9.       work assignments and performance in elementary, high school, or

10.      vocational programs...<u>For every six months of full time</u>

11.      <u>performance in credit qualifying program.</u> as designated by the

12.      director, <u>a prisoner shall be awarded credits from his term of</u>

13.      <u>confinement of six months,...Every prisoner who refuses to accept</u>

14.      <u>a full time credit qualifying assignmentor who is denied the</u>

15.      <u>opportunity to earn worktime credits pursuant tosubdivision (a)</u>

16.      <u>of 2932 shall be awarded no worktime credit reduction...Except</u>

17.      <u>as provided in subdivision (a) of Section 2932,</u> every prisoner

18.      willing to participate in a full time credit qualifying assign-

19.      ment but who is either not assigned to a full time assignment

20.      or is assigned to a program of less than full time, <u>shall</u>

21.      <u>receive no less credit than is provided under Section 2931.</u>"

22.

23.

24.      Further, Penal Code Section 2933(b) provides:

25.      "...<u>Except as provided in subdivision (a) of 2932, every</u>

26.      <u>prisoner shall   have a reasonable opportunity to participate</u>

27.      <u>in a full time credit qualifying assignment in a manner consistan</u>

28.      <u>with institutional security and available resources.</u>" (Emphasis

1. Added)

2. Therefore, subject to exclusions enumerated by Penal Code

3. Section 2932, (under the influence, possession of, or manufactured

4. alcohol offenses pur DR § 3016, et al, are absent) All persons

5. sentenced to state prison under provisions of Penal Code Section 1170

6. have entitlement rights to the time credit earnings provided by Penal

7. Code Sections 2931 and/or 2933 and the subsequent reduction in their

8. prison term. Petitioner is no exception. Good time credits can only

9. be restored by state courts through state procedures or by federal

10. courts via writ of habeas corpus after exhaustion of state judicial

11. remedies. Prieser v Rodriguez 411 US 475, 93 Sct 1827(1973). A timely

12. appeal has been filed. The loss of good time credits creates a

13. liberty interest Hewitt v Helms 459 US 466-70. In the case at bar 1).

14. taking credits for rule violations in excess of state mandate PC §

15. 2932. 2) Being it was a 120 days it cannot be restored versus the

16. rule a 30 day infraction can be restored in full. 3) Under the

17. influence of, possession of, or manufactured alcohol offenses DR §

18. 3016, is not enumerated in Penal Code § 2932 nor is it custom or

19. habit to prosecute these cases. Thus the 120 days taken were in

20. excess of the 30 days allowed by law. Under Penal Code Sections 2931

21. and/or 2933 respondent is in violation of the legislative purpose

22. and intent of Penal Code Section 1170 et seq. and other provisions

23. of state law including, but not limited to Penal Code Sections 2931,

24. 2932, 2933, 3000 et. seq., in re Dikes 18 cal rptr 3d 9 (cal app 1

25. dist 2004). While the statutory authority is dispositive of the

26. issues in favor of petitioner, it has long established policy of this

27. state to construe a penal statute as favorably to the defendant as

28. its language and the circumstances of its application may permit;

1  just as in the case of a question of fact, the defendant is

2  entitled to the benefit of every reasonable doubt as to the true

3  interpretation of words or the construction of language used in a

4  statute. Wash V Department of Alcoholic Bev. Control (1963) 59 C2d

5  757, 764-765, 382 P2d 337; Keeler V Superior Court (1970) 2 C3d 619,

6  631, 470 P2d 617.

7

8                          GROUND TWO

9                          continued

10

11  CAREER CRIMINALS, THUS VIOLATING PETITIONERS DUE PROCESS AND THE

12  STATE AND FEDERAL CONSTITUTIONS.

13

14                          SUPPORTING FACTS

15

16  face...does not apply to presentence custody of persons convicted

17  of a felony and sentenced to state prison.." constitution equal

18  protection of law principles require that defendant be given credit

19  for good/work time. If any, pursuant to penal code section § 4019.

20  People V Tobia, supra at 272; People V Black (1979) 93 Cal App 3d

21  846); People V Sanders (1979) 98 Cal App 3d 273; People V Castro

22  (1979) 99 Cal App 3d 191. Loss of equal protection as treating

23  inmates differently based on their criminal or disciplinary history

24  is error.  Conlogue V Shenbaum 949 F2d 378, 380 (11 cir 1991).

25      The specific and general treatment of career criminals

26  establishes a suspect classification violating equal protection and

27  the due process of our state and federal constitutions. Petitioner

28  is handicaped, poor and has priors. Where judicial review is

15.

1  possible for the persistent who have knowledge, financial ability,

2  and wherewithal to exhaust administrative remedies. in re Muszaiski

3  (1975) 52 Cal App 3d 500, such review would be meaningless after

4  months and years of further incarceration disabilities. Petitioner

5  is required to work while incarcerated as are all other prisoners

6  within the Department of Corrections as the result of department

7  rules and regulations. Classification manual, Article 1, Section

8  104; Title 15, California Administration Code, section 3040, et seq.

9  Petitioner is denied restoration of credits (clean time and the

10  mandatory 30 day rule violation) Petitioners counterparts that

11  perform the same work function recieve reduction for the prison time

12  of two days for each day of worked performed. Penal Code Section

13  2931 and 2933. Petitioner must literally serve four times the same

14  time in prison as others receiving half time. There is no compelling

15  interest which justifies the suspect classification imposed upon

16  petitioner, ie. depriving petitioner benefits of Penal Code Sections

17  2931 and/or 2933 and requiring him to serve four times the length

18  of incarceration as others similarly situated criminals by not

19  adhering to Penal Code § 2932 (cf. in re Dikes 18 Cal Rptr 9 (Cal

20  App 1 Dist 2004).

21     It would seem obvious that the public interest would be best

22  served by lawfull, reasonable and equal treatment of prisoners.

23  Further, that the disparate treatment petitioner faces runs contrary

24  to the goals of Penal Code Section 3000, et seq. in that nothing

25  good could ever be expected to come from such blatant, arbitrary,

26  capricious, and unequal treatment as that suffered by petitioner,

27  ie. excess punishment not allowed by law. It also can be demonstra-

28  ted that current disparate treatment of petitioner as member of such

16.

76T576T-

1  a suspect classification of state prisoners will encourage greater

2  respect for law and authority, will reinforce positive personal

3  attitudes and values, and will assist the "successfull

4  reintergration of the offender into society and to positive

5  citizenship" Penal Code § 3000, hardly.

6      Petitioner is a state prisoner having been sentenced pursuant

7  to Penal Code Section § 1170, Petitioner is in prison as a career

8  repeat offender as many others for their recognition of conduct,

9  be it bad or the worst petitioner is no exception.

10

11                              IV.

12                           conclusion

13      Petitioner is confined in a state prison. Its the state and

14  department of corrections responsibility to enforce the law ahs not

15  apply it arbitrarily or otherwise unjustly. Petitioner is currently

16  denied credit loss of only 30 days, the restoration of those credits

17  and the alignment/adjustment of current outdate, which is afforded

18  to other prisoners, reduce the length of imprisonment based upon

19  statutory entitlement, legislative intent, evolving judicial

20  standard, and/or state and federal constitutional principles under-

21  lying the equal protection and due process of law. Petitioner has

22  a legal right to have this disparity corrected. The petition should

23  issue.

24      As follows;

25  1.  Declare petitioners rights.

