1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  HEATHER BUSHMAN
   Supervising Deputy Attorney General
5  CHARLES CHUNG, State Bar No. 248806
   Deputy Attorney General
6   300 South Spring Street, Suite 1702
   Los Angeles, CA  90013
7   Telephone:  (213) 897-4908
   Fax:  (213) 897-2263
8   Email:  Charles.Chung@doj.ca.gov

9  Attorneys for Respondent Robert J. Hernandez,
   Warden, R. J. Donovan  Correctional Facility

10

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15  **ANTHONY A. ARCEO,**                  CV 07-2131-W (BLM)

16                           Petitioner,   **ANSWER TO PETITION FOR
                                           WRIT OF HABEAS CORPUS;**
17         **v.**                          **MEMORANDUM OF POINTS
                                           AND AUTHORITIES IN**
18  **ROBERT AYERS, Warden,**              **SUPPORT OF ANSWER**

19                          Respondent.    Courtroom:    5
                                           Judge:        The Honorable
20                                                        Barbara L. Major

21

22          Respondent Robert J. Hernandez, Warden of the R. J. Donovan

23  Correctional Facility,[1/] submits this Answer to the Petition for Writ of Habeas

24  Corpus filed by Petitioner Anthony Arceo.  Respondent denies all allegations set

25  forth in the Petition and makes the following assertions:

26  _____

27         1.  The Petition names Robert Ayers as the Respondent; however, the proper
28  Respondent is Robert J. Hernandez, the warden of the facility in which Arceo is
    incarcerated.

                                    1

1.   Arceo is properly in the custody of the California Department of Corrections and Rehabilitation (Department) serving a sentence of thirty-one years for one count of kidapping with intent to commit rape, one count of forcible oral copulation, and two counts of rape by foreign object.  (Lodg. 1.)  Arceo does not challenge the validity of his convictions or of his imposed sentence.  Rather, Arceo challenges the Department's revocation of certain good-time credits after he was convicted of serious disciplinary violations.

2.   Respondent denies Arceo exhausted his state court remedies and asserts Arceo procedurally defaulted on his claims.  Arceo filed a habeas corpus petition in the Kern County Superior Court on December 1, 2006.  (Lodg. 2.)  The superior court denied relief for untimeliness and failure to exhaust administrative remedies.  (Lodg. 3, pp. 25-26.)  The superior court rejected Arceo's proposed justification for the delay in presenting his claims.  (Lodg. 3, p. 26.)  Arceo sought relief from the Fifth Appellate District of California, but the court denied his petition without comment or citation.  (Lodgs. 4-5.)  On April 9, 2007, Arceo filed a petition for review in the California Supreme Court, but the petition was returned as unfiled because the time for seeking review had lapsed.  (Lodg. 6.)

3.   Respondent denies the Petition was timely filed within the one-year limitations period of 28 U.S.C. § 2244.  Arceo claims he was improperly assessed with 120-day credit losses in 1997.  Arceo did not pursue judicial relief on those credit losses until 2006, long after the one-year limitations period had lapsed.  Thus, the Petition is untimely and is barred by the applicable statute of limitations.

4.   Respondent denies Arceo has demonstrated his claims warrant federal review or any relief under the Antiterrorism and Effective Death Penalty Act.  Arceo has neither alleged nor established that the state court adjudications were contrary to, or unreasonable applications of, clearly established federal law.

5.   Respondent submits that Arceo's claims raise only questions of law.  Neither discovery nor an evidentiary hearing would be appropriate in this matter.

2

1         6.   Except as expressly admitted herein, Respondent denies each

2    allegation of the Petition.  Specifically, Respondent denies that Arceo's

3    constitutional rights have been violated in any way.  Respondent further denies that

4    Arceo is entitled to the relief sought or to any other relief.  The Answer is based

5    upon the attached Memorandum of Points and Authorities, the lodgments attached

6    to the Notice of Lodgment filed herewith, and the records and files in this case, all

7    of which are incorporated herein by reference.

8         Respondent requests that the Petition be denied and this matter be

9    dismissed.

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

2

3

4

5

6

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

### I.

**ARCEO IS BARRED FROM FEDERAL REVIEW HERE BECAUSE HE PROCEDURALLY DEFAULTED IN STATE COURT WHICH IS AN INDEPENDENT AND ADEQUATE STATE GROUND FOR DENYING RELIEF.**

7   "The independent and adequate state ground doctrine prohibits the federal

8   courts from addressing the habeas corpus claims of state prisoners when a state-law

9   default prevented the state court from reaching the merits of the federal claims."

10  *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991); *see also Kibler v. Walters*,

11  220 F.3d 1151, 1153 (9th Cir. 2000).  Here, Arceo procedurally defaulted in three

12  ways: (1) failing to litigate his claims in a timely manner; (2) failing to exhaust

13  administrative remedies before seeking judicial relief; and (3) failing to present a

14  timely petition for review to the California Supreme Court.

