# Lodgment 1

DOB: [illegible]

ECI-45
517830

ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

☒ SUPERIOR
☐ MUNICIPAL    COURT OF CALIFORNIA, COUNTY OF ___ SAN JOAQUIN ___
☐ JUSTICE

BRANCH OR JUDICIAL DISTRICT: _____

COURT (I.D.) 39100

Filed _Antoinette_ Deputy

Filed
JEANNE MILLSAPS
JUN 13 1997    CLERK

By _____    DEPUTY

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: ARCEO, Anthony Angelo
AKA: _____

☒ PRESENT
☐ NOT PRESENT

SC055592A

☐ COMMITMENT TO STATE PRISON
☐ ABSTRACT OF JUDGMENT    ☐ AMENDED ABSTRACT ☒

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 11/18/96 | 4 | NELS B FRANSEN | MARY ANN NAYER |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| RHONDA FIDELDY | ALAN ROBISON | MICHAEL BABITZKE | G B FERNANDES |

DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):    SENTENCE RELATION

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTED BY | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ANY TRIAL | PLEA | TRIAL BY JUDGE | | | | | YEARS | MONTHS |
| 1 | PC | 207(A)/208(D) | Kidnap w/intent to Commit rape | 93 | 1 | 6 | 94 | X | M | | | | | | 8 | |
| 2 | PC | 288(C) | Forcible Oral Cop | 93 | 1 | 6 | 94 | X | M | | | | | | | 6 |
| 3 | PC | 289(A) | Rape By Foreign Obj | 93 | 1 | 6 | 94 | X | M | | | | | | | 6 |
| 4 | PC | 289(A) | | 93 | 1 | 6 | 94 | X | M | | | | | | | 6 |

ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each an "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter time total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) AND OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true, if 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each an "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667.5(A) | S | 667.5(B) | S | 667.8(A) | 3 | 667.6(A) | 5 | 667.5(A) | S | 8 |
| 667.5(A) | S | 667.6(A) | S | 667.6(A) | | 667.6(A) | 5 | 667.6(A) | S | 5 |

DEFENDANT TO REGISTER AS PER PC 290.

INCOMPLETED SENTENCE(S) CONSECUTIVE:    CREDIT FOR TIME SERVED

| COUNTY | CASE NUMBER | |
|---|---|---|

5. OTHER ORDERS CDC TO TEST DEFT FOR (AIDS) PER 1202.1PC
SENTENCE IMPOSED PURSUANT TO PC 667.6(C).
CDC to calculate any good time/work time CTS for CDC from 4/16/96 to 11/18/96 (Date or Resentencing).

TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements).

TOTAL TERM IMPOSED:    31

EXECUTION OF SENTENCE IMPOSED:

A. ☒ AT INITIAL SENTENCING HEARING
B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. ☐ AFTER REVOCATION OF PROBATION
D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. ☐ OTHER _____

| DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 11/18/96 | CREDIT FOR TIME SPENT IN CUSTODY 1514 | TOTAL DAYS | INCLUDING: | ACTUAL LOCAL TIME 378 | LOCAL CONDUCT CREDITS 188 | STATE INSTITUTIONS | ☐ DMH | ☒ CDC 948 |
|---|---|---|---|---|---|---|---|---|

DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.
☐ SAN QUENTIN
☒ OTHER (SPECIFY): CALIFORNIA CORRECTIONAL INSTITUTE, TEHACHAPI

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

SIGNATURE _____    DATE JUN 13 1997

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California April 1, 1992

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

THIS IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE.
CAUTION: SEAL MUST BE IN PURPLE.
ATTEST JUN 13 1997
JEANNE MILLSAPS
Clerk of the Superior Court in and for the County of San Joaquin, State of California
By _____ Deputy

DISTRIBUTION:

493    Pen.C. 1213.5

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
ATTACHMENT PAGE

FORM DSL 29

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___SAN JOAQUIN___
BRANCH ___SUPERIOR___

COURT I.D. 3B100

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT:    ANTHONY ANGELO ARCEO
AKA:

☒ PRESENT
☐ NOT PRESENT

CASE NUMBER (S)
SCO55592A

☐ COMMITMENT TO STATE PRISON
☐ ABSTRACT OF JUDGMENT

☐ AMENDED
   ABSTRACT

DATE OF HEARING
(MO) (DAY) (YR)
11 18 96

DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS)

THIS IS ATTACHMENT PAGE NO. ___1___

| COUNT | CODE | SECTION NUMBER | CRIME | | DATE OF CONVICTION | | | CONVICTED BY | | | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED |
|  |  |  |  |  | MO | DAY | YEAR |  |  |  |  |  |  |  |  |  |  | YEARS | MONT |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |

ENHANCEMENTS charged and found true, TIED TO SPECIFIC COUNTS (mainly in the 12022 series) for counts listed on this page.

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |

RECEIVED

ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
| 667.5(B) | S | 667.5(B) | S | 667.6(A) | S | 667.6(A) | S |  |  |  |
| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|  |  |  |  |  |  |  |  |  |  |  |

TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE:

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
ATTACHMENT FORM DSL 290-A

Adopted by the
Judicial Council of California
Rev April 1, 1990

Pen.C. 1213.5

PINK COPY – COURT FILE          YELLOW COPY – DEPARTMENT OF CORRECTIONS          WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

# Lodgment 2

Name   ANTHONY ARCEO

Address   CSP/LAC C - 1/236

   PO BOX 8457

   LANCASTER, CA. 93536

CDC or ID Number   J-17830

MC-275

**FILED**
KERN COUNTY

DEC 0 1 2006

TERRY McNALLY, CLERK
BY_____ DEPUTY

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF KERN, MOJAVE BRANCH

*(Court)*

---

ANTHONY ARCEO

Petitioner

vs.

WARDEN; WONG, A.

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. _HC 9651A_

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS    WEST GROUP
Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

0005

**This petition concerns:**

☐ A conviction                    ☐ Parole

☐ A sentence                      ☒ Credits

☐ Jail or prison conditions       ☒ Prison discipline

☐ Other *(specify):*_____

1. Your name:  **ANTHONY ARCEO**

2. Where are you incarcerated?  **LANCASTER STATE PRISON**

3. Why are you in custody?  ☒ Criminal Conviction    ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   **PC 207**

   b. Penal or other code sections:  **PC 667.5**

   c. Name and location of sentencing or committing court:  **SAN JOAQUIN COUNTY**

   d. Case number:  **# SC055592A**

   e. Date convicted or committed:  **APRIL 4, 1994**

   f. Date sentenced:  **MAY 5, 1994**

   g. Length of sentence:  **31 YEARS**

   h. When do you expect to be released?  **11/30/2010**

   i. Were you represented by counsel in the trial court?  ☒ Yes.    ☐ No.  If yes, state the attorney's name and address:

   **DAVID ADAMS, PUBLIC DEFENDERS OFFICE**

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other:_____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

**6. GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER IS ENTITLED TO MANDATORY 30 DAY CREDIT LOSS PER PENAL

CODE § 2932, in re DIKES 18 CAL RPTR 9 (CAL APP 1 DIST 2004) AND

RESTORATION OF THOSE DAYS PER PENAL CODE §§ 2931 AND/OR 2933. THUS

VIOLATING DUE PROCESS AND STATE / FEDERAL CONSTITUTIONS.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*: *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Petitioner was sentenced to prison following provisions of penal

Code Section § 1170 and subject to good time work credits. Subject to

provisions of law, petitioner has been "found in violation of prison

regulations". Penal Code §§ 1170 and 2931 et. seq. The term of

confinement is adjusted by mandates enumerated in PC § 2932, which

states no more than thirty days can be taken. see in re Dikes 18 cal

rptr 3d 9 (cal app 1 dist 2004) Therefore, it is uncontrovertible that

petitioner is in violation of Directors' Rule § 3016 and confined in

custody of the Department of Corrections longer. As a result of excess

amount of time taken and refusal to restore credits. CDC violates

enactment of Penal Code Sections, et seq. as a prisoner confined in the

custody of the Department of Corrections pursuant to P.C. § 1170.

Petitioner has entitlement rights to time credits provisions of Penal

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SUPPORTING FACTS AND POINTS AND AUTHORITIES ARE

INCORPORATED TOGETHER.

7. Ground 2 or Ground ___2___ (if applicable):

THE COURT HAS A DUTY AND OBLIGATION TO REMEDY ANY BAR OF
TIME CREDIT PROVISIONS OF PENAL CODE §§ 2931, 2932 AND 2933
AS APPLIED TO CAREER CRIMINALS. THEREBY VIOLATING DUE PROCESS
AND STATE / FEDERAL CONSTITUTIONS.

a. Supporting facts:

California courts have previously not allowed statutory exclusions
to bar equal protection principles as to discriminatory application of
good and/or work time credits to prisoners. People v Tobia (1979) 98
cal app 3d 157, is pre sage case (People v Sace (1980) 26 C3d 498) in
which the court held that while Penal Code Section 4019 "...on its face
...does not apply to presentence custody of persons convicted of a felony
and sentence to state prison..." constitution equal protection of law
principles require that defendant be given credit for good/work time.
If any, pursuant to Penal Code Section § 4019. People v Tobia,
supra, at 272; People v Black (1979) 93 Cal App3d 846); People v Sanders
(1979) 98 Cal App 3d 273; People v Castro (1979) 99 Cal App 3d 191. Loss
of equal protection as treating inmates differently based on their
criminal or disciplinary history is error. Conlogue v Shenbaum 949 F2d
378, 380 (11 cir 1991).

b. Supporting cases, rules, or other authority:

SUPPORTING FACTS AND POINTS AND AUTHORITIES ARE
INCORPORATED TOGETHER.

