Anthony Arceo, J-17830
a pro se litigant

FILED
2008 MAR 11 PM 2:47
CLERK US ...
SOUTHERN DISTRICT ... CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRIRT COURT

FOR THE SOUTHERN DISTRICT

ANTHONY ARCEO,
    petitioner,

V

WARDEN: Robert Ayers,
    respondent,

CASE:

Civil 07-2131 W (BLM)

petitioners travers
per THE COURTS BRIEFING
SCHEDULE 12/20/2007

TO THE HONORABLE PRESIDING JUDGE AND ASSOCIATE JUSTICES IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF CALIFORNIA.

INTRODUCTION

Comes now, petitioner Anthony Arceo, hereby petitions this court for writ of habeas corpus, directed to this honorable United States District Court commanding Warden to cease taking good time credits in excess of thirty days as mandated in Penal Code § 2932, this directly affects this petitioners out date, wher by the resondent would be required to re evaluate this petitioners out date.

Petitioner represents to this court that he is held and confined in the Department of Corrections facility in San Diego, California making him serve longer and denying him liberty in

violation of the due process clause listed in the 6th & 14th Amendments to the United States Constitution.

Statement of Facts

1. Petitioner admits he is in RJ Donovan and challenges the ability to take credits and the restoration of those credits. Director Rule § 3016, Penal Code § 2932.

2. Petitioner has filed his appeals and what seems a raising factor is after he has filed his conviction appeal any later claim which attacks his sentence could be seen as a second appeal although in the instant case petitioner has filed a CDC appeal the issue of venue and jurisdiction became known to me after I read in re Dikes, and that was in 2006.

3. Petitioner filed each level in the state provided appellate procedure.

4. Petitioner originally filed his state claim in Los Angeles as this was proper jurisdiction and venue for the facts as they appeared to petitioner.

5. Petitioner filed in every court where his was permitted to and filed in the California Supreme Court.

6. Petitioner asked this court to take judicial notice that RJ Donovan did not have a functioning law library during this time and a year later its not complete.

2

7.  Petitioner believes he is entitled to the relief sought in this brief that is supported by attached memorandum of points and authorities.

MEMORANDUM OF POINTS AND AUTHORITIES

I

Petitioners sole avenue seeking a speedy release is by way of habeas corpus PREISER V RODRIGUEZ 411 US at 500. The respondent claims that petitioner is barred from review through default for failure to 1. litigate in a timely manner. 2. No exhaustion of remedies. 3. Un-Timely in the California Supreme Court.

IN RESPONSE

Petitioner found out CDC was arbitrarily denying those who recieve good time credits which effects out dates and release by taking more than the statute provides. see Penal Code § 2932.

Petitioner has no control if CDC arbitrarily claims a appeal is barred by statute. However they continue to break the law by taking 120 days over the statutes' 30 day mandate.

Petitioner appologizes for appearing sloppy yet after my sensitive needs yard was transfered to RJ Donovan we could not mix with the main line inmates causing no legal library. She walked by weekly to pick up and drop off. To this day only six inmates are allowed inside and its still not complete. (legal law library)

Justified delay

II

Due process allows courts to hear habeas corpus, mandamus/ prohibition, or appeals of a agrieved party. The habeas corpus is not even stopped during war. Petitioner believed that the state corrections was following the law, and once he read in re Dikes he never knew.

4

1  CDC cannot continue to take time arbitrarily if it violate the due process clause, whether or not if it was authorized McClendon V Turner 765 F Supp 251, 254 (WD Pa 19 1), also the practice can constitue a policy or established procedure even if its contary to state law HICKS V FEENEY 770 F2d 375, 378-79 (3d cir 1985), and particularly if the deprivation amounts to a policy of failing to enforce the law ANDERSON V CITY OF NEW YORK, 611 F Sup 481, 492 (SDNY 1985).

2. CDC controls many aspects of a prinoners life as a hearing and the appeal to that hearing ZINERMON V BURCH 494 US at 138; PLUMER V STATE OF MARYLAND 915 F2d 927,931 (4th cir 1990).