26  2.  Order respondent to adjust petitioners' release date in

27      accordance with provisions of Penal Code Sections 2931, 2932,

28      and 2933.

3. Appoint legal counsel to assist in the litigation of the issues presented in this petition.

4. Order such other and further relief as is just and proper.

Date ___Sept 9_____ 2007.

_____
Anthony Arceo   J-17830
in pro per

## VERIFICATION

I'm the petitioner in the above cause of action, I read the statements contained herein, and declare under the penalty of perjury that upon information and belief these statements are true and correct.

Date ___Sept 9_____ 2007.  At San Diego, Ca. pursuant to California Code of Civil Procedure §§ 446 and 2015.5

_____
Anthony Arceo   J-17830
in pro per

18.

DECLARATION OF ANTHONY ARCEO,

I Anthony Arceo, hereby declare;

1.      That Iam the petitioner in the above cause of action,

2.      That Iam incarcerated within the Department of Corrections
        at Donovan state prison as a result of action from San
        Joaquin County in case number SC055592A,

3.      That I attached, calif supreme court response and letter to
        court clerk, 3 pages in section A

4.      That I attached, appeals court response, 1 page, sec B

5.      That I attached, Kern co. superior court, 3 pages sec. C.

6.      That I attached, 2d app court response, 1 page, sec. D.

7.      That I attached, LA superior court, 1 page, sec. E.

8.      That I attached, appeal request and response, 2 pages, sec.F

9.      That I attached appeal request and response, 2 pages, sec.G

10.     That I attached, appeal request and response, 2 pages, sec.H

11.     That I attached, appeal request and response, sec. I

12.     That I attached, appeal request and response, 602 2 pages
        and rule violation reports, 3 pages, sec. J

13.     That I have worked as a member of the prison work force since
        1996.

14.     That Iam entitled to retoration pursuant to Penal code §§
        2931, 2932, 2933.

15.     That Iam unable to receive any restoration because its a "C"
        offence, 91 - 120 days.

16.     That there is no compelling state interest served by depriving
        me of time credits per PC 2931, 2932, 2933.

17.     That Iam serving (4) times a greater proportionate of time.

18.     That PC §§ 2931, 2933 allows restoration of credits not
        enumerated in penal code 2932. Which requires a thirty (30)
        day loss and as such is recoverable in full.

Iam the petitioner in the above entitled action, I have read all the
above statements herein, and declare under the penalty of purjury
that upon information, and belief these statements are true and correct.
Dated at Donovan ___Sept 9_____2007.

                                    _Anthony Arceo_____
                                    Anthony Arceo J-17830

19

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         ) SS
COUNTY OF SAN DIEGO )

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, __ANTHONY ARCEO__ , am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On _Sept 9, 2007_, I served the following documents:

### WRIT OF HABEAS CORPUS

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at San Diego, California, addressed as follows::

USDC
25 TULARE ST. #2501
FRESNO, CA. 93721
~~USDC EASTERN~~
501 I STREET Rm 4-400
SACRAMENTO, CA. 95814

AG-OFFICE
PO BOX 944255
SACRAMENTO, CA
          94244

WARDEN
RJ DONOVAN CORR. FAC.
PO BOX 799003
SAN DIEGO, CA. 92179

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of San Diego, California on _Sept 9, 2007_

ANTHONY ARCEO J-17830

PO BOX 799003      F3B11-143
_____
P.O. Box  _____
San Diego, CA    92179-900__

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

# ATTACHMENT



**MARY JAMESON**
AUTOMATIC APPEALS SUPERVISOR

**JORGE NAVARRETE**
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

---

**NATALIE ROBINSON**
SUPERVISING DEPUTY CLERK

LOS ANGELES

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

—

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

# Supreme Court of California

**FREDERICK K. OHLRICH**
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

April 10, 2007

Anthony Arceo, CDC# J-17830
RJ Donovan Correctional Facility
P.O. Box 799003
San Diego, Ca  92179

     Re:    **F052216 – Arceo (Anthony) on H.C.**

Dear Mr. Arceo:

    We hereby return unfiled your petition for review, which we received April 9, 2007.  A check of the Court of Appeal docket shows that the judgment was affirmed February 22, 2007.  This court lost jurisdiction to act on any petition for review March 24, 2007.  (See Cal. Rules of Court, rule 8.500(e).)  Without this jurisdiction, this court is unable to consider your request for legal relief.

               Very truly yours,

               FREDERICK K. OHLRICH
               Court Administrator and
               Clerk of the Supreme Court

               *Joseph Cornetta*

     By:  Joseph Cornetta, Deputy Clerk

Enclosure



APRIL 3, 2007.



to:  **DEAR COURT CLERK**
fr:  **ANTHONY ARCEO, J-17830**

re:  **FILING PETITION FOR REVIEW,**

Declaration of Anthony Arceo,

1)      Declarant Anthony Arceo is a prisoner at RJ Donovan, prison III-Yard.

2)      Declarant does not have a functioning law library he can go to and study daily.

3)      Declarant is a sensitive needs inmate.

4)      Declarant is on a sensitive needs yard (III-Yard), housing protective custody inmates, and per the state of california's governer all Lancaster "SNY" inmates were transfered to RJ Donovan from November 2006 through February 2007.

5)      Declarant states that RJ Donovan's central library is for the General Population "GP" inmates.

    a)  "SNY" inmates turn in request one week and get copies of books back the following week.

    b)  "SNY" court deadlines are dealt by handing court deadline order and then its returned the following week.

    c)  "SNY" III-Yard law library is non-existent. Most all legal books are in boxes. The library consists mainly of "order book forms" you fill out and turn in once a week and receive it at the next weeks yard. This is providing that yard is available.

    d)  Declarant received his court order sometime in the second week of March, and on the 21 of March he handed the librarian the appellate courts deadline. On the 27 of March he handed a Petition for Review to make two copies for the court and one copy for the attorney general.

I declare that I am a resident of San Diego, Ca. I am over the age of 18 years and a party to the within entitled cause. My address is RJ Donovan Corr. Facility, Po Box 799003, San Diego California, 92179.

Anthony Arceo   J-17830

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true, and correct. Executed on

April 4, 2007 , at San Diego, Ca.

Anthony Arceo   J-17830

in propia persona

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

# Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
F I L E D

FEB 2 2 2007

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____
                                    Deputy

In re

ANTHONY ARCEO,

      On Habeas Corpus.

F052216

**BY THE COURT\*:**

    The "Petition For Writ Of Habeas Corpus," filed in this court on February 13, 2007, is denied.

_____ Acting P.J.



\*Before Harris, Acting P.J., Cornell, J., and Kane, J.

```
J2411H1          SUPERIOR COURT, METROPOLITAN JUSTICE BUILDING        01/03/07
KERN CJIS                  IN AND FOR THE COUNTY OF KERN                 14:45
ORGANIZATION: WM
```

CASE NO. HC009651 A        DATE: 01/03/07        TIME: 08:00 AM        DEPT.: RL

IN THE MATTER OF ARCEO, ANTHONY

JUDGE:    JOHN I KELLY, JUDGE            CLERK:    JENIFER GARDNER
REPORTER:                                BAILIFF:
NATURE OF PROCEEDINGS:
     HABEAS CORPUS.
     RULING

---

CDC ID NUMBER: J-17830.

PETITION FOR WRIT OF HABEAS CORPUS IS DENIED.

SEE RULING ATTACHED HERETO AND MADE A PART HEREOF.