15      California state law bars habeas corpus claims that are raised with

16  unjustified delay.  *In re Sanders*, 21 Cal.4th 697, 703 (Cal. 1999); *In re Clark*, 5

17  Cal.4th 750, 759 (Cal. 1993).  An inmate may justify delay by alleging "with

18  specificity, facts showing when information offered in support of the claim was

19  obtained, and that the information was neither known, nor reasonably should have

20  been known, at any earlier time . . . ."  *In re Gallego*, 18 Cal.4th 825, 833 (Cal.

21  1998).  Arceo failed to satisfy this burden in state court.  Arceo argued that a 2004

22  California appellate court decision gave rise to his habeas corpus claims and that

23  he sought relief as soon as he became aware of that decision.  (Lodg. 2.)  The

24  superior court rejected this justification, noting that the cited decision did not

25  establish any new law and that Arceo could have discovered the predicate for his

26  claim well before that decision was rendered.  (Lodg. 3.)

27      California law also requires exhaustion of administrative remedies prior to

28  seeking habeas corpus relief.  *In re Dexter*, 25 Cal.3d 921, 925 (Cal. 1979) ("As a

4

1   general rule, a litigant will not be afforded judicial relief unless he has exhausted

2   available administrative remedies.").  The Kern County Superior Court ruled that

3   Arceo had failed to exhaust administrative remedies and dismissed his claims on

4   this ground.  (Lodg. 3.)

5        Finally, a litigant must file a petition in the California Supreme Court for

6   review of an appellate court decision no later than ten days after the appellate court

7   decision is final.  (Cal. R. Court 8.500(e).)  Here, the clerk of the California

8   Supreme Court returned Arceo's petition for review as unfiled because it was

9   untimely filed.  (Lodg. 6.)  As such, Arceo's petition for review was not properly

10  presented before the Supreme Court due to his failure to comply with a state

11  procedural rule.

12       Federal review is inappropriate where the state court's decision rests on a

13  state procedural ground that is independent of the federal question raised by the

14  habeas corpus claims.  *See Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct.

15  2546, 2553 (1991).  Where, as here, a state court denies relief on procedural

16  grounds without addressing the merits, "the state judgment rests on independent

17  and adequate state procedural grounds."  *Id*. at 729-30, 111 S.Ct. at 2554; see

18  *Tacho v. Martinez*, 862 F.2d 1376, 1378 (9th Cir. 1988).  A federal court does not

19  consider whether the state court properly applied its procedural rules–"[th]is court

20  accepts a state court ruling on questions of state law."  *High v. Ignacio*, 408 F.3d

21  585, 590 (9th Cir. 2005).

22       Here, Arceo had procedurally defaulted and the challenged state court

23  decisions did not address the merits of his claims.  As such, this Court is foreclosed

24  from addressing the merits of Arceo's claims.  *Tacho*, 862 F.2d at 1379 ("Based

25  upon precedent, we think it readily apparent that because none of the state courts

26  addressed the merits of petitioner's claim of ineffective assistance of counsel for

27  failure to call alibi witnesses, the federal courts are likewise foreclosed from

28  addressing the merits of petitioner's constitutional claim.").

1    Arceo's procedural defaults forfeited his right to federal review absent a

2    demonstration of cause and actual prejudice. *Thomas*, 945 F.2d at 1123.

3    Alternatively, Arceo may show that the procedural rule "is not firmly established

4    and consistently applied." *Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir. 1996).

5    Arceo's misinterpretation of California state law is no basis upon which this Court

6    might excuse his state procedural defaults or otherwise grant federal review. For

7    these reasons, Arceo's claims are barred here.

8                                                **II.**

9          **THE PETITION IS UNTIMELY AND MUST BE**
          **DISMISSED.**

10

11    The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a

12    one-year limitations period within which a state prisoner may seek habeas corpus

13    relief. 28 U.S.C. § 2244(d)(1). This statute of limitations governs all habeas

14    corpus applications filed after April 24, 1996. *Shelby v. Bartlett*, 391 F.3d 1061,

15    1065 (9th Cir. 2004). AEDPA bars any untimely petition from federal review,

16    even if the delay caused no prejudice. *Ferguson v. Palmateer*, 321 F.3d 820, 822

17    (9th Cir. 2003).

18          **a.    The Statute Of Limitations Began To Run When Arceo**
                 **Received A Disciplinary Penalty Assessing A Credit Loss**.

19

20    AEDPA's statute of limitations runs from the latest of four triggering

21    events. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). The event triggering the limitations

22    period here is: "the date on which the factual predicate of the claim or claims

23    presented could have been discovered through the exercise of due diligence."

24    § 2244(d)(1)(D).

25    Arceo asserts that he was punished with a 120-day credit loss for the

26    manufacture or possession of alcohol in a prison facility, and that the maximum

27    penalty for such a violation is a credit loss of thirty-days. Arceo submitted prison

28    rules violation reports showing these credit losses. (Exs. J2, J4 of Petn.; *see* Lodg.