MC-275 [Rev. January 1, 1999]    **PETITION FOR WRIT OF HABEAS CORPUS**    WEST GROUP Official Publisher    Page four of six

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No.    If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): **COURT OF APPEALS, 3D DISTRICT**

b. Result: **AFFIRMED**          c. Date of decision: **MARCH 20, 1999**

d. Case number or citation of opinion, if known: **DIRECT-C018338 / HABEAS- C028423**

e. Issues raised: (1) **COMPETENCY**

(2) **SENTENCE**

(3) _____

f. Were you represented by counsel on appeal? ☒ Yes. ☐ No.  If yes, state the attorney's name and address, if known:

**DAVID MORSE, APPELLATE PROGRAM**

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No.  If yes, give the following information:

a. Result: **AFFIRMED**          b. Date of decision: **MAY 23, 1996**

c. Case number or citation of opinion, if known: **DIRECT- S068291 / HABEAS-S075021**

d. Issues raised: (1) **COMPETENCY**

(2) **SENTENCE**

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: **THIS CONCERNS AMOUNT OF TIME LOST/ TAKEN AND ABILITY TO GET IT BACK IN PRISON**

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

**N/A**

b. Did you seek the highest level of administrative review available? ☐ Yes. ☒ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☒☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court:  CALIFORNIA COURT OF APPEALS (9TH CIR)

(2) Nature of proceeding (for example, "habeas corpus petition"):  HABEAS CORPUS

(3) Issues raised: (a)  ATTACKED INFRONT OF JURY

(b) _____

(4) Result (Attach order or explain why unavailable):  AFFIRMED CA# 02-25925

(5) Date of decision:  DECEMBER 4, 2003

b. (1) Name of court:  UNITED STATES SUPREME COURT

(2) Nature of proceeding:  HABEAS CORPUS

(3) Issues raised: (a)  DOES ATTACK INFRONT OF THE JURY VIOLATE   US V. BRASWELL

(b) _____

(4) Result (Attach order or explain why unavailable):  AFFIRMED     # 05-8112

(5) Date of decision:  FEBRUARY 21, 2006

c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
ONLY TIME ACKNOWLEDGED ATTACK, BURDEN NEVER SHIFTED. ALSO PETITIONER
RAISED IT WHICH THE COURT FOUND TRUE AND DIDN'T AT ALL CHANGE
DEFERENCE.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
NO DELAY ONCE ISSUE WAS FOUND WHERE CDC HAD TAKEN TO MUCH CREDITS
WHICH WERE NOT ENUMERATED IN PC § 2932 BY IN RE DIKES 18 CAL RPTR 3D
9 (CAL APP 1 DIST 2004)

16. Are you presently represented by counsel?  ☐ Yes.  ☒☒☒ No.  If yes, state the attorney's name and address, if known:

N/A

17. Do you have any petition, appeal, or other matter pending in any court?  ☒☒☒ Yes.  ☐ No.  If yes, explain:

PROSTHETIC ISSUES/ CDC AGREEMENT CENTRAL DISTRICT USDC

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: NOV 15, 2006          ▶ _(Anthony Arceo)_
                              (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]          **PETITION FOR WRIT OF HABEAS CORPUS**          WEST GROUP Official Publisher          Page six of six

0010

ANTHONY ARCEO, J-17830
CSP/LAC  C-1/236
PO BOX 8457
LANCASTER, CA.  93536
    in pro per

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF KERN, MOJAVE BRANCH

| | |
|---|---|
| ANTHONY ARCEO, petitioner, | / |
| VS | / CASE _____ |
| WARDEN: WONG, A. | / WRIT OF HABEAS CORPUS |
| | / |

TO THE HONORABLE JUDGE IN THE ABOVE ENTITLED COURT AND,

Comes now Anthony Arceo, petitioner in whose behalf the writ is applied for, who is confined from liberty at Lancaster California in the custody of Warden Wong, A. as a result of judgement of the Superior Court of San Joaquin County on or about the 4th day of April 1994 in case # SC055592A sentencing petitioner to a term of imprisonment in state prison.

Petitioner's confinement and restraint of liberty is illegal as set forth in and supported by the attached statement of facts, the declaration of petitioner, the points and authorities, all records, files, transcripts of the case and any other evidence presented whether oral or documentary.

CONTINUED FROM PAGE 3 OF 6

7.

SUPPORTING FACTS GROUND 1
CONTINUED

Code Sections 2931 and/or 2933. These legislative adopted statutes

provide for reduction in the term of imprisonment of persons

sentenced to prison under provisions of Penal Code Section 1170 and

who engage in specific forms of conduct while in the custody of the

Department of Corrections.

"(b) Total possible good behavior and participation credits

shall result in a four monthreduction for each eight months

served in  prison or in a reduction based on this ratio for any

lesser period of time. Three months of this four month reduct-

ion. Or a reduction based on this ratio for any lesser period,

shall be based upon forbearance from any act for which the

prisoner could be prosecuted in a court of law, either as a

misdemeanor or a felony, or any act of misconduct described as

a serious disciplinary infraction by the Department of Cor-

rections.

(c) One month of this four month reduction, or a reduction

based on this ratio for a lesser period, shall be based solely

upon participation in work, education, vocational, therapeutic

or other prison activities. Failure to succeed after demon-

strating a reasonable effort in the specified activity shall

not result in loss of participation credit. Failure to partici-

pate in the specified activities can result in a maximum loss

of credit of 30 days for each failure to participate. However,

those confined for other than behavior problems shall be given

specified activities commensurate with the custodial status.

8.

0012

(d) This action shall not apply to any person whose crime was committed on or after January 1, 1983." (Emphasis added) Penal Code Section 2931.

"(a) It is the intent of the legislature that persons convicted of crime and sentenced to state prison, under Section 1170, serve the entire sentence imposed by the court except for a reduction in the time served in the custody of the Director of Corrections. Worktime credits shall apply for performance in work assignments and performance in elementary, high school, or vocational programs...For every six months of full time performance in credit qualifying program. as designated by the director, a prisoner shall be awarded credits from his term of confinement of six months...Every prisoner who refuses to accept a full time credit qualifying assignmentor who is denied the opportunity to earn worktime credits pursuant tosubdivision (a) of 2932 shall be awarded no worktime credit reduction...Except as provided in subdivision (a) of Section 2932, every prisoner willing to participate in a full time credit qualifying assign-ment but who is either not assigned to a full time assignment or is assigned to a program of less than full time, shall receive no less credit than is provided under Section 2931."

Further, Penal Code Section 2933(b) provides:

"...Except as provided in subdivision (a) of 2932, every prisoner shall   have a reasonable opportunity to participate in a full time credit qualifying assignment in a manner consistan with institutional security and available resources." (Emphasis

9.

1. Added)

2. Therefore, subject to exclusions enumerated by Penal Code
3. Section 2932, (under the influence, possession of, or manufactured
4. alcohol offenses pur DR § 3016, et al, are absent) All persons
5. sentenced to state prison under provisions of Penal Code Section 1170
6. have entitlement rights to the time credit earnings provided by Penal
7. Code Sections 2931 and/or 2933 and the subsequent reduction in their
8. prison term. Petitioner is no exception. Good time credits can only
9. be restored by state courts through state procedures or by federal
10. courts via writ of habeas corpus after exhaustion of state judicial
11. remedies. Prieser v Rodriguez 411 US 475, 93 Sct 1827(1973). A timely
12. appeal has been filed. The loss of good time credits creates a
13. liberty interest Hewitt v Helms 459 US 466-70. In the case at bar 1)
14. taking credits for rule violations  in excess of state mandate PC §
15. 2932. 2) Being it was a 120 days it cannot be restored versus the
16. rule a 30 day infraction can be restored in full. 3) Under the
17. influence of, possession of, or manufactured alcohol offenses DR §
18. 3016, is not enumerated in Penal Code § 2932 nor is it custom or
19. habit to prosecute these cases. Thus the 120 days taken were in
20. excess of the 30 days allowed by law. Under Penal Code Sections 2931
21. and/or 2933 respondent is in violation of the legislative purpose
22. and intent of Penal Code Section 1170 et.seq. and other provisions
23. of state law including, but not limited to Penal Code Sections 2931,
24. 2932, 2933, 3000 et. seq., in re Dikes 18 cal rptr 3d 9 (cal app 1
25. dist 2004). While the statutory authority is dispositive of the
26. issues in favor of petitioner, it has long established policy of this
27. state to construe a penal statute as favorably to the defendant as
28. its language and the circumstances of its application may permit;

10.

1  just as in the case of a question of fact, the defendant is

2  entitled to the benefit of every reasonable doubt as to the true

3  interpretation of words or the construction of language used in a

4  statute. <u>Wash v Department of Alcoholic Bev. Control</u> (1963) 59 C2d

5  757, 764-765, 382 P2d 337; <u>Keeler v Superior Court</u> (1970) 2 C3d 619,

6  631, 470 P2d 617.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.

1   GROUND 2     THE SPECIFIC AND GENERAL TREATMENT OF

2                CAREER CRIMINALS ESTABLISHES A SUSPECT

3                CLASSIFICATION VIOLATING EQUAL PROTECTION

4                AND DUE PROCESS OF LAW. STATE/FEDERAL CONSTITUTIONS.

5

6        Petitioner is handicaped, with priors and poor. Where judicial

7   review is possible for the persistent who have the knowledge,

8   financial ability, and wherewithal to exhaust administrative

9   remedies. in re Muszaiski (1975) 52 Cal App3d 500, such review

10  would be meaningless after months and years of further incarceration

11  disabilities. Petitioner is required to work while incarcerated as

12  are all other prisoners within the Department of Crrections as the

13  result of department rules an regulations. Classification Manual,

14  Article 1, section 104; Title 15, California Admin. Code, Section

15  3040, et seq. Petitioner is denied restoration of credits (clean time

16  and the mandatory 30 day rule violation. Petitioners counterparts

17  that perform the same work function recieve reduction for the

18  prison time of two days for each day of work performed. Penal Code

19  Section 2931 and 2933. Petitioner must literally serve four times

20  the time in prison as other sentenced prisoners. There is no compel-

21  ling interest whichjustifies the suspect classification imposed upon

22  petitioner, ie. depriving petitioner benefits of Penal Code Sections

23  2931 and/or 2933 and requiring serving four times the length of

24  incarceration as other similarily situated prisoners by not adher-

25  ring to PC § 2932, cf in re Dikes 18 cal rptr 9 (Cal App 1 dist 2004)

26       It would seem obvious that the public interesr would be best

27  served by lawfull, reasonable and equal treatment of prisoners.

28  Further, that the disparate treatment petitioner faces runs contrary

12.

1  to the goals of Penal Code Section 3000 et seq. in that nothing good

2  could ever be expected to come from such blatantly arbitrary,

3  capricious, and unequal treatment as that suffered by petitioner,

4  ie. excess punishment not allowed by law. It also can be demonstrate

5  that current disparate treatment of petitioner as member of such a

6  suspect classification of state prisoners will encourage greater

7  respect for law and authority, will reinforce positive personal

8  attitudes and values, and will assist the "successful reintegation

9  of the offender into society and to positive citizenship"? Penal Code

10  Section 3000, Hardly.

11      Petitioner is a state prisoner  having been sentenced pursuant

12  to Penal Code Section 1170. Petitioner is in prison as a career

13  criminal as many others for their recognition of conduct, be it good

14  or bad, petitioner is no exception.

15

16                        CONCLUSION

17

18      Petitioner is confined in state prison. Its the State and CDC

19  responsibility to enforce the law and not apply it arbitrarily or

20  otherwise unjustly. Petitioner is currently denied credit loss of

21  only 30 days, the restoration of those credits and alignment/

22  adjustment of current outdate. This is afforded to other prisoners,

23  reduce the length of imprisonment based upon statutory entitlement,

24  legislative intent, evolving judicial standard, and/or state and

25  federal constitutional principles underlying the equal protection and

26  due process of law. Petitioner has a legal right to have this

27  disparity corrected. The petition should issue.