3 CDC should be ordered to cease taking excess credits that allowable as enumerated within Penal Code § 2932.

III

Petitioner began his post conviction appeal in 1994 completing in the United States Supreme Court in 2005 # 05-8112 and a applacation to file a second appeal in CA- 07-74339. see exhibits A and B.  Therefore prior to this case comming to fruition he was towards the end of his appeal.

IV

Petitioner has never been charged for bginging alcohol onto prison grounds. Penal Code § 4573.5 clearly apply to those who bring alcohol onto prison grounds.  While prisoners who are

incarcerated in prison lose and gain credits within Penal Code §§ 1170, 2931, 2933, 2932, and CCR § 3016. And since petitioner receives half time the punishment is a 300% mark up from the statutory 30 days.

## CONCLUSION

Petitioner prays that this court grants this writ or in the alternative it grants what ever judgement this court feels correct.

I am the declarant in the above entitled action, I have read the foregoing documents and know the contents thereof and the same is true of my knowledge, except as to those matters stated herein upon information and belief, and as to those matters I believe them to be true.

Executed on March 9           2008, at RJ Donovan, state Prison Po Box 799003, San Diego, Ca. 92179.

Anthony Arceo J-17830
pro se litigant

# EXHIBIT COVER PAGE

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**

**NUMBER OF PAGES TO THIS EXHIBIT:** _2_ **PAGES.**

**JURISDICTION: (Check only one)**

☐ CDCR Administrative Appeal

☐ California Victim Compensation
    And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☐ United States District Court

☒ United States Circuit Court

☒ United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

February 21, 2006

William K. Suter
Clerk of the Court
(202) 479-3011

Mr. Anthony A. Arceo
Prisoner ID #J-17830
CSP/LAC/C1-236
P.O. Box 8457
Lancaster, CA 93536

Re: Anthony A. Arceo
v. Tom L. Carey, Warden, et al.
No. 05-8112

Dear Mr. Arceo:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter

William K. Suter, Clerk

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY A. ARCEO,<br><br>Petitioner,<br><br>v.<br><br>ROBERT HERNANDEZ, Warden,<br><br>Respondent. | No. 07-74339<br><br>ORDER |

Before: GOODWIN, REINHARDT and W. FLETCHER, Circuit Judges.

The application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court is denied. Petitioner has not made a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

No petition for rehearing or motion for reconsideration shall be filed or entertained in this case. *See* 28 U.S.C. § 2244(b)(3)(E).

MOATT

# VERIFICATION

**STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, ANTHONY ARCEO DECLARE UNDER THE PENALTY OF PERJURY THAT: I AM THE Declarant/Prisoner IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 9 DAY OF March, AT R.J.D. STATE PRISON, 480 Alta Road, San Diego, CA 92179

(SIGNATURE) _Anthony Arceo_
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

( C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746 )

I, ANTHONY ARCEO, AM A RESIDENT OF R.J.D. STATE PRISON, IN THE COUNTY OF S.D. STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: RJ DONOVAN MIAM CORR FAC, PO BOX 799003, SAN DIEGO, CA. 92179

ON 3/9/08, I SERVED THE FOREGOING:

1. NOTICE OF MOTION,   2. WRIT OF HABEAS CORPUS

(SET FORTH EXACT TITLE OF DOCUMENT IS SERVED)

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT Richad J. Donovan Correctional Facility

~~USDC EAST~~
~~2500 TULAREST.~~
~~FRESNO, CA~~
~~93721~~

USDC SOUTHERN
880 FRONT STREET RM 4290
SAN DIEGO, CA. 92101-8900

AG OFFICE
PO BOX 944255
SACRAMENTO, CA.
94244

WARDEN; HERNANDEZ R
RJ DONOVAN CORR FAC
PO BOX 799003
SAN DIEGO, CA.
92179

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 3/9/08 _Anthony Arceo_
(DECLARANT/PRISONER)