COPY OF MINUTE ORDER SENT TO PETITIONER THIS DATE.

ENTERED ON CJIS BY JENIFER GARDNER - SCMET. ON
     01/03/2007.

---

MINUTE ORDER                                            PAGE     1

In re Anthony Arceo on Habeas Corpus
KCSC# HC 9651

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

The court has read and considered the petition for writ of habeas corpus dated November 15, 2006 and which arrived in an envelope postmarked November 15, 2006. It was filed on December 1, 2006.

Petitioner is serving a sentence of 31 years for kidnapping. His trial occurred in San Joaquin County. He is incarcerated in California State Prison, Los Angeles County at Lancaster.

Petitioner complains of events that began when he was in the California Correctional Institution at Tehachapi.

Petitioner contends that prison authorities caused him to forfeit more credits than they were authorized to do. He explains. In 1997, Petitioner was found guilty of possession of inmate manufactured alcohol. He was assessed a credit forfeiture of 120 days (among other things). He claims the 120 day credit loss was wrongful because, pursuant to Penal Code § 2932 and given the misconduct for which he was found guilty, the maximum credit loss he could have received was only 30 days. Petitioner cites In re Dikes (2004) 121 Cal.App.4th 825 in support of his contention.

Petitioner has not exhausted his administrative remedies. He submitted an appeal, but it was rejected at the second level of review as untimely. Petitioner claims this rejection was wrongful because he submitted his appeal as soon as he discovered his issue.

Petitioner fails to state a prima facie case of relief.

Petitioner failed to exhaust his administrative remedies. His claim that his appeal should not have been rejected as untimely because he submitted it soon after the decision in the Dikes case was issued is without merit. While the decision in Dikes was issued in 2004, shortly before Petitioner submitted his appeal, its discussion of Penal Code § 2932 did not constitute new law. The court in Dikes merely quoted and discussed the relevant portion of § 2932 and explained how it applied. The

relevant portion of § 2932 itself (i.e., § 2932(a)(4)) has been effective and in substantially its present form since January 1, 1987.  That is, Petitioner ought to have been able to discover his issue long before the decision in <u>Dikes</u> was ever issued. However, he did not, and he does not explain why he did not. Therefore, the rejection of his appeal as untimely was proper. And, that leads to the conclusion that Petitioner is in violation of the rule that an inmate cannot seek relief in the courts unless he first exhausts his administrative remedies.  (<u>In re Dexter</u> (1979) 25 Cal.3d 921, 925; <u>In re Muszalski</u> (1975) 52 Cal. App.3d 500, 503).

Petitioner has failed to state facts sufficient to warrant issuance of a writ of habeas corpus.

The petition is denied.

Dated: 1·3·07

John J. Kelly
Judge of the Superior Court

2

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

COURT OF APPEAL - SECOND DIST.

F I L E D

NOV 0 1 2006

JOSEPH A. LANE                    Clerk

S. VEVERKA
                              Deputy Clerk

| | | |
|---|---|---|
| In re | ) | B193763 |
| | ) | |
| ANTHONY ARCEO, | ) | (Super.Ct.No.BH004214) |
| | ) | (David S. Wesley, Judge) |
| on Habeas Corpus. | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |

THE COURT:*

The petition for writ of habeas corpus filed September 18, 2006, has been read and considered.

The Los Angeles County Superior Court denied petitioner's habeas corpus petition on the ground the 1997 prison discipline it challenges was imposed in Kern County when petitioner was incarcerated in that county. The present habeas corpus petition does not dispute that ground for denial or provide any exhibits indicating that petitioner was disciplined for conduct occurring while housed within Los Angeles County.

The petition is denied, without prejudice, to re-filing in the appropriate superior court and Court of Appeal. The appropriate superior court to determine the petition is the Kern County Superior Court and the appropriate Court of Appeal is the Court of Appeal for the Fifth Appellate District, located at 2525 Capitol Street, Fresno CA 93721. (*Griggs v. Superior Court* (1976) 16 Cal.3d 341, 347; California Rules of Court, rule 4.552 (b)(2)(B).)



* EPSTEIN, P.J.,            WILLHITE, J.,            MANELLA, J.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | AUGUST 31, 2006 | | | | Deputy Clerk |
|---|---|---|---|---|---|
| Honorable: | DAVID S. WESLEY | Judge | J. PULIDO | | Reporter |
| | NONE | Bailiff | NONE | | |

(Parties and Counsel checked if present)

BH 004214

In re,
ANTHONY ARECEO,

        Petitioner,

On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered the petition for writ of habeas corpus filed August 18, 2006.

Petitioner seeks relief for a credit loss as a result of a Rules Violation Report (RVR) resolved at California Correctional Institution (CCI) in 1997. This Court is without authority to adjudicate an RVR that occurred in Kern County. This Court's authority is limited to events that occur at Los Angeles County State Prison.

On the merits, the petition is without merit. The manufacture and/or possession of "pruno" is a serious division offense (Cal. Code Regs., tit. 15, § 3323(e)(ii) calling for credit loss of 91-120 days.

The Dikes case is not on point. It involved possession of marijuana, which cannot be prosecuted as a criminal offense (see section 3323(h)(3)) and calls for a credit loss of only 0-30 days.

The petition for relief is denied.

The court order is signed and filed this date.

A true copy of this minute order is sent to the petitioner via U.S. Mail as follows:

Anthony Areceo
J-17830
California State Prison, Los Angeles County
P.O. Box 8457
Lancaster, CA 93536



1

| Minutes Entered |
|---|
| 08-31-06 |
| County Clerk |

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 10, 2006


Arceo, CDC #J-17830
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA  93536-7620


Re: Institution Appeal Log #LAC 05-03398 Disciplinary

Dear Mr. Arceo:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals.  The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.  Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process.  Library staff can help you obtain any addresses you need.


N. GRANNIS, Chief
Inmate Appeals Branch



---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

CONTINUED 602, PART H.,

       to: CHIEF INMATE APPEALS OFFICER
       re: in re dikes
         CALIFORNIA APPEALS COURTS DECISION

(LAC)    1   2

       fr: ANTHONY ARCEO, J-17830, FCB1-236

Dear Chief Inmate Appeals Officer,

    I'm appealing to you hoping that you can rectify this problem.  My appeal has been exhausted at the second level. The second level reviewer denied my appeal due to "to great of time lapse between the incident and the appeal".

    The recent decision given by the third appellate court informed me only those particular enumerated in Penal Code § 2932 (a)-(b) alocates no more than thirty (30) days of credit loss defined as a serious diciplinary offense. At no time prior to 2005 had I any idea that my credit forfieture of one hundred & twenty days was not listed or in anyway in error I would have immediately appealed.

    Thank you for your time in this matter

dated   3/6/06

                               ANTHONY ARCEO J-17830

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*February 21, 2006*

*ARCEO, J17830* .            $2AC 4$

Log Number: CCI-0-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***PLEASE SEE COMMENTS BELOW.***

*The explanation you have provided does not justify the delay. Do not resubmit this appeal.*
*If you do it will not be returned to you, it will be filed in your appeal file.*

Appeals Coordinator
California Correctional Institution

NOTE:   Failure to follow instruction(s) will be viewed as non-cooperation
        automatically dismissed pursuant to CCR 3084.4(d). This scree
        appealed. If you believe this screen out is in error, please return
        Coordinator with an explanation of why you believe it to be
        documents. You have only 15 days to comply with the above dire



**PERMANENT APPEAL ATTACHMENT – DO NC**

January 24, 2006

to: Appeals Coordinator

re: Screening compliance, Inmate Arceo
    believes denial would be error

fr: Anthony Arceo, j-17830, FCB1-236

    Mr. Appeals Coordinator, I believe a decision of denial due to

to great of time lapse between the action or decision occurred and when

I filed my appeal would be error for the following reasons,

    The law is clear,

1.  The department of corrections is mandated by the Penal Code and the
    constitution.

2.  A defendant cannot be held liable for not raising a issue or law
    when (1) he is unaware of it. (2) believes the department of
    corrections is abiding by that very law.