1   7.)  The disciplinary penalties were imposed on December 2, 1997 and July 16,

2   1996.  (Exs. J3-J4 of Petn., Lodg. 7.)  Arceo learned at the respective disciplinary

3   hearing that he was assessed a 120-day credit penalty.  Thus, the limitations period

4   began when the Department imposed credit losses on December 2, 1997 and July

5   16, 1996.

6              **b.       The Limitations Period Lapsed Before Arceo Sought**
              **Habeas Corpus Relief On His Claims.**
7

8              AEDPA tolls the limitations period only when ". . . a properly filed

9   application for State post-conviction or other collateral review with respect to the

10  pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  However, if

11  the limitations period lapses before the claim is presented to the state courts, the

12  tolling provision does not restart or revive the limitations period.  *Laws v.*

13  *Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003); *see also Ferguson v. Palmateer*, 321

14  F.3d 820, 823 (9th Cir. 2003) ("Like the Eleventh Circuit, we hold that section

15  2244(d) does not permit the reinitiation of the limitations period that has ended

16  before the state petition was filed.")

17             Arceo first filed a state court petition on August 18, 2006, well after the

18  limitations periods had lapsed.  (Ex. E of Petn.)  By failing to seek judicial relief

19  before expiration of the statute of limitations, Arceo relinquished his right to

20  federal review and the state courts became his sole avenue for relief.  *See*

21  *Ferguson*, 321 F.3d at 823.  Arceo's baseless and erroneous interpretation of

22  California law is no justification for any equitable tolling or for re-starting the

23  limitations period.  *See Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct.

24  1571, 1582 (2005) ("But we have never accepted pro se representation alone or

25  procedural ignorance as an excuse for prolonged inattention when a statute's clear

26  policy calls for promptness, and on this record we think Johnson fell far short of

27  reasonable diligence in challenging the state conviction.").  Therefore, AEDPA

28  bars any relief here.

# III.

## EVEN ASSUMING FEDERAL REVIEW IS APPROPRIATE HERE, THE PETITION FAILS TO STATE ANY GROUND FOR HABEAS CORPUS RELIEF.

If this Court deems federal review appropriate here, the Petition must nevertheless be denied because Arceo's claims have no basis. Arceo argues that his 120-day credit penalties for the manufacture or possession of alcohol in a state prison exceeded the maximum of thirty-days permissible under California state law. However, under California law, a prison may impose up to a 120-day credit forfeiture for "[t]he fermentation or distillation of materials in a manner consistent with the production of alcohol or the physical possession of alcohol in an institution/facility or contract health facility." Cal. Code Regs. tit. 15, § 3323(e)(11).

In the Petition, Arceo argues that a thirty-day credit forfeiture is the maximum penalty for a disciplinary violation that could not be prosecuted as a misdemeanor or felony. Arceo asserts that his 120-day credit forfeitures exceeded the maximum thirty-day penalty because his disciplinary violations could not be prosecuted as a misdemeanor or felony. *See* Cal. Penal Code § 2932(a)(4); see also *In re Dikes*, 121 Cal.App.4th 825, 833-34 (Cal. Ct. App. 2004). There is no basis for this claim.

The California Penal Code prohibits, as a felony, the unauthorized possession of any alcoholic beverage in a state prison. Cal. Penal Code § 4573.5. Any disciplinary violation that could be prosecuted as a felony maybe punished with a credit forfeiture of up to 180 days. Cal. Penal Code § 2932(a)(2). Here, either of Arceo's disciplinary violations could have been prosecuted as a felony. As such, the 120-day credit forfeitures were permissible under state law. *See id*; *see also* Cal. Code Regs. tit. 15, § 3323(e).

///

///

1

## CONCLUSION

2          The Petition must be denied because Arceo presents no claims appropriate

3   for federal review.  Arceo had procedurally defaulted on his claims in state court,

4   and the state courts denied relief on state law grounds that were independent of the

5   federal issue and adequate to support the judgment.  Additionally, the Petition was

6   untimely filed after AEDPA's one-year limitations period had expired.  As such,

7   Arceo's claims are barred from federal review and the Petition must be denied.

8

9          Dated:  February 19, 2008

10                              Respectfully submitted,

11                              EDMUND G. BROWN JR.
                                Attorney General of the State of California

12                              DANE R. GILLETTE
                                Chief Assistant Attorney General

13                              JULIE L. GARLAND
                                Senior Assistant Attorney General

14

15                              HEATHER BUSHMAN
                                Supervising Deputy Attorney General

16                              /s/ Charles Chung

17

18                              CHARLES CHUNG
                                Deputy Attorney General

19                              Attorneys for Respondent

20

21   60277631.wpd
     SD2008600009

22

23

24

25

26

27

28