28

                          13.

As follows:

    1.  Declare petitioners rights.

    2.  Order respondent to adjust petitioners release date in accordance with provisions of Penal Code Sections 2931, 2932, and 2933.

    3.  Appoint legal Counsel to assist in the litigation of the issues presented in this petition.

    4.  Order such other and further relief as is just and proper.

Date ___NOV 15_____ 2006.

                ANTHONY ARCEO J-17830
                     in pro per

## VERIFICATION

    I'm the petitioner in the above cause of action, I have read the statements contained herein, and declare under penalty of perjury that upon information and belief these statements are true and correct.

Executed on ___NOV 15_____ 2006, at Lancaster, Ca. pursuant to California Code of Civil Procedure §§ 446 and 2015.5.

                ANTHONY ARCEO J-17830
                     in pro per

14.

DECLARATION OF ANTHONY ARCEO,

I Anthony Arceo, hereby declare;

1.　　That I'm the petitioner in the above cause of action;

2.　　That I'm incarcerated within the Department of Corrections at Lancaster State Prison as a result of action from San Joaquin County in case number SC055592A;

3.　　That I'm not a disciplinary problem in a mannor which would deprive me of time credits pursuant to Penal Code §§ 2931, 2932, and 2933;

4.　　That I have worked as a member of the prison work force since assigned to a prison job in 1996;

5.　　That I have not refused of failed to work as assigned;

6.　　That I have sought retoration of credits after clean time as (Penal Code §§ 2931, 2933) allows. I was told I've received all time the law allows, and that because its 121 day credit loss I was unable to receive any restoration on these;

7.　　That I'm entitled to have my term of imprisonment reduced by application of time credits as required by Penal Code §§ 2931, 2933, see CDC Appeal # _____ attached exhibit_____ .

8.　　That other prisoners similarly situated do recieve a reduction of their terms of imprisonment pursuant to Penal Code Section §§ 2931 and 2933. While others do not;

9.　　That there is no rational basis for not compelling state interest being served by depriving me of time credits pursuant to Penal Code Section §§ 2931, 2932, and 2933;

10.　　That the disparate treatment I'm subject to is discriminatory and results in my serving four (4) times a greater proportion

15.

0019

of time;

11. That without intervention of this court petitioner will be required to serve a term of imprisonment disproportionate to others similarly situated;

12. That Penal Code Sections §§ 2931, 2933 allow restoration of credits not enumerated in Penal Code § 2932. see in re Dikes 18 Cal Rptr 3d 9 (cal app 1 dist 2004) manufacturing or in possession of pruno offenses are not enumerated which require only a thirty (30) day loss and as such are recoverable in full;

13. That your petitioner attached all documents per. P.C. §§ 2931, 2932, and 2933. Directors Rule § 3016, Petitioners classification score sheets. Directors Rule §§ 3327 (retoration/forfeited credits), D.R. § 3328 (disciplinary free periods);
   SEE EXHIBIT_____.

14. That petitioner is untrained in law.

15. That petitioner was denied his appeal due to too great amount of time lapse between finding of guilt and appeal. New books were given to "C" yard and upon review of current books found new interpretations in applying offenses not enumerated in P.C. § 2932. Therefore, upon finding new interpretation of P.C. 2932, I inadvertantly filed in Lancaster rather than Kern;
   SEE EXHIBIT_____.

Dated _____NOV 15_____ 2006.

_____
Anthony Arceo   J-17830
in pro per

## VERIFICATION

I'm the petitioner in the above cause of action, have read the statements herein, and declare under the penalty of perjury

16.

that upon information and belief these statements are true and correct.

Executed on _____ NOU 13 _____ 2006, at Lancaster, California 93536, pursuant to California Code of Civil Procedure §§ 446 and 2015.5.

Anthony Arceo J-17830
in pro per

17.

## PROOF OF SERVICE BY UNITED STATES MAIL
### (Code of Civil Procedure Section 1015)
### (28 U.S.C. Section 1746)

I, ___ANTHONY ARCEO_____, declare, depose and say, the following statement is true and correct under penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years a resident and state prisoner, of the State of California with a present mailing address of:

2) On this _15_ day of ___NOV_____ 200_6_, I caused a true and correct copy of the following, specifically described, document(s);

1 - HABEAS COPUS WITH EXHIBITS

At the prison to be placed in a sealed envelope(s), with first class postage, having been placed thereon, duly addressed to the interested person or persons described hereinafter, and then deposited such envelope(s) in the regular United States mail, or mail service made available a where I am being detained, to the addressee(s):

MOJAVE BRANCH
1773 HWY. 58
MOJAVE, CA. 93501

WARDEN: WONG, A
CSP / LAC
44750  60TH STREET WEST
LANCASTER, CA.  93536

ATTORNEY GENERAL
PO BOX 944255
SACRAMENTO, CA. 94244

ATTORNEY GENERAL

3) I declare that there has been regular U.S. mail pick-up by correctional officers at the prison, and/or delivery service, at the places(s) where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

Executed this _15_ day of __NOV_____, 200_6_, under penalty of perjury according to the laws of the State of California, at Los Angeles, County, City of Lancaster.

_Anthony Arceo_
Declarant

**JUDGES**

Gary T. Friedman
Clarence Westra, Jr.
James M. Stuart
Roger D. Randall
Arthur E. Wallace
Richard J. Oberholzer
John I. Kelly
Kenneth C. Twisselman II
Robert Anspach
Stephen P. Gildner
Jerold L. Turner
Sidney P. Chapin
Lee P. Felice
Jon E. Stuebbe
Coleen W. Ryan
John L. Fielder
Sharon Mettler
Frank A. Hoover
Charles P. McNutt
H. A. "Skip" Staley
Charles B. Pfister
Michael B. Lewis
Michael G. Bush
Colette M. Humphrey

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF KERN

☒  1415 Truxtun Avenue, Rm. 212
Bakersfield, CA 93301-5222
(661) 868-4934

☐  1215 Truxtun Avenue
Bakersfield, CA 93301-4619
(661) 868-2450

**COURT COMMISSIONERS**

James. L. Compton
Theresa A. Goldner
Ralph L. McKnight, Jr.
Louie L. Vega
Patrick M. Alderete

**SENIOR JUVENILE COURT REFEREE**

Peter A. Warmerdam

**COURT EXECUTIVE OFFICER  CLERK OF THE COURT**

Terry McNally

December 1, 2006

ANTHONY ARCEO, CDC # J-17830
CSP/LAC  C – 1/236
P.O. BOX  8457
LANCASTER, CA  93536

Dear Sir:

A Petition of Habeas Corpus has been filed with this court.  A conformed copy (front page) is enclosed with the date of filing and case number.  Your case has been assigned to:  Judge. JOHN I KELLY

Your case number is as follows:  **HC009651A**

If you need to contact this court please refer to the case number above.

TERRY MCNALLY, COURT EXECUTIVE OFFICER
SUPERIOR COURT COUNTY OF KERN

cc:  file

**0023**

Lodgment 3

```
J2411H1          SUPERIOR COURT, METROPOLITAN JUSTICE BUILDING        01/03/07
KERN CJIS                  IN AND FOR THE COUNTY OF KERN                  14:45
ORGANIZATION: WM

   CASE NO. HC009651 A      DATE: 01/03/07      TIME: 08:00 AM      DEPT.: RL

   IN THE MATTER OF ARCEO, ANTHONY

   JUDGE:    JOHN I KELLY, JUDGE          CLERK:    JENIFER GARDNER
   REPORTER:                              BAILIFF:
   NATURE OF PROCEEDINGS:
       HABEAS CORPUS.
       RULING
```

CDC ID NUMBER: J-17830.

PETITION FOR WRIT OF HABEAS CORPUS IS DENIED.

SEE RULING ATTACHED HERETO AND MADE A PART HEREOF.

COPY OF MINUTE ORDER SENT TO PETITIONER THIS DATE.

ENTERED ON CJIS BY JENIFER GARDNER - SCMET. ON
      01/03/2007.

MINUTE ORDER                              PAGE    1

0024

In re Anthony Arceo on Habeas Corpus
KCSC# HC 9651


## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS


The court has read and considered the petition for writ of
habeas corpus dated November 15, 2006 and which arrived in an
envelope postmarked November 15, 2006.  It was filed on December
1, 2006.

Petitioner is serving a sentence of 31 years for kidnapping.
His trial occurred in San Joaquin County.  He is incarcerated in
California State Prison, Los Angeles County at Lancaster.

Petitioner complains of events that began when he was in the
California Correctional Institution at Tehachapi.

Petitioner contends that prison authorities caused him to
forfeit more credits than they were authorized to do.  He
explains.  In 1997, Petitioner was found guilty of possession of
inmate manufactured alcohol.  He was assessed a credit forfeiture
of 120 days (among other things).  He claims the 120 day credit
loss was wrongful because, pursuant to Penal Code § 2932 and
given the misconduct for which he was found guilty, the maximum
credit loss he could have received was only 30 days.  Petitioner
cites In re Dikes (2004) 121 Cal.App.4th 825 in support of his
contention.

Petitioner has not exhausted his administrative remedies.
He submitted an appeal, but it was rejected at the second level
of review as untimely.  Petitioner claims this rejection was
wrongful because he submitted his appeal as soon as he discovered
his issue.

Petitioner fails to state a prima facie case of relief.

Petitioner failed to exhaust his administrative remedies.
His claim that his appeal should not have been rejected as
untimely because he submitted it soon after the decision in the
Dikes case was issued is without merit.  While the decision in
Dikes was issued in 2004, shortly before Petitioner submitted his
appeal, its discussion of Penal Code § 2932 did not constitute
new law.  The court in Dikes merely quoted and discussed the
relevant portion of § 2932 and explained how it applied.  The

relevant portion of § 2932 itself (i.e., § 2932(a)(4)) has been effective and in substantially its present form since January 1, 1987. That is, Petitioner ought to have been able to discover his issue long before the decision in Dikes was ever issued. However, he did not, and he does not explain why he did not. Therefore, the rejection of his appeal as untimely was proper. And, that leads to the conclusion that Petitioner is in violation of the rule that an inmate cannot seek relief in the courts unless he first exhausts his administrative remedies. (In re Dexter (1979) 25 Cal.3d 921, 925; In re Muszalski (1975) 52 Cal. App.3d 500, 503).

Petitioner has failed to state facts sufficient to warrant issuance of a writ of habeas corpus.

The petition is denied.