3.  Only in criminal cases are laws retroactively applied.

4.  The department of corrections and the courts are mandated to apply the
    law as it exist.

5.  At any time should error or tort arise after a decision was reached
    in error, as a matter of law due process allows a appeal to settle
    the matter. (exhaustion for instance)

6.  Due process allows courts to hear suits, mandamus/prohibition, or
    appeals of a aggrieved party. Not even in war has barred this
    inherent right.

    I ask you Mr. Sampson to please correct my credit forfieture that

justice and law requires.

    Thank you for your time in this matter.

Dated _January 24, 2006_                    _Anthony Arceo_
                                            Anthony Arceo J-17830

*LAC*

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*December 19, 2005*

*ARCEO, J17830*

Log Number: CCI-0-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal. Time limits expired per CCR 3084.6(c). Your appeal has been appropriately rejected. DO NOT RESUBMIT.***

*K. Aampson*
Appeals Coordinator
California Correctional Institution

2006 FEB -7  AM 10: 36
CCI - TEHACHAPI
APPEALS OFFICE

NOTE:  Failure to follow instruction(s) will be viewed as non
automatically dismissed pursuant to CCR 3084.4(d).
appealed.  If you believe this screen out is in error, ;
Coordinator with an explanation of why you belie
documents.  You have only 15 days to comply with th



e
e
s
g

JAN 0 6 2006

PERMANENT APPEAL ATTACHME!

November 10, 2005

to:  Appeals Coordinator

re:  Explanation and Supporting documents
     as to timeliness of appeal for good
     time credits.

fr:  Anthony Arceo, J-17830, FCB1-236


Mr. Appeals Coordinator I'm responding promtly to your concern
of tardiness.  I became aware of new law in re DIKES, 18 Cal. Rptr. 3d
9, (Cal. App. 1 Dist. 2004) that was provided in the law library.  This
is a new 2004 series.

This california court ruled Penal Code §§ 2932 enables credit loss
for general acts of misconduct of not more than thirty (30) days.  How-
ever, those enumerated violations within Penal Code § 2932 that can be
prosecuted also enable credit forfeiture for ninety or one hundred and
eighty days.

Mr. Appeals Coordinator, my wine violations are of the general kind.
I also had no idea that "120" days forfeiture was excess.

Finally, I implore you to consider my appeal for credit restoration
and any credit adjustments.


                                        Sincerely,

                                        Anthony Arceo
DATED: 11/10/05                         ───────────────────
                                        ANTHONY ARCEO J-17830

NOV 15 2005

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request



RE: Screening at the SECOND Level

October 31, 2005

C

ARCEO, J17830

Log Number: CCI-0-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*RVR is from 1996.*

Appeals Coordinator
California Correctional Institution



**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and automatically dismissed pursuant to CCR 3084.4(d). This screening appealed. If you believe this screen out is in error, please return this Coordinator with an explanation of why you believe it to be in e documents. You have only 15 days to comply with the above directive

**PERMANENT APPEAL ATTACHMENT – DO NOT**

## INMATE APPEAL ROUTE SLIP

To: CCI                                           Date: October 20, 2005

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  LAC-X-05-03398  By Inmate  ARCEO, J17830

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: DISCIPLINARY
Due Date: 11/29/2005
Special Needs: DNM - PERM MOBILITY IMPAIRED

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

C. A. COLLINS
INMATE APPEALS OFFICE
CSP - Los Angeles County

# APPEAL CDC-602 FOR CREDIT RESTORATION

**PART A CONTINUED;**

A EXPERT WITNESS FOR THE DEPARTMENT OF CORRECTIONS AWARE OF THIS RULE, MERELY HAS TO STATE FOR A HEARING, "HE'S DRUNK, OR THAT'S ALCOHOL" SATISFIES THE FEILD OR LABORATORY TESTING, WITHOUT SAVING ANY EVIDENCE AS THEY DO WITH ALL OTHER SERIOUS VIOLATIONS. THIS SYSTEM IS CAPRICIOUS AND ARBITRARY, IRRESPECTIVE OF RULE, INMATE HAS OR HAS NOT SIGNED A WAIVER PERSUANT TO DIRECTORS RULE § 3290(e). (2) PENAL CODE § 2932 (a)-(b) ALOCATES NO MORE THAN THIRTY DAY (30) DAYS OF CREDIT LOSS DEFINED AS A SERIOUS DICIPLINARY OFFENSE. (3) THE DEPARTMENT OF CORRECTIONS HABIT PRACTICE OR CUSTOM IS, IT HAS NEVER INTENDED TO PROSECUTE ALCOHOL OFFENSES, PER PENAL CODE § 347 (b), A MISDEMEANOR AND NOT ENUMERATED IN PENAL CODE § 2932(a) (SEE ALSO 18 AMENDMENT), (4) I HAVE RECEIVED CDC-115 VIOLATIONS FOR MANUFACTURING ALCOHOL/AKA-STIMULANTS AND SEDATIVES (ALCOHOL). ON 5/29/96; 10/26/97, UNAWARE OF OTHER DATES?

**ACTION REQUESTED CONTINED**

§ 2932 (a)-(b). PLEASE RESTORE ALL CREDIT LOSS IN EXCESS OF THIRTY (30) DAYS FOR "ALL" CDC-115 ALCOHOL VIOLATIONS PERSUANT TO DIRECTORS RULE § 3016.

J-1

(2 OF 2)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT** 804 SENT TO RECORDS BY: _____ DATED: _____

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| J-17830 | ARCEO | 5-6 2014 | CCI-IVB | 5C-105L | IVB-97/10- |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | POSSESSION OF I/M | | DATE | TIME |
|---|---|---|---|---|---|
| CCR § 3016 | MANUFACTURE ALCOHOL | H.U. #5C-105L | | 10/26/97 | 0945 HRS. |

CIRCUMSTANCES On Sunday, October 26, 1997, at approximately 0945 hours, while working Position #5223R, Housing Unit #5, Floor Officer, I was conducting cell searches in "C" section. While searching 5C-105, I found a laundry bag hanging from the shelves that contained approximately two (2) Gallons of a orange pulp substance suspected to be "Pruno" Inmate made Manufactured Alcohol in a plastic bag, and thirteen (13) apples. At this time cell 5C-105, is jointly occupied by Inmates ARCEO, J-17830, and inmate BARA, J-97157. Inmate ARCEO claims full responsibility of the "Pruno". The contents of the bag were verified as pruno by Correctional Sergeant J. Pinch. The pruno was disposed of per Institutional policy. Inmate ARCEO speaks and understand English and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ R. DURAN, Correctional Officer | 11-1-97 | H.U. #5 FLOOR OFF. | Mon/Tue |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ J. PINCH, Unit Sergeant | 11-1-97 | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☑ SERIOUS | | | ▶ R. GROUNDS, CORRECTIONAL COUNSELOR II | ☐ HO  ☑ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 11/3/97 | 1500 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING On 12/02/97, Inmate ARCEO, J-17830, 1C-205-U, appeared before me and stated he was in good health and was prepared to proceed with the hearing. He was given a copy of the charges and all pertinent reports more than twenty-four (24) hours prior to the hearing. He was advised that the results of this hearing are not final until reviewed and approved by the Chief Disciplinary Officer, and that after that review he will receive his final copy of the completed CDC-115. He was apprised of his right to appeal this action. He was advised of the Credit Restoration procedures pursuant to CCR Title 15, §3327 and 3328.