Dated: 1-3-07

Judge of the Superior Court

2

**0026**

Lodgment 4

MC-275

Name    ANTHONY ARCEO

Address    RJ DONOVAN CORR. FACILITY

PO BOX 799003    F3B11-143

SAN DIEGO, CA. 92179

CDC or ID Number    J-17830

FILE

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
*F I L E D*
FEB 13 2007
By LEISA V. BIGGERS, CLERK/ADMINISTRATOR
_____
Deputy

IN THE FIFTH APPELLATE DISTRICT OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

*IN RE*
(Court)

ANTHONY ARCEO   *ON H/C*

Petitioner

vs.

WARDEN: WONG, A.

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No.    **F052216**

*(To be supplied by the Clerk of the Court)*

HC 009651A

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

Page one of six

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

- [ ] A conviction      - [ ] Parole
- [ ] A sentence      - [XXXX] Credits
- [ ] Jail or prison conditions    - [XXXXX] Prison discipline
- [ ] Other (specify): _____

1. Your name:   **ANTHONY ARCEO**

2. Where are you incarcerated?   **RJ DONOVAN CORR. FACILITY**

3. Why are you in custody? [XX] Criminal Conviction [ ] Civil Commitment

   Answer subdivisions a. through i. to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      **PC 207, 361**

   b. Penal or other code sections:   **PC 667.5**

   c. Name and location of sentencing or committing court:   **SAN JOAQUIN COUNTY**

   d. Case number:   **# SCO55592A**

   e. Date convicted or committed:   **APRIL 4, 1994**

   f. Date sentenced:   **MAY 5, 1994**

   g. Length of sentence:   **31 YEARS**

   h. When do you expect to be released?   **11/30/2010**

   i. Were you represented by counsel in the trial court? [XXX] Yes. [ ] No. If yes, state the attorney's name and address:

      **DAVID ADAMS, PUBLIC DEFENDERS OFFICE**

4. What was the LAST plea you entered? (check one)

   [XXX] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [XXX] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER IS ENTITLED TO MANDATORY 30 DAY CREDIT LOSS PER PENAL

CODE § 2932, in re DIKES 18 CAL RPTR 9 (CAL APP 1 DIST 2004) AND

RESTORATION OF THOSE DAYS PER PENAL CODE §§ 2931 AND/OR. THUS

VIOLATING THE DUE PROCESS CLAUSE AND STATE AND FEDERAL CONSTITUTIONS.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to *violate* your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Petitioner was sentenced to prison following provisions of penal
Code Section § 1170 and subject to good time work credits. Subject to
provisions of law, petitioner has been "found in violation of prison
regulations". Penal Code §§ 1170 and 2931 et seq. The term of
confinement is adjusted by mandates enumerated in PC § 2932, which
states no more than thirty days can be taken, see in re DIKES 18 CAL RPTR
3D 9 (CAL APP 1 DIST 2004). Therefore, it is uncontrovertible that
petitioner is in violation of Director's Rule § 3016 and confined in the
custody of the Department of Corrections longer. As a result of excess
amount of time taken and their refusal to restore credits. CDC violates
enactment of Penal Code Sections, et seq. as a prisoner confined in the
custody of the Department of Corrections pursuant to P.C. § 1170.
Petitioner has entitlement rights to time credit provisions of Penal

CONTINUED ON PAGE 8

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SUPPORTING FACTS, AND POINTS AND AUTHORITIES ARE INCORPORATED TOGETHER.

0029

7. Ground 2 or Ground _2_ *(if applicable):*

THE COURT HAS A DUTY AND OBLIGATION TO REMEDY ANY BAR OF
TIME CREDIT PROVISIONS OF PENAL CODE §§ 2931, 2932 AND 2933
AS APPLIED TO CAREER CRIMINALS. THEREBY VIOLATING THE DUE
PROCESS CLAUSE AND THE STATE AND FEDERAL CONSTITUTIONS.

a. Supporting facts:

California courts have previously not allowed statutory exclusions
to bar equal protection principles as to discriminatory application of
good and/or work time credits to prisoners. PEOPLE V TOBIA (1979) 98
CAL APP 3D 157, is pre sage case (PEOPLE V SACE (1980) 26 C3D 498) in
which the court held that while Penal Code Section 4019 "... on its face
...does not apply to presentence custody of persons convicted of a felony
and sentenced to state prison..." constitution equal protection of law
principles require that defendant be given credit for good/work time
if any, pursuant to Penal Code Section § 4019.    PEOPLE V TOBIA.
supra, at 272; PEOPLE V BLACK (1979) 93 CAL APP3D 846 ; PEOPLE V SANDERS
(1979) 98 CAL APP 3D 273; PEOPLE V CASTRO (1979) 99 CAL APP 3D 191. Loss
of equal protection as treating inmates differently based on their
criminal or disciplinary history is error. Conlogue v Shenbaum 949 F2d
378, 380 (11 cir 1991).

CONTINUED ON PAGE 12

b. Supporting cases, rules, or other authority:

SUPPORTING FACTS, AND POINTS AND AUTHORITIES ARE INCORPORATED TOGETHER.

0030

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   COURT OF APPEALS, 3D DISTRICT

b. Result   AFFIRMED                          c. Date of decision: MARCH 20, 1999

d. Case number or citation of opinion, if known:   DIRECT-C018338 / HABEAS-C028423

e. Issues raised: (1)   COMPETENCY

   (2)   SENTENCE

   (3)

f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:
   DAVID MORSE, APPELLATE PROGRAM

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No. If yes, give the following information:

a. Result   AFFIRMED                          b. Date of decision: MAY 23, 1996

c. Case number or citation of opinion, if known:   DIRECT-S068291 / HABEAS-S075021

d. Issues raised: (1)   COMPETENCY

   (2)   SENTENCE

   (3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    THIS CONCERNS AMOUNT OF TIME TAKEN AND ABILITY TO GET IT BACK.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
   N/A

b. Did you seek the highest level of administrative review available? ☒ Yes. ☒ No.
   *Attach documents that show you have exhausted your administrative remedies.*

MC-275 (Rev. July 1, 2005)          PETITION FOR WRIT OF HABEAS CORPUS          Page five of six

0031

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: CALIFORNIA COURT OF APPEALS (9TH CIR)

(2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS

(3) Issues raised: (a) ATTACKED IN FRONT OF JURY

(b) _____

(4) Result (Attach order or explain why unavailable): AFFIRMED CA# 02-25925

(5) Date of decision: DECEMBER 4, 2003

b. (1) Name of court: UNITED STATES SUPREME COURT

(2) Nature of proceeding: HABEAS CORPUS

(3) Issues raised: (a) DOES ATTACK INFRONT OF THE JURY VIOLATE  US V BRASWELL

(b) _____

(4) Result (Attach order or explain why unavailable): AFFIRMED # 05-8112

(5) Date of decision: FEBRUARY 21, 2006

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: ONCE DISTRICT COURT ACKNOWLEDGED ATTACK BURDEN NEVER SHIFTED. ALSO AG ALWAYS DENIED IT AND DEFERENCE WAS ABSOLUTE.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) TRUSTED CDC. ONCE PETITIONER FOUND CDC HAD TAKEN TO MUCH CREDITS THAT WERE NOT ENUMERATED IN PC § 2932, SEE in re DIKES 18 CAL RPTR 3D 9 (CAL APP 1 DIST 2004)

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

N/A

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

PROSTHETIC ISSUES/ CDC AGREEMENT CENTRAL DISTRICT USDC

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 2|6|07      ▶ _____
                        (SIGNATURE OF PETITIONER)

MC-275 (Rev. July 1, 2005)      PETITION FOR WRIT OF HABEAS CORPUS      Page six of six

0032

ANTHONY ARCEO, J-17830
RJ DONOVAN CORR. FACILITY
PO BOX 799003, F3B11-143
SAN DIEGO, CALIF. 92179

IN THE FIFTH APPELLATE DISTRICT OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

ANTHONY ARCEO, petitioner,                        case_____

        vs

WARDEN: WONG, A.                          Writ of Habeas Corpus

_____

   TO THE HONORABLE JURIST IN THE ABOVE ENTITLED COURT AND,

   Comes now Anthony Arceo, petitioner in whose behalf the writ
is applied for, who is confined from liberty at RJ Donovan state
prison in the custody of Warden Hernandez, after non-adverse trans-
fer from Lancaster State Prison. As a result of judgement from
Superior court of San Joaquin County on or about the 4th day of
April 1994 in case # SC055592A sentencing petitioner to a term of
imprisonment in state prison.

   Petitioner's confinement and restraint of liberty is illegal
as set forth in and supported by the attached statement of facts,
the declaration of petitioner, the points and authorities, all
records, files, transcripts of the case and any other evidence
presented whether oral or documentary.

CONTINUED FROM PAGE  3
        SEE NEXT PAGE

7.

0033

## SUPPORTING FACTS GROUND 1
### CONTINUED

Code Sections 2931 and/or 2933. These legislative adopted statutes

provide for reduction in the term of imprisonment of persons

sentenced to prison under provisions of Penal Code Section 1170 and

who engage in specific forms of conduct while in the custody of the

Department of Corrections.

"(b) Total possible good behavior and participation credits

shall result in a four monthreduction for each eight months

served in  prison or in a reduction based on this ratio for any

lesser period of time. Three months of this four month reduct-

ion. Or a reduction based on this ratio for any lesser period,

shall be based upon forbearance from any act for which the

prisoner could be prosecuted in a court of law, either as a

misdemeanor or a felony, or any act of misconduct described as

a serious disciplinary infraction by the Department of Cor-

rections.

(c) One month of this four month reduction, or a reduction

based on this ratio for a lesser period, shall be based solely

upon participation in work, education, vocational, therapeutic

or other prison activities. Failure to succeed after demon-

strating a reasonable effort in the specified activity shall

not result in loss of participation credit. Failure to partici-

pate in the specified activities can result in a maximum loss

of credit of 30 days for each failure to participate. However,

those confined for other than behavior problems shall be given

specified activities commensurate with the custodial status.

8.

0034

(d) This action shall not apply to any person whose crime was committed on or after January 1, 1983." (Emphasis added) Penal Code Section 2931.

"(a) It is the intent of the legislature that persons convicted of crime and sentenced to state prison, under Section 1170, serve the entire sentence imposed by the court except for a reduction in the time served in the custody of the Director of Corrections. Worktime credits shall apply for performance in work assignments and performance in elementary, high school, or vocational programs...For every six months of full time performance in credit qualifying program. as designated by the director, a prisoner shall be awarded credits from his term of confinement of six months...Every prisoner who refuses to accept a full time credit qualifying assignment or who is denied the opportunity to earn worktime credits pursuant to subdivision (a) of 2932 shall be awarded no worktime credit reduction...Except as provided in subdivision (a) of Section 2932, every prisoner willing to participate in a full time credit qualifying assign- ment but who is either not assigned to a full time assignment or is assigned to a program of less than full time, shall receive no less credit than is provided under Section 2931."