Inmate ARCEO, D-99750, DID NOT request the presence of witnesses when asked during the hearing conducted on December 02, 1997.

No Investigative was assigned pursuant to California Code of Regulations Title 15, §3315(d)(1).

I read the charges as written to Inmate ARCEO, J-17830 and he admits the charges contained in the Rules Violation Report. ARCEO had no statement to make in defense to the charges. ARCEO did admit that he was solely responsible for the charges that he alone was guilty.

| REFERRED TO ☐ CLASSIFICAT | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | ▶ | 12/02/97 | |
| C.C. OVERALL, Senior | **J-2** | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| REVIEWED BY: (SIGNATURE) | | ▶ | 4/26/97 | |
| ▶ | | ATURE) | | 0800 |

☑ COPY OF CDC 115 GIVEN INM

CDC 115 (7/88)

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-17830 | ARCEO | IVB-97/10-81 | CCI-IVB | 12/02/97 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER_____

ARCEO had no further statements or comments to make in regards to the Rules Violation Report.

INMATE ARCEO, J-17830, is being found GUILTY of possession of Inmate Manufactured Alcohol, which is a violation of the California Code of Regulations section §3016, based on the preponderance of evidence submitted at the disciplinary hearing. The evidence submitted included:

1). The written report of Correctional Officer R. Duran describes the Officer searching cell 5C-105, finding, and confiscating a laundry bag with approximately two (2) gallons of an orange pulpy substance that was inmate alcohol. ARCEOs' possession of inmate made alcohol is a violation of the California Code of Regulations section §3016.

2). The finding is substantiated by the verification of the confiscated liquid as being "pruno" by Correctional Sergeant J. Finch, an experienced Sergeant, as is stated in the Rules Violation Report.

3). The finding is further substantiated by the admission of Guilty to the charges made by ARCEO, J-17830 during the disciplinary hearing conducted on December 02, 1997. ARCEO offered no defense to the charges or any compelling justification for violation of the code of Regulations.

FINDING: Inmate ARCEO, J-17830 is being found GUILTY AS CHARGED based on ARCEO own admission and information contained in the Rules Violation Report.

DISPOSITION: ASSESSED 120 DAYS FORFEITURE OF CREDITS FOR DIVISION C-11 OFFENSE. ASSESSED 90 DAYS LOSS OF PRIVILEGES INITIATING OCTOBER 26, 1997, AND TERMINATING ON JANUARY 25, 1998,

PRIVILEGES RESTRICTIONS: NO MAIN YARD ON WEEKENDS, NO QUARTERLY PACKAGES.

J-3

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C.C. OVERALL Senior Hearing Officer | | 12-03-97 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 12-3-97 | 0830 |

☑ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

95 30415

STATE OF CALIFORNIA
# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTION

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| J-17830 | ARCEO (M) | | CCI-IV-A | 1A-202 | A0596-060 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| D.R. §3016 | POSSESSION OF ALCOHOL | 1A-202 | 5-29-96 | 1915 HRS. |

**CIRCUMSTANCES**

On Wednesday, May 29, 1996, at approximately 1915 hours, while working Position #434363, I was in the Housing Unit #1 Floor Office, Correctional Officer Gomez was passing out legal mail as Inmate ARCEO, J-17830, 1A-202L, entered the Office to sign for his legal mail. I smelled a strong, pungent alcohol type odor. C/O Seward then detained ARCEO. I went to his cell and escorted his cell-mate, Inmate THOMPSON, C-45166, 1A-202U, from the cell. THOMPSON had the same type alcohol odor. Both Inmate(s) THOMPSON and ARCEO were placed in the "A" Section dayroom by C/O Seward. I then searched their cells and found two (2) plastic pitchers containing what I suspected to be manufactured alcohol. Both Inmates were then placed in handcuffs and escorted by S&S to a Clinic Holding cell. I then notified the IV-A Unit Sergeant, T. Greenwaldt, who confirmed the contents to be alcohol. A further search was conducted and a plastic garbage bag containing approximately ten (10) pounds of a red pulp substance that had the same alcohol odor was found.

Inmate ARCEO is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ M. Taylor, Correctional Officer | 5-29-96 | Floor 1 Officer | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ T. Greenwaldt, Correctional Sgt. | 5-29-96 | DATE          LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | | | ▶ K. Staggs, Correctional Counselor II | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | ▶ | | | | ▶ | | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

**HEARING**

On June 19, 1996, at 1915 hours, Inmate Arceo, J-17830, appeared before me, stating that he was in good health and was not prepared to proceed with the hearing. However Inmate Arceo requested additional investigation to be done. I GRANTED his request and postponed the hearing. (The continuation of the investigation was completed and copy issued on 7-01-96. Arceo went Out To Court (OTC) on 7-8-96 and returned on 7-16-96. Arceo was ready to proceed with the hearing. He did received a copy of the charges and all pertinent reports more than twenty-four (24) hours prior to the hearing. He is informed that the disposition in this matter would not become final pending review and approval by the Chief Disciplinary Hearing Officer. Upon this approval, a completed copy of the CDC-115 will be issued. Arceo did not request any witnesses to be present at the hearing, he did not request the reporting Employee to be present at the hearing, he did request the assignment of an Investigative Employee, which was GRANTED. I read the charges to Inmate Arceo and he ADMITS being guilty of the charges, stating: "He has no explanation or excuse." (Arceo Waived all witnesses at the time of the hearing).

**FINDINGS:** Inmate Arceo is found GUILTY of violating Director's Rule §3016, specifically, of POSSESSION OF ALCOHOL. All evidence in this matter was considered and the facts support the finding based upon Information contained in the Investigative Reports and Supplemental Reports and the Reporting Employee, and Inmate Arceo plead guilty of the charges.

**DISPOSITION:** Inmate Arceo is assessed one-hundred twenty (120) days Credit Forfeiture consistent with a Division "C" Offense, ten (10) days Disciplinary Detention Unit (DDU) effective 7-17-96 through 7-26-96. Counseled concerning future behavioral expectations. Subject is informed of his appeal right and process for Credit Restoration pursuant to Title 15, CCR §3327.

| REFERRED TO: ☐ CLASSIFICATION  ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| R. Bird, Senic | ▶ | 7-16-96 | 1730 |
| REVIEWED BY: (SIGNATURE) | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ | ▶ | | |
| ☑ COPY OF CDC 115 GIVEN IN (INATURE) | | DATE 7/4/96 | TIME 0945 |

CDC 115 (7/88)

J-4

**ᴵᴺ ᴬTE/PAROLEE**
**ᴬL FORM**
(2/87)

Location: Institution/Parole Region    Log No.    Category
1. _____ X_____    1. _OS-03398_ #7 _DIV.C_
2. _OCI-05_    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| ANTHONY ARCEO | J-17830 | G.E.D. | PCB 1-236 |

A. Describe Problem: THE UNITED STATES SUPREME COURT STATED IN SUPERINTENDANT V HILL (1985) 472 US 445, 447, 105 SCT 2768, 86 LED2D 356,  ALL EVIDENCE IS SUBJECT TO THE SOME EVIDENCE RULE, HOWEVER ON REVIEW THIS EVIDENCE IS NOT SUBJECT TO THE EXAMINATION OF THE ENTIRE RECORD, INDEPENDANT ASSESSMENT OF THE CREDIBIL- ITY OF WITNESSES OR WEIGHING OF SAID EVIDENCE.  (1) THE DEPARTMENT OF CORRECT- IONS WITNESSES ARE TRAINED AS EXPERTS, a) THEY HANDLE AND CONTROL ALL EVIDENCE THEY ALSO HANDLE AND CONTROL ALL ADJUDICATIONS BROUGHT BY THESE SAME EXPERTS. THE FINDINGS BASED UPON THE DEPARTMENT OF CORRECTIONS "AGENCIES" GOOD NAME.