Further, Penal Code Section 2933(b) provides:

"...Except as provided in subdivision (a) of 2932, every prisoner shall   have a reasonable opportunity to participate in a full time credit qualifying assignment in a manner consistant with institutional security and available resources." (Emphasis

9.

0035

1.    Added)

2.    Therefore, subject to exclusions enumerated by Penal Code

3.    Section 2932, (under the influence, possession of, or manufactured

4.    alcohol offenses pur DR § 3016, et al, are absent) All persons

5.    sentenced to state prison under provisions of Penal Code Section 1170

6.    have entitlement rights to the time credit earnings provided by Penal

7.    Code Sections 2931 and/or 2933 and the subsequent reduction in their

8.    prison term. Petitioner is no exception. Good time credits can only

9.    be restored by state courts through state procedures or by federal

10.    courts via writ of habeas corpus after exhaustion of state judicial

11.    remedies. Prieser v Rodriguez 411 US 475, 93 Sct 1827(1973). A timely

12.    appeal has been filed. The loss of good time credits creates a

13.    liberty interest Hewitt v Helms 459 US 466-70. In the case at bar 1)

14.    taking credits for rule violations  in excess of state mandate PC §

15.    2932. 2) Being it was a 120 days it cannot be restored versus the

16.    rule a 30 day infraction can be restored in full. 3) Under the

17.    influence of, possession of, or manufactured alcohol offenses DR §

18.    3016, is not enumerated in Penal Code § 2932 nor is it custom or

19.    habit to prosecute these cases. Thus the 120 days taken were in

20.    excess of the 30 days allowed by law. Under Penal Code Sections 2931

21.    and/or 2933 respondent is in violation of the legislative purpose

22.    and intent of Penal Code Section 1170 et seq. and other provisions

23.    of state law including, but not limited to Penal Code Sections 2931,

24.    2932, 2933, 3000 et. seq., in re Dikes 18 cal rptr 3d 9 (cal app 1

25.    dist 2004). While the statutory authority is dispositive of the

26.    issues in favor of petitioner, it has long established policy of this

27.    state to construe a penal statute as favorably to the defendant as

28.    its language and the circumstances of its application may permit;

0036

1 │ just as in the case of a question of fact, the defendant is

2 │ entitled to the benefit of every reasonable doubt as to the true

3 │ interpretation of words or the construction of language used in a

4 │ statute. <u>Wash v Department of Alcoholic Bev. Control</u> (1963) 59 C2d

5 │ 757, 764-765, 382 P2d 337; <u>Keeler v Superior Court</u> (1970) 2 C3d 619,

6 │ 631, 470 P2d 617.

7 │

8 │ CONTINUED FROM PAGE 4

9 │         SEE NEXT PAGE FOR

10 │

11 │                    SUPPORTING FACTS GROUND 2
12 │                         CONTINUED

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

11.

0037

THE SPECIFIC AND GENERAL TREATMENT OF

CAREER CRIMINALS ESTABLISHES A SUSPECT

CLASSIFICATION VIOLATING EQUAL PROTECTION

AND DUE PROCESS OF LAW. STATE/FEDERAL CONSTITUTIONS.

Petitioner is handicaped, with priors and poor. Where judicial review is possible for the persistent who have the knowledge, financial ability, and wherewithal to exhaust administrative remedies. in re Muszaiski (1975) 52 Cal App3d 500, such review would be meaningless after months and years of further incarceration disabilities. Petitioner is required to work while incarcerated as are all other prisoners within the Department of Crrections as the result of department rules an regulations. Classification Manual, Article 1, section 104; Title 15, California Admin. Code, Section 3040, et seq. Petitioner is denied restoration of credits (clean time and the mandatory 30 day rule violation. Petitioners counterparts that perform the same work function recieve reduction for the prison time of two days for each day of work performed. Penal Code Section 2931 and 2933. Petitioner must literally serve four times the time in prison as other sentenced prisoners. There is no compelling interest whichjustifies the suspect classification imposed upon petitioner, ie. depriving petitioner benefits of Penal Code Sections 2931 and/or 2933 and requiring serving four times the length of incarceration as other similarily situated prisoners by not adherring to PC § 2932, cf in re Dikes 18 cal rptr 9 (Cal App 1 dist 2004)

It would seem obvious that the public interesr would be best served by lawfull, reasonable and equal treatment of prisoners. Further, that the disparate treatment petitioner faces runs contrary

12.

1  to the goals of Penal Code Section 3000 et seq. in that nothing good
2  could ever be expected to come from such blatantly arbitrary,
3  capricious, and unequal treatment as that suffered by petitioner,
4  ie. excess punishment not allowed by law. It also can be demonstrate
5  that current disparate treatment of petitioner as member of such a
6  suspect classification of state prisoners will encourage greater
7  respect for law and authority, will reinforce positive personal
8  attitudes and values, and will assist the "successful reintegation
9  of the offender into society and to positive citizenship"? Penal Cod
10 Section 3000, Hardly.
11      Petitioner is a state prisoner  having been sentenced pursuant
12 to Penal Code Section 1170. Petitioner is in prison as a career
13 criminal as many others for their recognition of conduct, be it good
14 or bad, petitioner is no exception.
15
16                          <u>CONCLUSION</u>
17
18      Petitioner is confined in state prison. Its the State and CDC
19 responsibility to enforce the law and not apply it arbitrarily or
20 otherwise unjustly. Petitioner is currently denied credit loss of
21 only 30 days, the restoration of those credits and alignment/
22 adjustment of current outdate. This is afforded to other prisoners,
23 reduce the length of imprisonment based upon statutory entitlement,
24 legislative intent, evolving judicial standard, and/or state and
25 federal constitutional principles underlying the equal protection and
26 due process of law. Petitioner has a legal right to have this
27 disparity corrected. The petition should issue.
28

                          13.

As follows:

1.  declare petitioners rights.

2.  order respondent to adjust petitioner's release date in accordance with provisions of Penal Code Sections 2931, 29 2932, and 2933.

3.  appoint legal counsel to assist in the litigation of the issues presented in this petition.

4.  order such other and further relief as is just and proper.

Date ___2/6/07_____ 2006.

_____

ANTHONY ARCEO J-17830

in pro per

## VERIFICATIOATION

I am the petitioner in the above cause of action, have read the statements contained herein, and declare under penalty of perjury that upon information and belief these statements are true and correct.

Executed on ___2/6/07_____ 2006, at Lancaster, Ca. SAN DIEGO

pursuant to California Code of Civil Procedure §§ 446 and 2015.5.

_____

ANTHONY ARCEO   J-17830

in pro per

14.

DECLARATION OF ANTHONY

I ANTHONY ARCEO, HEREBY DECLARE:

1. That I am the petitioner in the above cause of action;

2. That I am incarcerated within the Department of Corrections at Lancaster State Prison as a result of action from San Joaquin County in case number SCO55592A;

3. That I am not a disciplinary problem in a menner which would deprive me of time credits pursuant to Penal Code §§ 2931, 2932, and 2933;

4. That I have worked as a member of the prison work force since assigned to a prison job in 1996;

5. That I have not refused or failed to work as assigned;

6. That I have sought restoration of credits as clean time (Penal Code §§ 2931, 2933) allows. I was told I've recieved all time the law allows, and that because its a 121 day credit loss I was unable to recieve any restoration on these

7. That I am entitled to have my term of imprisonment reduced by application of time credits as required by Penal Code §§ 2931, 2933, see CDC Appeal # _____ attached exhibit_____.

8. That other prisoners similarly situated do recieve a reduction of their terms of imprisonment pursuant to Penal Code Section 2931 and 2933. While others do not.

9. That there is no retional basis for not compelling state interest served by depriving me of time credits pursuant to Penal Code Section 2931, 2933, 2932;

10. That the disparate treatment I am subject to is discrimina- tory and results in my serving (4) times a greater propor-

15.

0041

1    tion of time;

2  11.    That without intervention of this court petitioner will be

3         required to serve a term of imprisonment disproportionate

4         to others similarly situated;

5  12.    That Penal Code Sections §§ 2931, 2933 allow restoration of

6         credits not enumerated in Penal Code § 2932. see in re Dikes

7         18 Cal Rptr 3d 9 (cal app 1 dist 2004) manufacturing or in

8         possession of alcohol offenses are not enumerated which

9         require a thirty (30) day loss and as such are recoverable

10        in full;

11 13.    That your petitioner attached all documents P.C. 2931, 2932,

12        2933. Directors Rule § 3016, Petitioners classification scor

13        sheets. Directors Rule §§ 3327 (restoration/forfeited

14        credits), § 3328 (disciplinary free periods);

15 14.    That petitioner is a layperson untrained in law.

16 Dated   2/6/07      2006,

17

18                          Anthony Arceo J-17830

19                              in pro per

20                           VERIFICATION

21    I am the petitioner in the above cause of action, have read

22 the statements herein, and declare under the penalty of perjury

23 that upon information and belief these statements are true and

24 correct. Executed on   2/6/07              2006, at

25 San Diego   92179

   Lancaster, Ca. 93536, pursuant to California Code of Civil

26 Procedure §§ 446 and 2015.5.

27

28                          Anthony Arceo J-17830

                               in pro per

                    16.

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Anthony Arceo_ DECLARE UNDER THE PENALTY OF PERJURY
THAT : I AM THE Declarant/Prisoner      IN THE ABOVE ENTITLED ACTION:
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE , EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS , I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ___6___ DAY OF _February_ AT R.J.D.
STATE PRISON, 480 Alta Road, San Diego, CA 92179

(SIGNATURE) _Anthony Arceo_
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Anthony Arceo_ , AM A RESIDENT OF R.J.D. STATE PRISON, IN THE COUNTY
OF S.D. STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM IAM
NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: _RJ Donovan_
_Po Box 799003, San Diego CA. 92179_

ON _2/6/07_ , I SERVED THE FOREGOING:
_1 writ of habeas corpus_

(SET FORTH EXACT TITLE OF DOCUMENT IS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE
(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO
PROVIDED AT Richad J. Donovan Correctional Facility

5TH APPELLATE DIST.        ATTORNEY GENERALS OFFICE        WARDEN: WONG, A.
2525 CAPITOL ST.           PO BOX 944255                   RJ DONOVAN CORR, FACILITY
FRESNO, CA. 93721          SACRAMENTO, CA. 94244           PO BOX 799003
                                                           SAN DIEGO, CA. 92179

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO
ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _2/6/07_          _Anthony Arceo_
(DECLARANT/PRISONER)

0043

# ATTACHMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | |
|---|---|---|---|
| Date: | AUGUST 31, 2006 | | |
| Honorable: | DAVID S. WESLEY | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 004214

In re,
ANTHONY ARECEO,
              Petitioner,

On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered the petition for writ of habeas corpus filed August 18, 2006.