If you need more space, attach one additional sheet.

B. Action Requested: THE DISCIPLINE "CREDIT LOSS" IMPOSED FOR A VIOLATION OF DIRECTOR'S RULE § 3016 POSSESSION OF INMATE MANUFACTURED ALCOHOL HAS NOR WAS INTENDED FOR PROSECUTION UNDER PENAL CODE §§ 347(b) OR ELSEWHERE. THEREFORE THE AGENCY CAN NOT IMPOSE A CREDIT FORFIETURE OF MORE THAN THIRTY (30) DAYS PER PENAL CODE

Inmate/Parolee Signature: _Anthony Arceo_    Date Submitted: _9/27/05_

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, submit to the Institutio...    ...pleted CDC 115, Investigator's Report, Classification chrono (CDC 128 etc.) and ...ing within ... days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _S/0 10/3/05_

SEP 2 9 2005    OCT 1 3 2005    JAN 2 6 2006    ( 1 OF 2 )

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 10-13-05    Due Date: 11-29-05
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dear inmate appeals officer, I'm hoping that you can rectify this problem. My appeal has been exhausted at the second level. The second level reviewer denied my appeal due to "to great of time lapse between the incident and appeal." see attached part H

Signature: Anthony Cross    Date Submitted: 3/6/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ Attached Letter
Date: _____

CDC 602 (12/87)

BYPASS

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY ARCEO,                           Civil No.   07cv1331-WQH (LSP)

12                           Petitioner,
                                             **ORDER DISMISSING CASE**
13              v.                           **WITHOUT PREJUDICE**

14   ROBERT AYERS, Warden,

15                           Respondent.

16         On May 23, 2007, Petitioner, a state prisoner housed at the R. J. Donovan Correctional

17   Facility in San Diego, California, proceeding pro se, filed a Petition for Writ of Habeas Corpus

18   pursuant to 28 U.S.C. § 2254, in the District Court for the Central District of California. On July

19   20, 2007, the Petition was transferred to this Court after the Central District found that Petitioner

20   was challenging a conviction from San Diego County. (See Doc. No. 1.)

21         Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

22   pauperis. Although Petitioner attaches a "Forma Pauperis Affidavit" in which he states that he

23   is unable to pay the fling fee because he receives no prison pay (Pet. at 8), a request to proceed

24   in forma pauperis made by a state prisoner must include a certificate from the warden or other

25   appropriate officer showing the amount of money or securities Petitioner has on account in the

26   institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.

27         Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

28   qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See

-1-                                                           07cv1331

1   Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit,

2   **no later than September 24, 2007,** a copy of this Order with the $5.00 fee or with adequate

3   proof of his inability to pay the fee. A copy of the proper Southern District of California in

4   forma pauperis form will be sent to Petitioner along with this Order.

5        In addition, the Petition is subject to dismissal because Petitioner has not alleged

6   exhaustion of his state court remedies. Habeas petitioners who wish to challenge either their

7   state court conviction or the length of their confinement in state prison, must first exhaust state

8   judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).

9   To exhaust state judicial remedies, a California state prisoner must present the California

10   Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her

11   federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to

12   properly exhaust state court remedies a petitioner must allege, in state court, how one or more

13   of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513

14   U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged

15   violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners

16   are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added).

17        Petitioner attaches a number of state court filings which he appears to contend satisfy the

18   exhaustion requirement. However, these filings all relate to a claim arising from a 1997

19   disciplinary infraction where Petitioner was found guilty of possession of inmate-manufactured

20   alcohol while housed at the California Correctional Institution at Tehachapi, California, and in

21   which Petitioner alleges that the resultant loss of 120 days of custody credits exceeded what

22   Petitioner contends is permitted under California law. (See Attachment to Pet., Exs. C-J.)

23   Petitioner presented this claim to the state courts by filing habeas petitions in the Los Angeles

24   County Superior and Appellate Courts in 2006. (Id., Exs. D-F.) Those petitions were denied

25   on the basis that jurisdiction for the claim was only proper in Kern County, where the California

26   Correctional Institution at Tehachapi is located, and where Petitioner was housed at the time of

27   the infraction. (Id.) Petitioner then filed habeas petitions in the Kern County Superior and

28   Appellate Courts in 2007, which were denied on the basis that Petitioner had not exhausted his

1   administrative remedies. (Id., Exs. B-C.) Petitioner thereafter presented this claim to the state

2   supreme court in a petition for review, which denied the petition on the basis that it was

3   untimely. (Id., Ex. A.)

4          It appears that Petitioner is complaining here, unlike in his state court petitions, that, as

5   a prisoner who has prior convictions, he is unable to earn custody credits at the same rate, or not

6   at all, as other inmates who are similarly situated as himself. (See Pet. at 6-16.) Petitioner does

7   not appear to be attempting to present the claim that he presented to the state courts regarding

8   his 1997 disciplinary infraction, and Petitioner has not indicated that he has exhausted state

9   judicial remedies as to the claim regarding his inability to earn custody credits at the same rate

10  as other prisoners. If Petitioner has raised this claim in the California Supreme Court, he must

11  so specify. The burden of pleading that a claim has been exhausted lies with the petitioner.

12  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If Petitioner is attempting to present

13  a claim based on the loss of custody credits arising from the 1997 disciplinary infraction, the

14  proper venue for such a claim is the district in which the infraction occurred, which in this case

15  is the District Court for the Eastern District of California. See 28 U.S.C. §§ 84(b) & 2241(d);

16  Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). To the extent Petitioner

17  attempted to present a claim based on the 1997 disciplinary infraction in his Petition, the

18  dismissal is without prejudice to Petitioner to present this claim, if he wishes, in the Eastern

19  District of California.

20         Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

21  habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

22  the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.

23  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas

24  relief because he has not satisfied the filing fee requirement and has not alleged exhaustion of

25  state court remedies.

26  ///

27  ///

28  ///

### CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy the filing fee requirement and has failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must file a First Amended Petition no later than <u>September 10, 2007</u>, that cures the pleading deficiencies set forth above. The Clerk of Court is directed to send Petitioner the correct Southern District of California amended petition an in forma pauperis forms along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: July 31, 2007

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
Office of the Clerk

| | 501 "I" Street | Divisional Office |
|---|---|---|
| **Victoria C. Minor** | Sacramento, CA 95814 | 2500 Tulare Street |
| Clerk of Court | | Fresno, CA 93721 |

**September 17, 2007**

Case Number:    2:07−CV−01917−FCD−GGH

Case Title:    **ANTHONY A ARCEO,**    vs.    **ROBERT AYERS,**

Dear Litigant,

You are hereby notified that the above case number has been assigned to your action. You are to include the complete case number on all documents sent to the court for filing in this case. Failure to do so results in delayed processing of your documents.