Petitioner seeks relief for a credit loss as a result of a Rules Violation Report (RVR) resolved at California Correctional Institution (CCI) in 1997. This Court is without authority to adjudicate an RVR that occurred in Kern County. This Court's authority is limited to events that occur at Los Angeles County State Prison.

On the merits, the petition is without merit. The manufacture and/or possession of "pruno" is a serious division offense (Cal. Code Regs., tit. 15, § 3323(e)(ii) calling for credit loss of 91-120 days.

The Dikes case is not on point. It involved possession of marijuana, which cannot be prosecuted as a criminal offense (see section 3323(h)(3)) and calls for a credit loss of only 0-30 days.

The petition for relief is denied.

The court order is signed and filed this date.

A true copy of this minute order is sent to the petitioner via U.S. Mail as follows:

Anthony Areceo
J-17830
California State Prison, Los Angeles County
P.O. Box 8457
Lancaster, CA 93536

1

| Minutes Entered |
|---|
| 08-31-06 |
| County Clerk |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

COURT OF APPEAL - SECOND DIST.

# F I L E D

NOV 0 1 2006

JOSEPH A. LANE        Clerk

S. VEVERKA
_____
Deputy Clerk

In re                              )    B193763
                                   )
ANTHONY ARCEO,                     )    (Super.Ct.No.BH004214)
                                   )    (David S. Wesley, Judge)
on Habeas Corpus.                  )
                                   )    ORDER
                                   )
                                   )
_____  )

THE COURT:*

The petition for writ of habeas corpus filed September 18, 2006, has been read and considered.

The Los Angeles County Superior Court denied petitioner's habeas corpus petition on the ground the 1997 prison discipline it challenges was imposed in Kern County when petitioner was incarcerated in that county. The present habeas corpus petition does not dispute that ground for denial or provide any exhibits indicating that petitioner was disciplined for conduct occurring while housed within Los Angeles County.

The petition is denied, without prejudice, to re-filing in the appropriate superior court and Court of Appeal. The appropriate superior court to determine the petition is the Kern County Superior Court and the appropriate Court of Appeal is the Court of Appeal for the Fifth Appellate District, located at 2525 Capitol Street, Fresno CA 93721. (*Griggs v. Superior Court* (1976) 16 Cal.3d 341, 347; California Rules of Court, rule 4.552 (b)(2)(B).)

* EPSTEIN, P.J.,        WILLHITE, J.,        MANELLA, J.

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 10, 2006

Arceo, CDC #J-17830
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

Re: Institution Appeal Log #LAC 05-03398 Disciplinary

Dear Mr. Arceo:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals. The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator. Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

CONTINUED 602, PART H.,

      to: CHIEF INMATE APPEALS OFFICER
     re: in re dikes
      CALIFORNIA APPEALS COURTS DECISION

(LAC)    1  2

     fr: ANTHONY ARCEO, J-17830, FCB1-236

Dear Chief Inmate Appeals Officer,

I'm appealing to you hoping that you can rectify this problem. My appeal has been exhausted at the second level. The second level reviewer denied my appeal due to "to great of time lapse between the incident and the appeal".

The recent decision given by the third appellate court informed me only those particular enumerated in Penal Code § 2932 (a)-(b) alocates no more than thirty (30) days of credit loss defined as a serious diciplinary offense. At no time prior to 2005 had I any idea that my credit forfieture of one hundred & twenty days was not listed or in anyway in error I would have immediately appealed.

Thank you for your time in this matter

dated  3/6/06

                              ANTHONY ARCEO J-17830

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*February 21, 2006*

*ARCEO, J17830*        ZAC 4

Log Number: CCI-0-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*PLEASE SEE COMMENTS BELOW.*

*The explanation you have provided does not justify the delay. Do not resubmit this appeal. If you do it will not be returned to you, it will be filed in your appeal file.*

Appeals Coordinator
California Correctional Institution

NOTE:   Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

0049

January 24, 2006

to: Appeals Coordinator

re: Screening compliance, Inmate Arceo
believes denial would be error

fr: Anthony Arceo, j-17830, FCB1-236


Mr. Appeals Coordinator, I believe a decision of denial due to to great of time lapse between the action or decision occurred and when I filed my appeal would be error for the following reasons,

The law is clear,

1. The department of corrections is mandated by the Penal Code and the constitution.

2. A defendant cannot be held liable for not raising a issue or law when (1) he is unaware of it. (2) believes the department of corrections is abiding by that very law.

3. Only in criminal cases are laws retroactively applied.

4. The department of corrections and the courts are mandated to apply the law as it exist.

5. At any time should error or tort arise after a decision was reached in error, as a matter of law due process allows a appeal to settle the matter. (exhaustion for instance)

6. Due process allows courts to hear suits, mandamus/prohibition, or appeals of a aggrieved party. Not even in war has barred this inherent right.

I ask you Mr. Sampson to please correct my credit forfieture that justice and law requires.

Thank you for your time in this matter.

Dated _Janueary 24, 2006_                     _Anthony Arceo_
Anthony Arceo J-17830

CCI - TEHACHAPI
APPEALS OFFICE
2006 FEB -7 AM 10:36

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*December 19, 2005*

*ARCEO, J17830*

Log Number: CCI-0-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal. Time limits expired per CCR 3084.6(c). Your appeal has been appropriately rejected. DO NOT RESUBMIT.*

Appeals Coordinator
California Correctional Institution

2006 FEB -7  AM 10: 36

CCI-TEHACHAPI
APPEALS OFFICE

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

JAN 0 6 2006

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |

November 10, 2005

to:  Appeals Coordinator

re:  Explanation and Supporting documents
     as to timeliness of appeal for good
     time credits.

fr:  Anthony Arceo, J-17830, FCB1-236


Mr. Appeals Coordinator I'm responding promtly to your concern

of tardiness.  I became aware of new law in re DIKES, 18 Cal. Rptr. 3d

9, (Cal. App. 1 Dist. 2004) that was provided in the law library.  This

is a new 2004 series.

This california court ruled Penal Code §§ 2932 enables credit loss

for general acts of misconduct of not more than thirty (30) days.  How-

ever, those enumerated violations within Penal Code § 2932 that can be

prosecuted also enable credit forfeiture for ninety or one hundred and

eighty days.

Mr. Appeals Coordinator, my wine violations are of the general kind.

I also had no idea that "120" days forfeiture was excess.

Finally, I implore you to consider my appeal for credit restoration

and any credit adjustments.

Sincerely,

DATED: 11/10/05

ANTHONY ARCEO J-17830

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request



RE: Screening at the SECOND Level.

October 31, 2005

ARCEO, J17830

Log Number: CCI-0-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*RVR is from 1996.*

Appeals Coordinator
California Correctional Institution

CCI – TEHACHAPI
APPEALS OFFICE
2006 FEB –7 AM 10: 36

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

0053

## INMATE APPEAL ROUTE SLIP

To: CCI

Date: October 20, 2005

From: INMATE APPEALS OFFICE

Re: Appeal Log Number  LAC-X-05-03398  By Inmate  ARCEO, J17830

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: DISCIPLINARY
Due Date: 11/29/2005
Special Needs: DNM - PERM MOBILITY IMPAIRED

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

C. A. COLLINS
INMATE APPEALS OFFICE
CSP - Los Angeles County

0054

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

October 5, 2005

ARCEO, J17830
FCB10000000236U

Log Number: LAC-C-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

Appeals Coordinator
CSP - Los Angeles County

NOTE: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| :---: |

**INMATE/PAROLEE APPEAL FORM**
(2/87)

Location: Institution/Parole Region
1. _CMC X_     Log No. _05-03398_    Category _#1/DIV·C_
2. _CCI·05_     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME ANTHONY ARCEO | NUMBER J-17830 | ASSIGNMENT G.E.D. | UNIT/ROOM NUMBER FCB 1-236 |
|---|---|---|---|

A. Describe Problem: THE UNITED STATES SUPREME COURT STATED IN SUPERINTENDANT V HILL (1985) 472 US 445, 447, 105 SCT 2768, 86 LED2D 356, ALL EVIDENCE IS SUBJECT TO THE SOME EVIDENCE RULE, HOWEVER ON REVIEW THIS EVIDENCE IS NOT SUBJECT TO THE EXAMINATION OF THE ENTIRE RECORD, INDEPENDANT ASSESSMENT OF THE CREDIBILITY OF WITNESSES OR WEIGHING OF SAID EVIDENCE. (1) THE DEPARTMENT OF CORRECTIONS WITNESSES ARE TRAINED AS EXPERTS, a) THEY HANDLE AND CONTROL ALL EVIDENC THEY ALSO HANDLE AND CONTROL ALL ADJUDICATIONS BROUGHT BY THESE SAME EXPERTS. THE FINDINGS BASED UPON THE DEPARTMENT OF CORRECTIONS "AGENCIES" GOOD NAME.

If you need more space, attach one additional sheet.

B. Action Requested: THE DISCIPLINE "CREDIT LOSS" IMPOSED FOR A VIOLATION OF DIRECTOR' RULE § 3016 POSSESSION OF INMATE MANUFACTURED ALCOHOL HAS NOR WAS INTENDED FO PROSECUTION UNDER PENAL CODE §§ 347(b) OR ELSEWHERE. THEREFORE THE AGENCY CAN NOT IMPOSE A CREDIT FORFIETURE OF MORE THAN THIRTY (30) DAYS PER PENAL CODE

Inmate/Parolee Signature: _Anthony Arceo_     Date Submitted: _9/27/05_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

| 5/0 | 10 | 3 | 05 |
|---|---|---|---|

SEP 2 9 2005   OCT 1 9 2005   JAN 2 6 2006    ( 1 OF 2 )

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:                                                    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _10-13-05_    Due Date: _11-29-05_

☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_Dear inmate appeals officer, I'm hoping that you can rectify this problem, my appeal has been exhausted at the second level. The second level reviewer denied my appeal due to "to great of time lapse between the incident and appeal."_
_see attached part H_

Signature: _Anthony Crew_    Date Submitted: _3/6/06_

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ Attached Letter

Date: _____

Anthony Angelo 517830
CSP/LAC C-1-236
PO BOX 8457
Lancaster, CA. 93536-8457

CONFIDENTIAL
LEGAL
MAIL

State Prison
Generated Mail
C-1

CHIEF INMATE APPEALS
C-1
PO BOX 942883-0001
SACRAMENTO, CA. 94283-001



0058

APPEAL CDC-602 FOR CREDIT RESTORATION

PART A CONTINUED;

A EXPERT WITNESS FOR THE DEPARTMENT OF CORRECTIONS AWARE OF THIS

RULE, MERELY HAS TO STATE FOR A HEARING, "HE'S DRUNK, OR THAT'S ALCOHOL"

SATISFIES THE FEILD OR LABORATORY TESTING, WITHOUT SAVING ANY EVIDENCE

AS THEY DO WITH ALL OTHER SERIOUS VIOLATIONS.  THIS SYSTEM IS CAPRICIOUS

AND ARBITRARY, IRRESPECTIVE OF RULE, INMATE HAS OR HAS NOT SIGNED A

WAIVER PERSUANT TO DIRECTORS RULE § 3290(e).  (2) PENAL CODE § 2932 (a)-

(b) ALOCATES NO MORE THAN THIRTY DAY (30) DAYS OF CREDIT LOSS DEFINED AS

A SERIOUS DICIPLINARY OFFENSE.  (3) THE DEPARTMENT OF CORRECTIONS HABIT

PRACTICE OR CUSTOM IS, IT HAS NEVER INTENDED TO PROSECUTE ALCOHOL OFFENSES,

PER PENAL CODE § 347 (b), A MISDEMEANOR AND NOT ENUMERATED IN PENAL CODE

§ 2932(a) (SEE ALSO 18 AMENDMENT), (4) I HAVE RECEIVED CDC-115 VIOLATIONS

FOR MANUFACTURING ALCOHOL/AKA-STIMULANTS AND SEDATIVES (ALCOHOL).  ON

5/29/96, 10/26/97, UNAWARE OF OTHER DATES?