All matters in this action shall be sent to the following address until further notice:

Office of the Clerk
United States District Court
Eastern District of California
501 "I" Street , Suite 4−200
Sacramento, CA 95814

For timely processing of your pleadings or correspondence, please comply with our Local Rules of Court, in particular:

**Local Rule 5−133**  The court requires an original plus one copy of each document sent for filing. If you desire to receive a conformed copy for your records, you must send an original and two copies of your document and a pre−addressed postage−paid envelope for us to return your copy to you.

**Local Rule 5−135**  Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submit to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service. A sample proof of service is attached.

**Local Rule 7−130**  Documents submitted to the court must be legible, on 8−½ " x 11" paper, with writing on one (1) side of the page only. Each separate document must be stapled at the top left corner and pre−punched with two (2) holes centered 2−¾" apart, ½" from the top edge of the page. Each page should be numbered consecutively at the bottom.

**Local Rule 7−132**  Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page. The caption on the first page must include the title of this court, the title of the action, the case number assigned to this action (including all initials and letters that follow the number), and the title of your document. If you are pursuing more than one action in this court, you must submit a separate original document and the appropriate number of copies for each action in which you want the document filed.

**Local Rule 6-142**  A request for extension of time must state the reason an extension is needed. A request for extension of time should be filed before the deadline in question.

**Local Rules 30-250, 33-250, 34-250 and 36-250**  Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

**Local Rule 83-182**  Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address.

**Other Provisions:**

**Request for Case Status**  The court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case.

**Copy Work**  The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from Attorney's Diversified Service (ADS) by writing to them at: 1424 21st Street, Sacramento, CA 95814, or by phoning 916-441-4396 or 916-441-4466. The court will provide copies of docket sheets at $0.50 per page. **Note: In Forma Pauperis** status does not include the cost of copies.

Victoria C. Minor
Clerk of Court
United States District Court

by:  /s/  A. Benson
Deputy Clerk

The following is a sample Proof of Service.   Pursuant to Rule 5 of the F.R.Cv.P. and Local Rule 5−135, each document filed after the court orders service in your case shall be served on opposing counsel and a proof of service attached to your document filed with the court.

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA


(Case Title) _____
                       Plaintiff or Petitioner

V.
                                                  Case Number: 2:99−CV−99999 ABC DFG
                                                  (example case no.)

_____
                       Defendant or Respondent

                                                  **SAMPLE PROOF OF SERVICE**

_____ /


I hereby certify that on     (Date) _____, I served a copy

of the attached     (Title of Document Served and Filed) _____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

enevelope in the United States Mail at     (Location of Mailing) _____:

**(List Name and Address of Each Defendant or Attorney Served)**




I declare under penalty of perjury that the foregoing is true and correct.

_____
                          (Name of Person Completing Service)

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE**

**TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS**

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73−305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk

501 I Street, Room 4−200

Sacramento, CA 95814

Office of the Clerk

2500 Tulare Street , Suite 1501

Fresno, CA 93721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**ANTHONY A ARCEO,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **2:07-CV-01917-FCD-GGH**

**ROBERT AYERS,**
Defendant(s)/Respondents(s).

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐      **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____        Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *_____

---

☐      **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____        Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *_____

---

*If representing more than one party, counsel must indicate name of each party responding.*

Case 1:07-cv-01548-OWW-GSA    Document 3    Filed 09/26/2007    Page 1 of 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

# FILED

SEP 2 6 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

ANTHONY A ARCEO,_____

Plaintiff(s)/Petitioner(s),

vs.

CASE NO.  2:07-CV-01917-FCD-GGH

ROBERT AYERS,_____

Defendant(s)/Respondents(s).

---

**CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _Sept 21, 2007_    Signature: _Anthony Arceo_

Print Name: _Anthony Arceo_
(X) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for *_____

---

☐    **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____    Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for *_____

---

***If representing more than one party, counsel must indicate name of each party responding.**

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY A. ARCEO,

11            Petitioner,                    No. CIV S-07-1917 FCD GGH P

12        vs.

13   ROBERT AYERS, et al.,

14            Respondents.               <u>ORDER</u>

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges a

18   disciplinary conviction he received while incarcerated at the California Correctional Institution

19   (CCI) in Tehachapi. CCI is located in Kern County. Kern County is part of the Fresno Division

20   of the United States District Court for the Eastern District of California. <u>See</u> Local Rule 3-

21   120(d).

22            Pursuant to Local Rule 3-120(f), a civil action which has not been commenced in

23   the proper division of a court may, on the court's own motion, be transferred to the proper

24   division of the court. Therefore, this action will be transferred to the Fresno Division of the

25   court. This court will not rule on petitioner's request to proceed in forma pauperis.

26   /////

1

1            Good cause appearing, IT IS HEREBY ORDERED that:

2               1.  This action is transferred to the United States District Court for the Eastern

3  District of California sitting in Fresno; and

4               2.  All future filings shall reference the new Fresno case number assigned and

5  shall be filed at:

6                  United States District Court
                         Eastern District of California
7                  2500 Tulare Street
                         Fresno, CA 93721

8

9  DATED:  10/23/07

                                   /s/ Gregory G. Hollows
10
                                   UNITED STATES MAGISTRATE JUDGE

11  arc1917.tra

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office

501 "I" Street , Suite 4–200

Sacramento, CA 95814

916–930–4000

Fresno Clerk's Office

2500 Tulare Street , Suite 1501

Fresno, CA 93721

559–499–5600

**October 23, 2007**

**Case Number:  1:07–CV–01548–OWW–GSA**

**Case Title:**    **ANTHONY A ARCEO,**        vs.  **ROBERT AYERS,**

Dear Litigant,

   You are hereby notified that the above case number has been assigned to your action.   You are to include it on all correspondence (e.g., letters, filings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.

      All matters in this action shall be sent to the following address until further notice:

**Office of the Clerk**
**United States District Court**
**Eastern District of California**
**2500 Tulare Street , Suite 1501**
**Fresno, CA 93721**

   For timely processing of your filings or correspondence, please comply with our Local Rules of Court, in particular:

   **Local Rule 5–133 (modified)** You are **not** required to send this court an original plus one copy of all documents submitted for filing (e.g., pleadings, motions, correspondence, etc.).   You are **only** required to send this court the original for filing.  **No** extra copies are required.  **However**, if you desire to receive a conformed copy for your records, you must send the original **plus** one (1) copy **and** a pre–addressed postage–paid envelope for us to return your copy to you.

   **Local Rules 30–250, 33–250, 34–250 and 36–250** Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

   **Local Rule 5–135** Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submitted to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service. A sample proof of service is attached.

**Local Rule 7-130 (modified)** Documents submitted to this court may be either typewritten <u>or</u> handwritten but <u>must</u> be legible, and writing shall be on one (1) side of the page <u>only</u>.

**Local Rule 7-132** Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.

**Local Rules 83-182** Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached.

<u>Other Provisions:</u>
   A complete copy of the Local Rules should be available in the prison library.   We do not provide individual copies to litigants.

**Request for Case Status** The court will notify you as soon as any action is taken in your case.  Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive <u>all</u> court decisions which might affect the status of your case.