ACTION REQUESTED CONTINED

§ 2932 (a)-(b).  PLEASE RESTORE ALL CREDIT LOSS IN EXCESS OF THIRTY (30)

DAYS FOR "ALL" CDC-115 ALCOHOL VIOLATIONS PERSUANT TO DIRECTORS RULE

§ 3016.

(2 OF 2)

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT** 804 SENT TO RECORDS BY: _____ DATED: _____

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| J-17830 | ARCEO | | 5-6-2014 | CCI-IVB | 5C-105L | IVB-97/10 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | POSSESSION OF I/M | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR § 3016 | MANUFACTURE ALCOHOL | | H.U. #5C-105 | 10/26/97 | 0945 HRS. |

CIRCUMSTANCES On Sunday, October 26, 1997, at approximately 0945 hours, while working Position #5223R, Housing Unit #5, Floor Officer, I was conducting cell searches in "C" section. While searching 5C-105, I found a laundry bag hanging from the shelves that contained approximately two (2) Gallons of a orange pulp substance suspected to be "Pruno" Inmate made Manufactured Alcohol in a plastic bag, and thirteen (13) apples. At this time cell 5C-105, is jointly occupied by Inmates ARCEO, J-17830, and inmate BARA, J-97157. Inmate ARCEO claims full responsibility of the "Pruno". The contents of the bag were verified as pruno by Correctional Sergeant J. Finch. The pruno was disposed of per Institutional policy. Inmate ARCEO speaks and understand English and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► R. DURAN, Correctional Officer | 11-1-97 | H.U. #5 FLOOR OFF | Mon/Tue |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ► J. FINCH, Unit Sergeant | 11/1/97 | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | ► R. GROUNDS, CORRECTIONAL COUNSELOR II | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |
| ☑ SERIOUS | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ► B. Johnson | 11/3/97 | 1500 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | | | | | | |

HEARING On 12/02/97, Inmate ARCEO, J-17830, 1C-205-U, appeared before me and stated he was in good health and was prepared to proceed with the hearing. He was given a copy of the charges and all pertinent reports more than twenty-four (24) hours prior to the hearing. He was advised that the results of this hearing are not final until reviewed and approved by the Chief Disciplinary Officer, and that after that review he will receive his final copy of the completed CDC-115. He was apprised of his right to appeal this action. He was advised of the Credit Restoration procedures pursuant to CCR Title 15, §3327 and 3328.

Inmate ARCEO, D-99750, **DID NOT** request the presence of witnesses when asked during the hearing conducted on December 02, 1997.

No Investigative was assigned pursuant to California Code of Regulations Title 15, §3315(d)(1).

I read the charges as written to Inmate ARCEO, J-17830 and he admits the charges contained in the Rules Violation Report. ARCEO had no statement to make in defense to the charges. ARCEO did admit that he was solely responsible for the charges that he alone was guilty.

| REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| C.C. OVERALL, Senior Hearing Officer | | ► | 12/02/97 | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ► A. Williams, CC | 1-20-97 | ► J.E. Vaughn | 4/26/97 | |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | | ► B. Johnson | 12/31/97 | 0800 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-17830 | ARCEO | IVB-97/10-81 | CCI-IVB | 12/02/97 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

ARCEO had no further statements or comments to make in regards to the Rules Violation Report.

INMATE ARCEO, J-17830 is being found GUILTY of possession of Inmate Manufactured Alcohol, which is a violation of the California Code of Regulations section §3016, based on the preponderance of evidence submitted the disciplinary hearing. The evidence submitted included:

1). The written report of Correctional Officer R. Duran describes the Officer searching cell 5C-105, finding, and confiscating a laundry bag with approximately two (2) gallons of an orange pulpy substance that was inmate alcohol. ARCEOs' possession of inmate made alcohol is a violation of the California Code of Regulations section §3016.

2). The finding is substantiated by the verification of the confiscated liquid as being "pruno" by Correctional Sergeant J. Finch, an experienced Sergeant, as indicated in the Rules Violation Report.

3). The finding is further substantiated by the admission of Guilty to the charges made by ARCEO, J-17830 during the disciplinary hearing conducted on December 02, 1997. ARCEO offered no defense to the charges or any compelling justification for violation of the code of Regulations.

FINDING: Inmate ARCEO, J-17830 is being found GUILTY AS CHARGED, based on ARCEO own admission and information contained in the Rules Violation Report.

DISPOSITION: ASSESSED 120 DAYS FORFEITURE OF CREDITS FOR DIVISION C-11 OFFENSE. ASSESSED 90 DAYS LOSS OF PRIVILEGES INITIATING OCTOBER 26, 1997, AND TERMINATING ON JANUARY 25, 1998.

PRIVILEGES RESTRICTIONS: NO MAIN YARD ON WEEKENDS, NO QUARTERLY PACKAGES.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| C.C. OVERALL, Senior Hearing Officer | 12/08/97 |

| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 12-3-97 | 0830 |

CDC 115-C (5/95)

95 30415

0061

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTION

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| J-17830 | ARCEO | (M) | | CCI—IV-A | 1A-202 | A0596-06 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| D.R. §3016 | POSSESSION OF ALCOHOL | 1A-202 | 5-29-96 | 1915 HRS |

CIRCUMSTANCES

On Wednesday, May 29, 1996, at approximately 1915 hours, while working Position #434363, I was in the Housing Unit #1 Floor Office, Correctional Officer Gomez was passing out legal mail as Inmate ARCEO, J-17830, 1A-202L, entered the Office to sign for his legal mail. I smelled a strong, pungent alcohol type odor. C/O Seward then detained ARCEO. I went to his cell and escorted his cell-mate, Inmate THOMPSON, C-45166, 1A-202U, from the cell. THOMPSON had the same type alcohol odor. Both Inmate(s) THOMPSON and ARCEO were placed in the "A" Section dayroom by C/O Seward. I then searched their cells and found two (2) plastic pitchers containing what I suspected to be manufactured alcohol. Both Inmates were then placed in handcuffs and escort by S&E's to a Clinic Holding cell. I then notified the IV-A Unit Sergeant, T. Greenwaldt, who confirmed the contents to be alcohol. A further search was conducted and a plastic garbage ba containing approximately ten (10) pounds of a red pulp substance that had the same alcohol odo was found.

Inmate ARCEO is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ M. Taylor, Correctional Officer | 5-29-96 | Floor 1 Officer | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ T. Greenwaldt, Correctional Sgt. | 5-29-96 | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | | | ▶ R. Skaggs, Correctional Counselor II | ☐ HO ☐ SHO ☐ SC ☐ F |

## COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | | | Subsidiary report — C |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

On June 19, 1996, at 1915 hours, Inmate Arceo, J-17830, appeared before me, stating that he was in good health and was not prepared to proceed with the hearing. However Inmate Arceo requested aditional investigation to be done. I GRANTED his request and postponed the hearing. (The continuation of the investigation was completed and copy issued on 7-01-96. Arceo went Out To Cour (OTC) on 7-8-96 and returned on 7-16-96. Arceo was ready to proceed with the hearing). He did received a copy of the charges and all pertinent reports more than twenty-four (24) hours prior to the hearing. He is informed that the disposition in this matter would not become final pending review and approval by the Chief Disciplinary Hearing Officer. Upon this approval, a completed copy of the CDC-115 will be issued. Arceo did not request any witnesses to be present at the hearing, he did not request the reporting Employee be present at the hearing, he did request the assignment of an Investigative Employee, which was GRANTED. I read the charges to Inmate Arceo and he ADMITS being guilty of the charges, stating: "He has no explanation or excuse." (Arceo Waived all witnesses at the time of the hearing).

FINDINGS: Inmate Arceo is found GUILTY of violating Director's Rule §3016, specifically, of POSSESSION OF ALCOHOL. All evidence in this matter was considered and the facts support the finding based upon Information contained in the Investigative Reports and Supplementals Reports and the Reporting Emplyee, and Inmate Arceo plead guilty of the charges.

DISPOSITION: Inmate Arceo is assessed one hundred twenty (120) days Credit Forfeiture consistent with a Division "C" Offense, ten (10) days Disciplinary Detention Unit (DDU) effective 7-17-96 through 7-25-96. Counseled concerning future behavioral expectations. Subject is informed of his appeal right and process for Credit Restoration pursuant to Title 15, CCR §3327.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| R. Bird, Senior Hearing Officer | ▶ | 7-16-96 | 1730 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | | | |

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ M. | 7/__/96 | 094_ |

CDC 115 (7/88)

0062

```
J2411H1              SUPERIOR COURT, METROPOLITAN JUSTICE BUILDING        01/03/07
KERN CJIS                    IN AND FOR THE COUNTY OF KERN                 14:45
ORGANIZATION: WM
```

CASE NO. HC009651 A      DATE: 01/03/07      TIME: 08:00 AM      DEPT.: RL

IN THE MATTER OF ARCEO, ANTHONY

JUDGE:    JOHN I KELLY, JUDGE          CLERK:    JENIFER GARDNER
REPORTER:                              BAILIFF:
NATURE OF PROCEEDINGS:
     HABEAS CORPUS.
     RULING

_____

CDC ID NUMBER: J-17830.

PETITION FOR WRIT OF HABEAS CORPUS IS DENIED.

SEE RULING ATTACHED HERETO AND MADE A PART HEREOF.

COPY OF MINUTE ORDER SENT TO PETITIONER THIS DATE.

ENTERED ON CJIS BY JENIFER GARDNER - SCMET. ON
     01/03/2007.