**Copy Work** The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800-842-2695. The court will provide copies of docket sheets at $0.50 per page.   Note: In Forma Pauperis status does not include the cost of copies.

**Proposed Orders** Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.

   As noted, the requirements set forth in Local Rule 5-135 and 7-130 have been modified in this letter. These modifications apply to civil rights and habeas cases filed in the Fresno Division of the Eastern District of California by prisoners proceeding pro se (without counsel).

                    Victoria C. Minor
                    Clerk of Court
                    United States District Court

          by: _/s/_ H. Kaminski _____

                    Deputy Clerk

Case 1:07-cv-01548-OWW-GSA    Document 6    Filed 10/23/2007    Page 3 of 4

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

_____

v.                                          **Case Number:**

_____

**PROOF OF SERVICE**

_____ /

**I hereby certify that on** _____, **I served a copy**

**of the attached** _____,

**by placing a copy in a postage paid envelope addressed to the person(s) hereinafter**

**listed, by depositing said envelope in the United States Mail at**

_____ :

**(List Name and Address of Each**
**Defendant or Attorney Served)**

**I declare under penalty of perjury that the foregoing is true and correct.**

_____

**(Signature of Person Completing Service)**

Case 1:07-cv-01548-OWW-GSA    Document 6    Filed 10/23/2007    Page 4 of 4

**Name:**_____

**I.D. #:**_____

**Address** _____

_____

_____

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

_____
(Plaintiff/Petitioner)

v.                                              **Case Number:**

_____
(Defendant(s)/Respondent)

                                                **NOTICE OF CHANGE**
                                                **OF ADDRESS**

_____ /

**PLEASE TAKE NOTICE THAT (print name)** _____

hereby submits a notice of change of address in the above − entitled case as follows:

**OLD ADDRESS:** _____

_____

**NEW ADDRESS:** _____

_____

DATED: _____        _____

                                **Signature of Plaintiff/Petitioner**

**YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS**
**FORM IN EACH OF YOUR OPEN CASES**

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE

### TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local
Rule 73−305, the United States Magistrate Judges sitting in Sacramento and Fresno are available
to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive
proceedings in this action, including motions to dismiss, motions for summary judgment, a jury
or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge
is however, permitted only if all parties voluntarily consent. You may, without adverse
substantive consequences, withhold your consent, but this will prevent the court's case
dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United
States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the
same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned
Magistrate Judge will hear all motions except those case dispositive motions set forth in 28
U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate
Judge" is attached hereto for pro per use and attorney information. This form is available in
fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers.
This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's
Office location.

Office of the Clerk                           Office of the Clerk

501 I Street, Room 4−200                      2500 Tulare Street , Suite 1501

Sacramento, CA 95814                          Fresno, CA 93721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**ANTHONY A ARCEO,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **1:07–CV–01548–OWW–GSA**

**ROBERT AYERS,**
Defendant(s)/Respondents(s).

---

**IMPORTANT:**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF**
**A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE**
**SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐    **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____    Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *_____

---

☐    **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____    Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *_____

---

***If representing more than one party, counsel must indicate name of each party responding.**

## UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF CALIFORNIA

### OFFICE OF THE CLERK
**2500 Tulare Street**
**Fresno, CA 93721**

Clerk, Southern District of California
880 Front Street
San Diego, CA 92101

**RE:**     **ANTHONY A ARCEO vs. ROBERT AYERS**
**USDC No.:**    **1:07−CV−01548−OWW−GSA**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
November 02, 2007 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 7.**

    Documents maintained electronically by the district court are accessible through
    PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

                    Very truly yours,

**November 2, 2007**        /s/  **E. Flores**

                    Deputy Clerk

**RECEIVED BY:**

                    Please Print Name

**DATE RECEIVED:**

**NEW CASE**
**NUMBER:**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**FILED**

NOV 0 5 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

ANTHONY A ARCEO,
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. 1:07–CV–01548–OWW–GSA

ROBERT AYERS,
Defendant(s)/Respondents(s).

---

**IMPORTANT**
IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.

---

**CONSENT** TO JURISDICTION OF
UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C Sec 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: 10/29/07          Signature: _Anthony Arceo_

Print Name: _ANTHONY ARCEO_
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *_pro se litigant_

---

☐   **DECLINE** OF JURISDICTION OF
UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____          Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *_____

---

*If representing more than one party, counsel must indicate name of each party responding.*

1  Name: ARLEO ANTHONY

2  CDC No: J17830 Cell No. 15-134

3  Address: RJ Donovan Corr. Facility

4          Po Box 799003   F3B15-134
        San Diego Ca   92179

5

6

7  Plaintiff In Pro Se

8      United States District Court

9      For The Eastern District of California
                        (Name of Court)

10                        1:07-CV-1548 OWW GSA

11  In the matter of:                    )        CASE No.:_____
                                         )
12      Anthony Arleo                    )        NOTICE OF CHANGE
      _____  ,)        OF ADDRESS
13      Petitioner/Plaintiff             )
                                         )
14              vs.                      )
                                         )
15      Robert Ayers                     )
      _____  ,)
16      Respondent/Defendant             )
   _____    )

17      TO: The Honorable Judge of the above entitled Court.

18      NOTICE is hereby given, the above named petitioner/plaintiff,

19  Anthony Arleo , has changed address from that currently on

20  record to the following:        Name: Anthony Arleo

21                                  CDC No. J17830 Cell No. F3B15-134

22                                  Address: RJ Donovan Corr. Facility
                                           Po Box 799003  F3B15-134
23                                         San Diego Ca 92179

24

25      Dated: 10/29/07 .    Respectfully submitted,

26                                  _____
                                         (Signature)
27                                  Anthony Arleo
                                         (Print Name)
28

## VERIFICATION

# STATE OF CALIFORNIA
# COUNTY OF SAN DIEGO

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Anthony Arceo_ DECLARE UNDER THE PENALTY OF PERJURY THAT : I AM THE Declarant/Prisoner IN THE ABOVE ENTITLED ACTION: I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ___29___ DAY OF ___OCT___, AT R.J.D. STATE PRISON, 480 Alta Road, San Diego, CA 92179

(SIGNATURE) _Anthony Arceo_
(DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Anthony Arceo_, AM A RESIDENT OF R.J.D. STATE PRISON, IN THE COUNTY OF S.D. STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM I AM NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: R.J Donovan Corr Facility Po Box 799003 San Diego Ca, 92179

ON _10/29/07_, I SERVED THE FOREGOING:
1) Change of address new filing
2) Consent to proceed with Magistrate judge
(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT Richard J. Donovan Correctional Facility

EX PARTE   USDC EASTERN
2500 Tulare St Ste 1501
Fresno Ca. 1501

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _10/29/07_    _Anthony Arceo_
(DECLARANT/PRISONER)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Anthony A. Arceo

2254 DEFENDANTS

FILING FEE PAID
Yes    No

IFP MOTION FILED
Yes    No

COPIES SENT TO
Court    Pro Se

Ayers, et al

**FILED**
NOV - 5 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED**  San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Anthony A. Arceo
PO Box 799003
San Diego, CA 92179
J-17830

ATTORNEYS (IF KNOWN)

'07 CV 2131 W    BLM

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)**                    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☒ 5 Transferred from another district (specify) EASTERN    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE    Docket Number

DATE    11/5/2007    SIGNATURE OF ATTORNEY OF RECORD