_____

                    MINUTE ORDER                    PAGE    1

In re Anthony Arceo on Habeas Corpus
KCSC# HC 9651


## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS


The court has read and considered the petition for writ of habeas corpus dated November 15, 2006 and which arrived in an envelope postmarked November 15, 2006. It was filed on December 1, 2006.

Petitioner is serving a sentence of 31 years for kidnapping. His trial occurred in San Joaquin County. He is incarcerated in California State Prison, Los Angeles County at Lancaster.

Petitioner complains of events that began when he was in the California Correctional Institution at Tehachapi.

Petitioner contends that prison authorities caused him to forfeit more credits than they were authorized to do. He explains. In 1997, Petitioner was found guilty of possession of inmate manufactured alcohol. He was assessed a credit forfeiture of 120 days (among other things). He claims the 120 day credit loss was wrongful because, pursuant to Penal Code § 2932 and given the misconduct for which he was found guilty, the maximum credit loss he could have received was only 30 days. Petitioner cites In re Dikes (2004) 121 Cal.App.4th 825 in support of his contention.

Petitioner has not exhausted his administrative remedies. He submitted an appeal, but it was rejected at the second level of review as untimely. Petitioner claims this rejection was wrongful because he submitted his appeal as soon as he discovered his issue.

Petitioner fails to state a prima facie case of relief.

Petitioner failed to exhaust his administrative remedies. His claim that his appeal should not have been rejected as untimely because he submitted it soon after the decision in the Dikes case was issued is without merit. While the decision in Dikes was issued in 2004, shortly before Petitioner submitted his appeal, its discussion of Penal Code § 2932 did not constitute new law. The court in Dikes merely quoted and discussed the relevant portion of § 2932 and explained how it applied. The

relevant portion of § 2932 itself (i.e., § 2932(a)(4)) has been effective and in substantially its present form since January 1, 1987. That is, Petitioner ought to have been able to discover his issue long before the decision in <u>Dikes</u> was ever issued. However, he did not, and he does not explain why he did not. Therefore, the rejection of his appeal as untimely was proper. And, that leads to the conclusion that Petitioner is in violation of the rule that an inmate cannot seek relief in the courts unless he first exhausts his administrative remedies. (<u>In re Dexter</u> (1979) 25 Cal.3d 921, 925; <u>In re Muszalski</u> (1975) 52 Cal. App.3d 500, 503).

Petitioner has failed to state facts sufficient to warrant issuance of a writ of habeas corpus.

The petition is denied.

Dated: 1-3-07

Judge of the Superior Court

2

Lodgment 5

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

## Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
F I L E D

FEB 2 2 2007

By LEISA V. BIGGERS, CLERK/ADMINISTRATOR
_____
Deputy

In re

ANTHONY ARCEO,

On Habeas Corpus.

F052216

BY THE COURT*:

The "Petition For Writ Of Habeas Corpus," filed in this court on February 13, 2007, is denied.

_____ Acting P.J.

*Before Harris, Acting P.J., Cornell, J., and Kane, J.

Lodgment 6

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

□ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

□ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570



## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

April 10, 2007

Anthony Arceo, CDC# J-17830
RJ Donovan Correctional Facility
P.O. Box 799003
San Diego, Ca 92179

Re:    F052216 – Arceo (Anthony) on H.C.

Dear Mr. Arceo:

We hereby return unfiled your petition for review, which we received April 9, 2007.  A check of the Court of Appeal docket shows that the judgment was affirmed February 22, 2007.  This court lost jurisdiction to act on any petition for review March 24, 2007.  (See Cal. Rules of Court, rule 8.500(e).)  Without this jurisdiction, this court is unable to consider your request for legal relief.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court,

Joseph Cornetta

By:  Joseph Cornetta, Deputy Clerk

Enclosure

Ex. A

0067

APRIL 3, 2007.

to: DEAR COURT CLERK
fr: ANTHONY ARCEO, J-17830

re: FILING PETITION FOR REVIEW,

Declaration of Anthony Arceo,

1)    Declarant Anthony Arceo is a prisoner at RJ Donovan, prison III-Yard.

2)    Declarant does not have a functioning law library he can go to and study daily.

3)    Declarant is a sensitive needs inmate.

4)    Declarant is on a sensitive needs yard (III-Yard), housing protective custody inmates, and per the state of california's governer all Lancaster "SNY" inmates were transfered to RJ Donovan from November 2006 through February 2007.

5)    Declarant states that RJ Donovan's central library is for the General Population "GP" inmates.

    a)  "SNY" inmates turn in request one week and get copies of books back the following week.

    b)  "SNY" court deadlines are dealt by handing court deadline order and then its returned the following week.

    c)  "SNY" III-Yard law library is non-existent. Most all legal books are in boxes. The library consists mainly of "order book forms" you fill out and turn in once a week and receive it at the next weeks yard. This is providing that yard is available.

    d)  Declarant received his court order sometime in the second week of March, and on the 21 of March he handed the librarian the appellate courts deadline. On the 27 of March he handed a Petition for Review to make two copies for the court and one copy for the attorney general.

A-1

I declare that I am a resident of San Diego, Ca. I am over the age of 18 years and a party to the within entitled cause. My address is RJ Donovan Corr. Facility, Po Box 799003, San Diego California, 92179.

Anthony Arceo    J-17830

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true, and correct. Executed on April 4 2007, at San Diego, Ca.

Anthony Arceo    J-17830

in propia persona

# Lodgment 7

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT** 804 SENT TO RECORDS BY: _____ DATED: _11-1-97_

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| J-17830 | ARCEO | EPRD 5-6-2014 | CCI-IVB | ~~SC-1051~~ | IVB-97/10-8 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR § 3016 | POSSESSION OF I/M MANUFACTURE ALCOHOL | | H.U. #5C-105 | 10/26/97 | 0945 HRS. |

CIRCUMSTANCES On Sunday, October 26, 1997, at approximately 0945 hours, while working Position 5223R, Housing Unit #5, Floor Officer, I was conducting cell searches in "C" section. While searching 5C-105, I found a laundry bag hanging from the shelves that contained approximately two (2) Gallons of a orange pulp substance suspected to be "Pruno" Inmate made Manufactured Alcohol in a plastic bag, and thirteen (13) apples. At this time cell 5C-105, is jointly occupied by Inmates ARCEO, J-17830, and inmate BARA, J-97157. Inmate ARCEO claims full responsibility of the "Pruno". The contents of the bag were verified as pruno by Correctional Sergeant J. Finch. The pruno was disposed of per Institutional policy. Inmate ARCEO speaks and understand English and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R. DURAN, Correctional Officer | 11-1-97 | H.U. #5 FLOOR OFF | Mon/Tue |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
| J. FINCH, Unit Sergeant | 11-1-97 | DATE ___ N/A ___ LOC. ___ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | C-(11) | 11/3/97 | R. GROUNDS, CORRECTIONAL COUNSELOR II | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING |
|---|

| CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | B. Johnson | 11/3/97 | 1500 | |
| INCIDENT REPORT NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

On 12/02/97, Inmate ARCEO, J-17830,1C-205-U, appeared before me and stated he was in health and was prepared to proceed with the hearing. He was given a copy of the charges all pertinent reports more than twenty-four (24) hours prior to the hearing. He was advised the results of this hearing are not final until reviewed and approved by the Chief Disciplinary Officer, and that after that review he will receive his final copy of the completed CDC-115. He was apprised of his right to appeal this action. He was advised of the Credit Restoration procedures pursuant to CCR Title 15, §3327 and 3328.

Inmate ARCEO, D-99750, **DID NOT** request the presence of witnesses when asked during the hearing conducted on December 02, 1997.

Investigative was assigned pursuant to California Code of Regulations Title 15, §3315(d)(1).

Read the charges as written to Inmate ARCEO, J-17830 and he admits the charges contained the Rules Violation Report. ARCEO had no statement to make in defense to the charges. ARCEO did admit that he was solely responsible for the charges that he alone was guilty.

| TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | |
|---|---|---|---|
| (TYPED NAME) | SIGNATURE | DATE | TIME |
| ERALL, Senior Hearing Officer | | 12/02/97 | |
| BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| Williams, FC | 12/26/97 | JE Vaughn | 4/26/97 |
| CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | B. Johnson | 12/3/97 | 0800 |

(18)

0070

OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                              PAGE___ OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| J-17830 | ARCEO | IVB-97/10-81 | CCI-IVB | 12/02/97 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

ARCEO had no further statements or comments to make in regards to the Rules Violation Report.

INMATE ARCEO, J-17830; is being found GUILTY of possession of Inmate Manufactured Alcohol, which is a violation of the California Code of Regulations section §3016, based on the preponderance of evidence submitted at the disciplinary hearing. The evidence submitted included:

1). The written report of Correctional Officer R. Duran describes the Officer searching cell 5C-105, finding, and confiscating a laundry bag with approximately two (2) gallons of an orange pulpy substance that was inmate alcohol. ARCEOs' possession of inmate made alcohol is a violation of the California Code of Regulations section §3016.

2). The finding is substantiated by the verification of the confiscated liquid as being "pruno" by Correctional Sergeant J. Finch, an experienced Sergeant, as is stated in the Rules Violation Report.

3). The finding is further substantiated by the admission of Guilty to the charges made by ARCEO, J-17830 during the disciplinary hearing conducted on December 02, 1997. ARCEO offered no defense to the charges or any compelling justification for violation of the code of Regulations.

FINDING: Inmate ARCEO. J-17830 is being found GUILTY AS CHARGED based on ARCEO own admission and information contained in the Rules Violation Report.

DISPOSITION: ASSESSED 120 DAYS FORFEITURE OF CREDITS FOR DIVISION C-11 OFFENSE. ASSESSED 90 DAYS LOSS OF PRIVILEGES INITIATING OCTOBER 26, 1997, AND TERMINATING ON JANUARY 25, 1998,

PRIVILEGES RESTRICTIONS: NO MAIN YARD ON WEEKENDS, NO QUARTERLY PACKAGES.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | C.C. OVERALL Senior Hearing Officer | 12/02/97 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | B. Johnson | 12-3-97 | 0800 |

CDC 115-C (5/95)                                                              95 30415

STATE OF CALIFORNIA.                                                      DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| J-17830 | ARCEO | CCR § 3016 | 10/26/97 | CCI-IVB | IVB-97/10-81 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☒ NOT ASSIGNED | REASON DNMC PER CCR 3315 (d) (2) |
|---|---|

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☒ NOT ASSIGNED | REASON DNMC PER CCR 3315 (d) (1) |
|---|---|

EVIDENCE/INFORMATION REQUESTED BY INMATE:
—NONE— CO

### WITNESSES                                              NONE REQUESTED

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ B. Johnson | TIME 1500 | DATE 11-3-97 |
|---|---|---|---|

DC 115-A (7/88)                    — If additional space is required use supplemental pages —                    88 86095