1 ANTHONY ARCEO, J-17830
RJ DONOVAN CORR FACILITY
2 PO BOX 799003 F3B11-226
SAN DIEGO, CA. 92179
3



4

5

6              UNITED STATES DISTRICT COURT

7                   SOUTHERN DISTRICT

8 ANTHONY ARCEO,

9      VS                    /      CASE_____
                             /
10 JAMES TILTON, SECRETARY,   /      07CV 02131 W BLM
                             /
11                           /      OBJECTIONS TO REPORT AND
                             /      RECOMMENDATIONS, REQUEST
12                           /      RECONSIDERATION IN LIGHT OF
                             /      NEW EVIDENCE, POINTS AND
13                           /      AUTHORITIES, DECLARATION OF
                             /      ANTHONY ARCEO.
14                           /      FRAP, RULE 28, 30, 32-5
                             /
15 _____/

16

17      OBJECTIONS TO REPORT AND RECOMMENDATIONS, REQUEST RECONSIDER-

18      ATION IN LIGHT OF NEW EVIDENCE SUBSEQUENT TO ITS FINDINGS,

19      POINTS AND AUTHORITIES, DECLARATION OF ANTHONY ARCEO.

20 TO THE HONORABLE PAPAS, LEO, PRESIDING JUSTICE AND TO THE HONOR-

21 ABLE ASSOCIATE JUSTICES PAPAS, LEO, PRESIDING JUSTICES BARBRA

22 MAJOR (Mag. J), WHEELAN, THOMAS (DJ).

23      Pursuant to Federal Rules of Appellate Procedure Rule 28, 30,

24 and 32-5.  Petitioner Anthony Arceo request this court to reconsid-

25 er the brief filed by petitioner against the warden, Tilton,

26 Secretary.  On September 9, 2007 and that the court revokeits

27 findings and recommendations issued on June 8, 2008.  This recon-

28 sideration is made on the ground subsequent to the entry of its

                             1

order, a different state of facts has been discovered.  The Department of Corrections issued a mandate to all Wardens on August 1, 2005 and May 17, 2006 (a total of three pages) instructing them to adhere to the decision of in re Dikes(2004) 121 Cal App 4th 825.  This action warrants the granting of relief requested in full and secondly petitioner points to filings in federal courts proving diligence.  Lastly the prejudice is more fully set forth below.

## I.

A.   VIOLATION OF AEDPA (1) ONE YEAR ENACTMENT, UNTIMELY AND BARRED FROM FEDERAL REVIEW.

(I)  Petitioner can show diligence since his arrest in 1993 thru 2007 to familiarize himself with criminal law.  I raised forty-six issues all the way to the United States Supreme Court timely in action 05-8112.  And applied for a second successive petition on November 1, 2007 that was denied in action CA 07-74339, see attached USSC exhibit  M.  The denials were a product of not knowing the law and slick lawyering.  For one who is actually innocent this petitioner brought the witnesses from the alledged kidnap crime scene.

(II)  Petitioner filed a medical (prothesis), and property claim against the Department of Correction and Rehabilitation in action Anthony Arceo Vs Cal Terhune, et al, S00-0057 GBH GGH P that was litigated from 1997 through 2005.  This claim was settled by "CDC".

(III)  Petitioner request that there is very limited citations in in Shepards for (a) California Code of Regulation § 3016 see

1 exhibit N.   (b) Penal Code § 2932 see exhibit O.**(N is nonexistant)**

2 (IV)· Petitioner request the court to take judicial notice of

3 stated reasons to appeals coordinator at Lancaster State Prison

4 see exhibit GI, 11/10/05. and exhibit HI, 1/24/06.

5 (V)  Petitioner request the court to review petitioners reason for

6 filing in that jurisdiction. see exhibit A**1**,A**2**, in superior court

7 April 3, 2007.

8 (VI)  Petitioner contends the California department of Corrections

9 knows its taking excess amount of credit loss not enumerated in

10 Penal Code § 2932. see exhibit LII.  Prior to the Dikes petitioner

11 had no reason to believe California Department of Corrections

12 would take excess amount of time credits.

13 (VII)  Petitioner did not have foreknowledge of Dikes too add this

14 claim or any future "CCR Infraction" in his original habeas Corpus.

15 If Petitioner can show that pursuing available administration

16 remedies would be futile, the purpose behind the requirement of

17 exhaustion are no longer served, and thus a court will release the

18 petitioner from the requirement. BEHARRY V ASHCROFT 329 F3d 51.

19 (VIII)  Petitioner contents cause remains and will continue to

20 exist as long as the violation continues.  A defendant who admits

21 unconditionally all elements to the formal charge, and in absence

22 of court approved reservations of issue for appeal waives all

23 challenges to prosecution except those going to the courts

24 jurisdiction. US V LASAGA 328 F3d 61.

25

26                              II.

27 B   RESPONDENT ARGUES DENIAL, PETITION AS UNTIMELY AND

28     UNEXHAUSTED AT THE ADMINISTRATIONS LEVEL

                                3

(1)  Petitioner contends that the California Department of Corrections refusal to file appeal in 2005. BEHARRY V ASHCROFT 329 F3d 51.

(2)  Petitioner contends the California Department of Corrections knows its breaking the law as written in Penal Code § 2932, see particular exhibits L, LI, LII.

(3)  Petitioner contends inmate manufactured alcohol is only a thirty day credit loss violation pursuant to Penal Code § 2932. see exhibit LII.  "CDC" should not be rewarded with these gross excess credit taking.

(4)  Petitioner contends that the Department of Corrections requires petitioner and the court to adhere to the law except itself.

(5)  Petitioner request this court to take judicial notice that petitioner would of been timely first had he known "CDC" took excess amount of time. And secondly he was fighting for his life literally, by gangs, officers, and conviction.  It should be noted also that as petitioner was filing in the California Supreme Court RJ Donovan had no legal library on his new yard.  The main law library worked by request every saturday, requested material would hopfully be brought the next following Saturday.  This of course works if you know what to request and list correct listings by your memory.  The most importantissue is you would have to wait by the door as no announcement was made prior to each visit to the block.

(6)  Petitioner contends that any default of administrative remedies is error by cause, each Warden knows that they are taking excess amount of time not required by California State law Penal Code § 2932.  Admission by agents AGHA V RATIONAL SOFTWARE CORP. 252 F SUP 2d 1074.  see also mental state MCEUIN V CROWN EQUIPMENT CORP. 328

4

F3d 1028; cf PARKER V REDA 327 F3d 211; Secondly he could not of

had foreknowledge to add claim and future claims to habeas corpus

already before the court in action (Third District Court of Appeals

on direct CO18338 on habeas CO23423).  All those serving more than

thirty days is against the law and extremely prejudicial. REED V

ROSS 408 US 1, at page 12. see exhibit P.  Petitioner is serving

three hundred percent more than all those not receiving half time.

KOERNER V GRIGAS 328 F3d1039; WAINWRIGHT V SYKES 433 US at 84.

All these credits are not allowed to be returned.


                              III.


     Petitioner appologizes for not seeing each cause correctly nor

succinctly.  Its rare when one states the facts just as they are.

In my jury trial 15 years ago the attorneys just got convictions

regardless of how it was reached.  Its the same in my appeal every-

one seemed to side step my issues (fighting before my jury, attack-

ed).  I'm no attorney But I can see the California Department of

Corrections violate this law almost daily, see ( Q ),  While

hiding behind another law. ATENCIO V IPSON 62 FED APPX856.  All my

citations are probably slightly off for one reason or another or

another.  However they can be viewed as persuasive authority.

NORTH AMERICAN CONST. CORP. V US 56 FED LL 73.  The prejudice is

clear I'm doing more time than by "CDC" is taking more time than

allowable. ROSE V CLARK (1986) 478 US 570, 577.  This time is

barred for restoration of credits by California Code of Regulation

CCR § 3327(a)(1) as applied by Directors Rule of the same section

Title 15 § 3327(a)(1).

```
1  ANTHONY ARCEO J-17830
   RJ DONOVAN CORR FACILITY
2  PO BOX 7990033  F3B11-226
   SAN DIEGO, CA. 92179
3

4

5

6              UNITED STATES DISTRICT COURT

7                  SOUTHERN DISTRICT

8  ANTHONY ARCEO,
           petitioner,        /
9          VS                 /      CASE_____
   JAMES TILTON, SECRETARY,   /
10          respondent,       /         07  CV  02131 W  BLM
                              /
11                            /      DECLARATION IN SUPPORT OF
                              /      OBJECTIONS TO REPORT AND
12                            /      RECOMMENDATIONS in LIGHT OF
                              /      NEW EVIDENCE. FRAP RULE 28, 30,
13                            /      and 32-5
                              /
14 _____/_____
```

15    DECLARATION OF ANTHONY ARCEO IN SUPPORT OF

16    OBJECTIONS TO REPORT AND RECOMMENDATIONS

17

18    I, Anthony Arceo, declares;

19 1.   I'm petitioner in the above entitled case and action.

20 2.   On June 5, 2008 the Southern District Magistrate Judge Barbra

21 Major entered her findings and recommendations.

22 3.   Since the entry of the above order, a new and different state

23 of facts has been discovered.  These new facts are:

24       The Department of Corrections memorandum dated August 1, 2005,

25       (1) one page.  A memorandum dated May 17, 2006 (1) one page,

26       and another page titled "Briefing Topics / in re Dikes" all

27       are based on recommendations made by the office of legal

28       affairs (OLA) for a total of 3-pages.

                                 6

4.   Petitioner had no idea these documents existed. Petitioner would never withhold admissions as important as these from the court. These admissions however amount to acknowledgement and state of mind. Also too their refusal to act in the instant case.

5.   Petitioner request Judicial Notice to the documents previously attached to September 9, 2007. see exhibit A - Q. within originally filed habeas corpus. And;

     a)   Director of Corrections memo to all wardens, previously acknowledged appeal LAC x 05 03398, see exhibit I- 1. Route slip October 20, 2005.

     b)   Petitioners explination to appeals coordinator November 10, 2005; reasons for timely. see exhibit H-1.

     c)   Petitioner again explained to appeals coordinator that there is always a judicial remedy for a injury or tort. A court of equity should always exist. Dated January 24, 2006 see exhibit G-1. numbered 5 and 6.

     d)   Petitioners explination to court clerks that there is no law library on my yard and the exact date I handed my yard librarians deadline for copies for my Petition for Review. see exhibit A1, A2, numbered 5- c and d.

     e)   The Director of Corrections memo to all Wardens, see LII, begining at second paragraph forth dot "Based on Recommendations made by the office of legal affairs (OLA)- Fermentation or Distillation for production of alcohol 3323(e)(11), a division "C" offense is being revised to a **division "F" offense**. see exhibit LII.

6.   Petitioner is barred by the California Code of Regulations § 3327 (a)(1) from credit restoration for a "C" offense. see

1  exhibit P.

2  7.  Petitioner contends there is no rational basis for CDC not to

3  follow the law Penal Code § 2932.  The Department of Corrections

4  comes before this court with unclean hands.  This appeal was filed

5  and logged. see exhibit I1.  The Appeal Coordinator was aware of

6  the changes as stated in the memorandum August 1, 2005. see exhibit

7  L.   See petitioners response to appeals coordinator November 10,

8  2005, see exhibit  H1.  This appeal was logged then stripped of

9  number.

10 8.  Petitioner has attached all documents to original habeas corpus

11 filed on September 14, 2007, before this court and reincorporates

12 particular portion for this brief.

13 9.  Petitioner attached the Department of Correction Memorandum to

14 all Wardens for first time L, LI, LII.

15

16                          CONCLUSION

17 For all the reasons stated within this brief the court should

18 consider the new admissions as stated in theses Wardens memorandums

19 and view the California Department of Corrections stated reasons

20 to not filed and lies as to breaking the law for alcohol infrac-

21 tions is 120 days and not 30 days. Please reverse or give any

22 alternative judgement the court seea as correct.

23 I declare under the penalty of perjury, under the laws of this

24 State of California that the foregoing is true and correct.

25 Dated  July 22, 2008  2008

26                                      ANTHONY ARCEO J-17830

27                                      a pro se litigant

28

                        8

## VERIFICATION

# STATE OF CALIFORNIA
# COUNTY OF SAN DIEGO

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, **ANTHONY ARCEO** DECLARE UNDER THE PENALTY OF PERJURY THAT: I AM THE Declarant/Prisoner IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 19 DAY OF JULY AT R.J.D. STATE PRISON, 480 Alta Road, San Diego, CA 92179

(SIGNATURE)

(DECLARANT/PRISONER)

# PROOF OF SERVICE BY MAIL

( C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746 )

I, **ANTHONY ARCEO**, AM A RESIDENT OF R.J.D. STATE PRISON, IN THE COUNTY OF S.D. STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM I AM NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: RJ DONOVAN CORR. FACILITY, PO BOX 799003, SAN DIEGO, CA. 92179

ON JULY 19, I SERVED THE FOREGOING:

**OBJECTIONS TO REPORT AND RECOMMENDATIONS / AND NEW EVIDENCE**

(SET FORTH EXACT TITLE OF DOCUMENTIS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT Richad J. Donovan Correctional Facility

USDC SOUTHERN
880 front street STE 4290
SAN DIEGO, CA. 92101

ATTORNEY GENERAL OFFICE
PO BOX 944255
SACRAMENTO, CA. 94244

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: July 22, 2008

(DECLARANT/PRISONER)

# ATTACHMENT

APRIL 3, 2007.



to:  DEAR COURT CLERK
fr:  ANTHONY ARCEO, J-17830

re:  FILING PETITION FOR REVIEW,

Declaration of Anthony Arceo,

1)    Declarant Anthony Arceo is a prisoner at RJ Donovan, prison III-Yard.

2)    Declarant does not have a functioning law library he can go to and study daily.

3)    Declarant is a sensitive needs inmate.

4)    Declarant is on a sensitive needs yard (III-Yard), housing protective custody inmates, and per the state of california's governer all Lancaster "SNY" inmates were transfered to RJ Donovan from November 2006 through February 2007.

5)    Declarant states that RJ Donovan's central library is for the General Population "GP" inmates.

    a)  "SNY" inmates turn in request one week and get copies of books back the following week.

    b)  "SNY" court deadlines are dealt by handing court deadline order and then its returned the following week.

    c)  "SNY" III-Yard law library is non-existent. Most all legal books are in boxes. The library consists mainly of "order book forms" you fill out and turn in once a week and receive it at the next weeks yard. This is providing that yard is available.

    d)  Declarant received his court order sometime in the second week of March, and on the 21 of March he handed the librarian the appellate courts deadline. On the 27 of March he handed a Petition for Review to make two copies for the court and one copy for the attorney general.

I declare that I am a resident of San Diego, Ca. I am over the age of 18 years and a party to the within entitled cause. My address is RJ Donovan Corr. Facility, Po Box 799003, San Diego California, 92179.

_Anthony Arceo_    J-17830

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true, and correct. Executed on _April 4, 2007_, at San Diego, Ca.

_Anthony Arceo_    J-17830

in propia persona

January 24, 2006



to: Appeals Coordinator

re: Screening compliance, Inmate Arceo
    believes denial would be error

fr: Anthony Arceo, j-17830, FCB1-236


    Mr. Appeals Coordinator, I believe a decision of denial due to

to great of time lapse between the action or decision occurred and when

I filed my appeal would be error for the following reasons,

    The law is clear,

1.  The department of corrections is mandated by the Penal Code and the
    constitution.

2.  A defendant cannot be held liable for not raising a issue or law
    when (1) he is unaware of it. (2) believes the department of
    corrections is abiding by that very law.

3.  Only in criminal cases are laws retroactively applied.

4.  The department of corrections and the courts are mandated to apply the
    law as it exist.

5.  At any time should error or tort arise after a decision was reached
    in error, as a matter of law due process allows a appeal to settle
    the matter. (exhaustion for instance)

6.  Due process allows courts to hear suits, mandamus/prohibition, or
    appeals of a aggrieved party. Not even in war has barred this
    inherent right.

    I ask you Mr. Sampson to please correct my credit forfieture that

justice and law requires.

    Thank you for your time in this matter.

Dated _January 24, 2006_                    _Anthony Arceo_
                                            Anthony Arceo J-17830

2006 FEB -7 AM 10:36
CCI - TEHACHAPI
APPEALS OFFICE

November 10, 2005

to: Appeals Coordinator

re: Explanation and Supporting documents
as to timeliness of appeal for good
time credits.

fr: Anthony Arceo, J-17830, FCB1-236

Mr. Appeals Coordinator I'm responding promtly to your concern
of tardiness. I became aware of new law in re DIKES, 18 Cal. Rptr. 3d
9, (Cal. App. 1 Dist. 2004) that was provided in the law library. This
is a new 2004 series.

This california court ruled Penal Code §§ 2932 enables credit loss
for general acts of misconduct of not more than thirty (30) days. How-
ever, those enumerated violations within Penal Code § 2932 that can be
prosecuted also enable credit forfeiture for ninety or one hundred and
eighty days.

Mr. Appeals Coordinator, my wine violations are of the general kind.
I also had no idea that "120" days forfeiture was excess.

Finally, I implore you to consider my appeal for credit restoration
and any credit adjustments.

Sincerely,

DATED: 11/10/05

ANTHONY ARCEO J-17830

NOV 1 5 2005

# INMATE APPEAL ROUTE SLIP

To: CCI

Date: October 20, 2005

From: INMATE APPEALS OFFICE

Re: Appeal Log Number LAC-X-05-03398 By Inmate ARCEO, J17830

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: DISCIPLINARY
Due Date: 11/29/2005
Special Needs: DNM - PERM MOBILITY IMPAIRED

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

C. A. COLLINS
INMATE APPEALS OFFICE
CSP - Los Angeles County

05 OCT 25 PM 2: 36  CCI – TEHACHAPI

2006 FEB -7 AM 10: 36  CCI – TEHACHAPI
APPEALS OFFICE

**...TE/PAROLEE**
**...AL FORM**
(2/87)

Location:  Institution/Parole Region
1. _LAC-X-_
2. _CCI.05_

Log No.
1. _05-03398 #/1/DIV.C_

Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME ANTHONY ARCEO | NUMBER J-17830 | ASSIGNMENT G.E.D. | UNIT/ROOM NUMBER FCB 1-236 |
|---|---|---|---|

A. Describe Problem: THE UNITED STATES SUPREME COURT STATED IN SUPERINTENDANT V HILL (1985) 472 US 445, 447, 105 SCT 2768, 86 LED2D 356, ALL EVIDENCE IS SUBJECT TO THE SOME EVIDENCE RULE, HOWEVER ON REVIEW THIS EVIDENCE IS NOT SUBJECT TO THE EXAMINATION OF THE ENTIRE RECORD, INDEPENDANT ASSESSMENT OF THE CREDIBILITY OF WITNESSES OR WEIGHING OF SAID EVIDENCE.   (1) THE DEPARTMENT OF CORRECTIONS WITNESSES ARE TRAINED AS EXPERTS, a) THEY HANDLE AND CONTROL ALL EVIDENCE THEY ALSO HANDLE AND CONTROL ALL ADJUDICATIONS BROUGHT BY THESE SAME EXPERTS. THE FINDINGS BASED UPON THE DEPARTMENT OF CORRECTIONS "AGENCIES" GOOD NAME.

If you need more space, attach one additional sheet.

B. Action Requested: THE DISCIPLINE "CREDIT LOSS" IMPOSED FOR A VIOLATION OF DIRECTOR'S RULE § 3016 POSSESSION OF INMATE MANUFACTURED ALCOHOL HAS NOR WAS INTENDED FOR PROSECUTION UNDER PENAL CODE §§ 347(b) OR ELSEWHERE. THEREFORE THE AGENCY CAN NOT IMPOSE A CREDIT FORFIETURE OF MORE THAN THIRTY (30) DAYS PER PENAL CODE

Inmate/Parolee Signature: _Anthony Arceo_    Date Submitted: _9/27/05_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, ... pleted CDC 115, Investigator's Report, Classification chrono (CDC 128, etc.) and submit to the Institution ... ing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

| 5 | 0 | 10 | 3 | 0 | 5 |
|---|---|---|---|---|---|

SEP 2 9 2005    OCT 1 3 2005    JAN 2 6 2006    (1 OF 2)
S/C

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                   Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _10-13-05_

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _10-13-05_ Due Date: _11-29-05_

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Dear inmate appeals officer, I'm hoping that you can rectify this problem. My appeal has been exhausted at the second level. The second level reviewer denied my appeal due to "to great of time lapse between the incident and appeal" see attached part H*

Signature: *Aubrey Crew*          Date Submitted: *3/6/06*

For the Director's Review, submit all documents to: Director of Corrections
                                     P.O. Box 942883
                                     Sacramento, CA 94283-0001
                                     Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

     Attached Letter

CDC 602 (12/87)                                          Date: _____

State of California

Department of Corrections and Rehabilitation

RECEIVED
WARDEN'S OFFICE
PVSP

# Memorandum

Date : August 1, 2005

'05 AUG -2 PM 1:03

To :

Associate Directors-Division of Adult Institutions
Wardens

Subject: APPROPRIATE CLASSIFICATION OF CDC FORM 115 RELATIVE TO A
POSITIVE URINALYSIS TEST FOR MARIJUANA

Please be advised, effective immediately, a CDC Form 115 charging an inmate for
"Possession of a Controlled Substance" based *solely on a positive urinalysis
test result for marijuana* pursuant to California Code of Regulations (CCR),
Section 3290(f) is to be classified as a Division "F" offense with a maximum credit
forfeiture of 30 days.   This change in policy is based on direction provided from
the Legal Affairs Division in light of the recent court decision In re Dikes (2004) 121
Cal. App.4th 825 (*Dikes*) and existing law, specifically California Penal Code,
Section 2932.

In addition, inmates who have previously been found guilty of "Possession of a
Controlled Substance" based *solely on a positive urinalysis test* for *marijuana* will
be allowed to request return of forfeited credits and re-instatement of specific
privileges.  Upon request by the inmate, institutional staff will ensure the requests are
forwarded to the institution Chief Disciplinary Officer (CDO) for review of eligibility
and modification of any disposition resulting in a forfeiture of credits in excess of 30
days, if deemed to meet the criteria, as the result of a guilty finding for a charge of
"Possession of a Controlled Substance" as indicated above.

It will be the responsibility of the CDO to modify the disposition from a Division "B"
offense, classified under CCR 3323(d) (6), to a Division "F" offense, classified under
CCR 3323(h) (3), with a maximum credit forfeiture of 30 days and forward the revised
disposition to Case Records for re-calculation.   Additionally, privilege sanctions
resulting in the inmate being placed on mandatory random drug testing and loss of
visits would need to be updated.

However, if additional information is included in the original charge that would
indicate the inmate was in possession of a controlled substance prior to being
ordered to test, and supported by the subsequent positive urinalysis test, i.e. the
inmate was observed smoking and there was an odor of marijuana in the air, or the
inmate was seen attempting to dispose of a suspected substance, where these



CDC 1617 (3/89)

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:  May 17, 2006

To:  Wardens

Subject:  APPROPRIATE CLASSIFICATION OF CDC FORM 115 RELATIVE TO A POSITIVE URINALYSIS TEST FOR AMPHETAMINE/METHAMPHETAMINE, BARBITURATES, COCAINE, CODEINE, MORPHINE, AND PCP

Please be advised, effective immediately, a CDC Form 115 Rules Violation Report charging an inmate for "Use/Possession of a Controlled Substance" based *solely on a positive urinalysis test result* for *amphetamine/methamphetamine, cocaine, codeine, morphine, or PCP,* pursuant to California Code of Regulations (CCR), section 3290(f) is to be classified as a Division "E" offense with a maximum credit forfeiture of 60 days.

A CDC Form 115 Rules Violation Report charging an inmate for "Use/Possession of a Controlled Substance" based *solely on a positive urinalysis test result* for *barbiturates,* pursuant to CCR, section 3290(f) is to be classified as a Division "F" offense with a maximum credit forfeiture of 30 days. This change in policy is based on direction provided from the Office of Legal Affairs in light of the court decision *In re Dikes* (2004) 121 Cal. App.4th 825 *(Dikes)* and existing law, specifically California Penal Code, section 2932.

In addition, inmates who have previously been found guilty of "Use/Possession of a Controlled Substance" based *solely on a positive urinalysis test* for *amphetamine/methamphetamine, barbiturates, cocaine, codeine, m... ..... PCP* ... ... ... ... .. .... .... ... .......... ..... ... forfeited credits and reinstatement of specific privileges. Upon request by the inmate, institutional staff will ensure the requests are forwarded to the institution Chief Disciplinary Officer (CDO) for review of eligibility and modification of any disposition resulting in a forfeiture of credits in excess of the allowable credit forfeiture, if deemed to meet the criteria, as the result of a guilty finding for a charge of "Use/Possession of a Controlled Substance" as indicated above.

In the case of *amphetamine/methamphetamine, cocaine, codeine, morphine, or PCP,* it will be the responsibility of the CDO to modify the disposition from a Division "B" offense, classified under CCR 3323(d)(6), to a Division "E" offense, classified under CCR 3323(g)(8), with a maximum credit forfeiture of 60 days. In the case of *barbiturates,* it ... .. the responsibility of the CDO to modify the disposition from a Division "B" offense, classified under CCR 3323(d)(6), to a Division "F" offense, classified under CCR 3323(h)(3), with a maximum credit forfeiture of 30 days. It will be the responsibility of the CDO to forward the revised disposition to Case Records for recalculation. However, if additional information is included in the original charge that would indicate the inmate was in possession of a controlled substance prior to being ordered to test, and supported by the subsequent positive urinalysis test, i.e. the inmate was observed

# Briefing Topics
## Impact of the In Re Dikes decision

1. The use of marijuana is not a felony or misdemeanor offense in California, and pursuant to Penal Code section 2932, we can not assess a forfeiture of credits in excess of 30 days for a guilty finding for this charge.
2. PC 2932 dictates the amount of credit forfeiture that can be imposed for specified offenses based on whether the offense can be prosecuted as a felony, misdemeanor or whether it is a non criminal offense.

A memorandum dated August 1, 2005 provided direction to the field to classify 115s for positive urinalysis for marijuana as a Division "F" level offense, specifically "Use of Marijuana", and to return any forfeited credits above 30 days to inmates who were charged with "Possession of a Controlled Substance" based solely on a positive UA for marijuana, which was classified as a Division "B" offense.

Based on recommendations made by the Office of Legal Affairs (OLA), additional regulatory changes were made to ensure compliance with PC 2932 for the following offenses:

- Misuse, alteration, unauthorized acquisition or exchange of personal property, state funds or state property valued in excess of $400.00, 3323(d)(5), currently a Division "B" offense being revised to a Division "F" offense.
- Unauthorized possession of controlled medication, 3323(d)(6), a Division "B" offense being revised to "Possession of Contraband Medication, a Division "F" offense. NOTE: Medications containing any controlled substances as defined in section 3000 will still be charged as "Possession of a Controlled Substance", 3323(d)(6), a Division "B" offense.
- Unauthorized possession of materials or substances altered from their original manufactured state or purpose and which can be made into a weapon, explosive or explosive making material, poison, caustic substance, or any destructive device. Examples include but are not limited to metal, paper, plastic, wood, and wire, 3323(e)(3), a Division "C" offense being revised to a Division "F" offense.
- The fermentation or distillation of materials in a manner consistent with the production of alcohol, 3323(e)(11), a Division "C" offense being revised to a Division F offense.
- Refusing to provide a urine specimen for the purpose of testing for the presence of controlled substances, 3323(f)(1), a Division "D" offense being revised to a Division F offense.
- Possession of any container, device, contrivance, instrument, or paraphernalia intended for unlawful injection or consumption of narcotics, drugs, or alcoholic beverages, 3323(f)(2), a Division "D" offense to "Possession of Drug Paraphernalia as defined in section 3000", 3323(e)(9), revised and elevated to a Division "C" offense.
- Misuse, alteration, unauthorized acquisition, or exchange of personal property, state funds or state property valued at more than $50.00 but less than $400.00, 3323(g)(1), a Division "E" offense being revised to a Division F offense.
- Manufacture of alcoholic beverages in a community access facility, 3323(g)(2), a Division "E" offense being revised to a Division F offense.
- Work related offenses, 3323(g)(7)(A,B, &C), Division "E" offenses being revised to a Division "F" offense.

OLA also determined that we needed to add the charge of assault to the existing battery charges under CCR 3323 in order to come into line with Penal Code language.

OLA identified specific offenses which could be charged as solicitation.

# Supreme Court of the United States
# Office of the Clerk
# Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

February 21, 2006

Mr. Anthony A. Arceo
Prisoner ID #J-17830
CSP/LAC/C1-236
P.O. Box 8457
Lancaster, CA  93536

Re:   Anthony A. Arceo
         v. Tom L. Carey, Warden, et al.
         No. 05-8112

Dear Mr. Arceo:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K Suter*

**William K. Suter, Clerk**



TITLE 8

CALIFORNIA CODE OF REGULATIONS, As Amended to date

§ 1658
Subd. e
32CC12
Subd. f
32CC12

§ 1660
Subd. d
32CC13
Subd. k
176CA2d581
1CaR633

§ 1669
et seq.
1CA4th653

§ 1669
213CA3d1158
261CaR919
Subd. a
75CA3d1001
142CaR551
Subd. b
213CA3d1157
261CaR918
Subd. c
213CA3d1157
1CA4th654
261CaR918
2CaR2d307

§ 1670
251CA2d301
213CA3d1158
C 1CA4th642
59CaR290
261CaR919
C 2CaR2d299
Subd. a
213CA3d1157
1CA4th643
261CaR918
2CaR2d300

§ 1671
213CA3d1157
1CA4th653
261CaR918
Subd. a
213CA3d1157
261CaR918

§ 1675
196CA2d785
16CaR862
Subd. g
223CA2d140
35CaR550
28CC270

§ 1680
31CC151

§ 1710
C 1CA4th642
C 2CaR2d299

Subd. c
1CA4th647
2CaR2d303
¶ 3
1CA4th654
2CaR2d307
¶ 5
1CA4th654
2CaR2d307
Subd. d
1CA4th648
2CaR2d303
¶ e
1CA4th647
2CaR2d303
Subd. e
1CA4th648
2CaR2d303
Subd. f
1CA4th648
2CaR2d303
Subd. g
1CA4th644
2CaR2d300
¶ 1
1CA4th650
¶ 2
1CA4th645
2CaR2d301
¶ 3
1CA4th650
2CaR2d304
Cl. A
1CA4th643
2CaR2d300
Subd. h
1CA4th647
2CaR2d303

§ 1713
215CA2d419
30CaR153

§ 1730
120CA3d668
174CaR668

§ 1735
Subd. I
27CC223

§ 1768
141CA2d1043
191CaR337

§ 2300
et seq.
186CA2d447
9CaR48

§ 2305
186CA2d447
9CaR48

§ 2305.1
187CA3d391
231CaR868

§ 2305.2
187CA3d391
231CaR868

§ 2331
Subd. a
190CA2d733
12CaR170

§ 2340.23
187CA3d391
231CaR868

§ 2602
et seq.
181CA2d694
5CaR586

§ 2603
181CA2d700
186CA2d442
223CA2d128
238CA2d50
5CaR589
9CaR48
35CaR544
47CaR441
28CC263
30CC55
30CC365
Subd. a
238CA2d50
42CaR552
47CaR441
30CC51
30CC366
Subd. b
238CA2d50
42CaR552
47CaR442
30CC51
30CC366
¶ 1
238CA2d50
42CaR552
47CaR442
30CC51
¶ 2
238CA2d50
42CaR552
47CaR442
30CC51
¶ 3
238CA2d50
42CaR552
47CaR442
30CC51
Subd. c
238CA2d50
42CaR552
47CaR442
30CC51
Subd. d
238CA2d50
42CaR552
47CaR442
30CC51

Subd. e
181CA2d694
5CaR594

§ 2706
Subd. a
¶ 2
40PU@32

§ 2846
141CA3d1043
191CaR337
Subd. a
123CA3d644
176CaR736
Subd. d
123CA3d644
176CaR736

§ 3000
et seq.
181CA2d723
5CaR818

§ 3001
Subd. b
Cir. 9
721FS1156

§ 3003
136CA3d140
186CaR171
58CaAG175
Subd. a
136CA3d140
186CaR171
Subd. c
136CA3d140
186CaR171
Subd. e
136CA3d139
186CaR170

§ 3010
et seq.
13CaR694

§ 3014
Subd. c
214CA3d1540
263CaR353
Subd. d
214CA3d1540
263CaR353

§ 3015
Subd. c
214CA3d1540
263CaR353

§ 3022
Subd. e
169CA2d46
336P2d1047

§ 3030
Subd. f
214CA3d1540

263CaR353
Subd. k
214CA3d1540
263CaR353

§ 3032
Subd. a
214CA3d1541
263CaR353
Subd. c
214CA3d1541
263CaR353

§ 3034
Subd. a
214CA3d1541
263CaR353

§ 3041
Subd. c
214CA3d1541
263CaR353
Subd. d
214CA3d1541
263CaR353

§ 3053
Subd. c
214CA3d1541
263CaR353

§ 3098
189CA2d627
11CaR659

§ 3111
Subd. c
214CA3d1541
263CaR353

§ 3200
et seq.
67C2d185
69C2d219
181CA2d571
232CA2d370
5CaR189
27CaR844
42CaR754
60CaR499
70CaR558
430P2d57
444P2d350
33CC929

§ 3200
69C2d231
220CA2d172
232CA2d359
264CA2d85
266CA2d76
187CA3d391
33CaR716
42CaR754
70CaR145
70CaR559
72CaR15
152CaR305
231CaR868
444P2d351

28CC298
33CC930

§ 3202
69C2d231
176CA2d16
187CA2d768
232CA2d359
233CA2d870
266CA2d76
1CaR78
9CaR835
42CaR754
43CaR888
48CaR753
70CaR559
72CaR15
444P2d351
24CC306
33CC930
8HLJ124

§ 3204
16WSR102

§ 3210
Subd. a
120CA3d668
174CaR668
179CaR177

§ 3211
67C2d193
55CaR799
60CaR503
430P2d61

§ 3212
67C2d193
55CaR799
60CaR503
430P2d61

§ 3215
67C2d193
187CA2d316
9CaR490
55CaR799
60CaR503
430P2d61
Subd. a
223CA3d1131
273CaR57

§ 3219
55CaR799

§ 3221
55CaR799

§ 3222
67C2d193
233CA2d869
43CaR887
55CaR800
60CaR503

430P2d61

§ 3223
67C2d193
55CaR800
60CaR503
430P2d61

§ 3225
67C2d202
187CA2d31
187CA2d76
9CaR490
9CaR835
54CaR920
55CaR799
60CaR509
430P2d67
Subd. a
187CA2d31(
9CaR490
Subd. c
187CA2d31(
9CaR490

§ 3227
232CA2d355
42CaR751

§§ 3232 to 32
232CA2d359
42CaR748

§ 3232
232CA2d365
42CaR751

§ 3234
232CA2d366
42CaR752

§ 3235
232CA2d366
42CaR752

§ 3237
67C2d185
187CA2d316
9CaR490
54CaR921
55CaR798
60CaR503
430P2d61
Subd. a
67C2d202
55CaR800
60CaR509
430P2d67
Subd. b
67C2d202
187CA2d316
187CA2d768
9CaR490
9CaR836
55CaR800
60CaR509
430P2d67
Subd. c
55CaR800

20

**PENAL CODE (1872, A 1941)**

§ 2933

| | | | | | |
|---|---|---|---|---|---|
| :P2d893 | 253CaR520 | **Subd. c** | # 30CaR2d736 | 178CaR331 | Cir. 9 |
| 5P2d898 | 262CaR614 | 25C3d233 | Cir. 9 | 179CaR827 | 597FS1417 |
| P2d477 | 285CaR411 | 26C3d505 | 801F2d1095 | 183CaR454 | 65CaAG669 |
| 'P2d1074 | 599P2d92 | 30C3d161 | | 192CaR685 | 65CaAG672 |
| US1152 | 611P2d877 | 42C3d556 | **§§ 2932 to 2935** | 194CaR668 | 30CLA248 |
| E711 | Cir. 9 | C 94CA3d800 | 200CaR12 | 196CaR294 | 9Pcf79 |
| SC2266 | 597FS1406 | 117CA3d183 | | Up 196CaR402 | 9Pcf80 |
| ir. 9 | 10LoyL726 | 120CA3d823 | **§ 2932** | 199CaR503 | |
| F2d1094 | 9Pcf36 | 149CA3d384 | A 1977C165 | 200CaR13 | **Subd. b** |
| F2d546 | 65VaL1244 | 153CA3d698 | A 1979C255 | 207CaR223 | 42C3d562 |
| F2d390 | | 154CA3d116 | A 1980C1108 | 208CaR599 | 229CaR795 |
| FS1416 | **Subd. b** | 160CA3d52 | A 1982C1234 | 209CaR381 | 724P2d481 |
| FS420 | 25C3d233 | 161CA3d19 | A 1984C1120 | 210CaR474 | Cir. 9 |
| FS1247 | 26C3d506 | 184CA3d743 | A 1986C1446 | 211CaR600 | 801F2d1095 |
| aAG668 | 30C3d161 | 184CA3d752 | A 1987C56 | 214CaR507 | 65CaAG670 |
| CaAG49 | 30C3d161 | 206CA3d285 | A 1988C1626 | 217CaR807 | 9Pcf78 |
| CLA229 | 42C3d556 | 13CA4th1758 | A 1989C1420 | C 218CaR325 | |
| BC659 | C 94CA3d800 | C 155CaR912 | 25C3d234 | 221CaR400 | **Subd. c** |
| f82 | 98CA3d801 | 157CaR903 | 25C3d528 | 221CaR420 | 25C3d396 |
| LR895 | 106CA3d429 | 172CaR563 | 26C3d506 | 222CaR441 | 98CA3d801 |
| | 108CA3d492 | 175CaR56 | 30C3d162 | 229CaR791 | 139CA3d303 |
| bds. a to d | 112CA3d436 | 178CaR316 | 30C3d187 | 233CaR918 | C 208CA3d1024 |
| 3d556 | 125CA3d898 | 192CaR685 | C 39C3d932 | 253CaR516 | 208CA3d1025 |
| CaR791 | 128CA3d1030 | 196CaR803 | 42C3d556 | 255CaR36 | 230CA3d1595 |
| P2d477 | 149CA3d384 | 199CaR502 | 87CA3d793 | 262CaR609 | 158CaR386 |
| | 153CA3d698 | 200CaR552 | 91CA3d817 | 599P2d93 | 159CaR754 |
| **Subd. a** | 154CA3d116 | 201CaR63 | C 94CA3d800 | 601P2d552 | 188CaR658 |
| 3d233 | 157CA3d842 | 204CaR784 | 98CA3d801 | 611P2d878 | 233CaR919 |
| 3d504 | 160CA3d52 | 206CaR457 | 102CA3d952 | 636P2d5 | 233CaR921 |
| A3d427 | 161CA3d19 | 207CaR225 | 103CA3d477 | 636P2d20 | C 256CaR642 |
| A3d816 | 206CA3d285 | 212CaR530 | 112CA3d316 | C 705P2d898 | 256CaR643 |
| A3d49 | 13CA4th1758 | 216CaR68 | 112CA3d439 | 724P2d477 | 281CaR902 |
| CA3d804 | 18CA4th1028 | 229CaR791 | 116CA3d716 | 731P2d43 | 599P2d692 |
| A3d767 | 153CaR538 | 253CaR520 | 120CA3d823 | 476US1152 | 731P2d44 |
| CA3d946 | C 155CaR912 | 599P2d92 | 132CA3d782 | 90LE711 | 731P2d46 |
| CA3d527 | 159CaR754 | 611P2d878 | 145CA3d913 | 106SC2266 | 471US519 |
| CA3d1030 | 164CaR925 | 636P2d5 | 146CA3d944 | Cir. 9 | 85LE573 |
| A3d488 | 165CaR284 | 724P2d477 | 148CA3d909 | 801F2d1115 | 105SC2208 |
| CA3d909 | 166CaR606 | Cir. 9 | Up 148CA3d921 | 867F2d546 | Cir. 9 |
| CA3d384 | 169CaR514 | 801F2d1095 | 161CA3d15 | 597FS1416 | 597FS1417 |
| CA3d115 | 178CaR316 | 597FS1406 | 165CA3d377 | 635FS420 | 65CaAG670 |
| A3d842 | 178CaR446 | 65CaAG669 | 168CA3d525 | 65CaAG668 | 9Pcf21 |
| CA3d285 | 179CaR827 | 30CLA248 | 172CA3d48 | 70CaAG49 | |
| CA3d383 | 180CaR759 | 9Pcf78 | 176CA3d242 | 30CLA235 | **Subd. d** |
| A4th1758 | 196CaR803 | 65VaL1245 | 176CA3d929 | 9Pcf82 | 112CA3d438 |
| CaR443 | 199CaR502 | | 177CA3d464 | 13PLR895 | 115CA3d650 |
| CaR384 | 200CaR552 | **Subd. d** | 206CA3d280 | 65VaL1247 | 169CaR515 |
| 5CaR912 | 201CaR62 | 148CA3d921 | 207CA3d442 | | 171CaR460 |
| CaR238 | 203CaR863 | 149CA3d384 | 214CA3d375 | **Subd. a** | 233CaR919 |
| CaR551 | 206CaR457 | 157CA3d842 | 150CaR805 | 26C3d506 | 731P2d44 |
| CaR474 | 207CaR225 | 160CA3d49 | 151CaR436 | 42C3d562 | 65CaAG670 |
| CaR903 | 229CaR791 | 161CA3d19 | 154CaR337 | 98CA3d802 | 9Pcf81 |
| CaR780 | 253CaR520 | 232CA3d1647 | 154CaR385 | 132CA3d782 | |
| CaR286 | 22CaR2d685 | 17CA4th787 | C 155CaR912 | Up 148CA3d921 | **Subd. e** |
| CaR284 | 599P2d92 | 24CA4th245 | 156CaR548 | 18CA4th1029 | 233CaR919 |
| CaR787 | 611P2d878 | # 25CA4th701 | 157CaR899 | 159CaR754 | 731P2d44 |
| CaR446 | 636P2d5 | 196CaR402 | 159CaR320 | 165CaR284 | |
| CaR759 | 724P2d477 | 196CaR803 | 159CaR754 | 179CaR827 | **Subd. g** |
| CaR700 | Cir. 9 | 199CaR503 | 162CaR747 | 183CaR454 | 208CA3d1028 |
| CaR294 | 801F2d1095 | 203CaR863 | 163CaR92 | Up 196CaR402 | 256CaR645 |
| CaR803 | 65CaAG669 | 206CaR456 | 165CaR284 | 199CaR503 | |
| CaR62 | 65CaAG670 | 207CaR226 | 169CaR238 | C 200CaR12 | **Subd. h** |
| CaR863 | 30CLA248 | 281CaR856 | 169CaR515 | 201CaR62 | 148CA3d921 |
| CaR783 | 9Pcf78 | 284CaR243 | 175CaR57 | 229CaR795 | 196CaR402 |
| CaR379 | 9Pcf79 | 284CaR382 | 178CaR316 | 22CaR2d686 | 199CaR503 |
| | | 22CaR2d159 | | 611P2d878 | |
| | | 30CaR2d105 | | 724P2d481 | |

**§§ 2933 to 2935**
Ad 1982C1234
149CA3d384
196CaR803
65CaAG668

**§ 2933**
A 1986C1446
A 1988C121
42C3d556
53C3d463
139CA3d494
141CA3d484
145CA3d917
148CA3d909
148CA3d921
C 149CA3d382
154CA3d254
155CA3d522
157CA3d841
C 158CA3d772
159CA3d304
C 160CA3d46
C 161CA3d15
C 162CA3d320
165CA3d377
168CA3d315
C 168CA3d519
171CA3d643
172CA3d48
172CA3d317
176CA3d236
177CA3d464
178CA3d33
184CA3d1305
187CA3d559
187CA3d954
190CA3d410
199CA3d273
205CA3d1226
206CA3d278
207CA3d442
214CA3d375
215CA3d791
218CA3d1318
220CA3d141
231CA3d186
C 232CA3d1645
233CA3d1553
142CA3S25
6CA4th1732
13CA4th1757
17CA4th787
18CA4th1029
19CA4th646
24CA4th245
# 24CA4th716
# 24CA4th1673
# 25CA4th698
188CaR704
190CaR414
191CaR796

*Continued*

| | | | | | | |
|---|---|---|---|---|---|---|
| 196CaR803 | 214CaR507 | A 1982C1234 | 178CA3d34 | 188CaR451 | 678P2d893 | 253CaR520 |
| 203CaR865 | 217CaR807 | 25C3d225 | 184CA3d735 | 188CaR585 | C 705P2d898 | 262CaR614 |
| 207CaR225 | 221CaR400 | 25C3d528 | 184CA3d743 | 188CaR701 | 724P2d477 | 285CaR411 |
| 229CaR791 | 222CaR442 | 26C3d494 | 190CA3d410 | 192CaR684 | 807P2d1074 | 599P2d92 |
| 249CaR838 | 229CaR791 | 26C3d501 | 199CA3d275 | 193CaR660 | 476US1152 | 611P2d877 |
| 253CaR519 | 253CaR121 | 30C3d180 | 205CA3d1227 | 195CaR368 | 90LE711 | Cir. 9 |
| 28CaR2d154 | 253CaR516 | 33C3d228 | 206CA3d280 | 196CaR294 | 106SC2266 | 597FS1406 |
| 636P2d2 | 255CaR36 | 33C3d274 | 207CA3d442 | 196CaR402 | Cir. 9 | 10LoyL726 |
| 724P2d478 | 262CaR609 | 35C3d809 | 214CA3d375 | 196CaR803 | 801F2d1094 | 9Pcf36 |
| 65CaAG668 | 282CaR271 | C 39C3d932 | 218CA3d1319 | 199CaR503 | 867F2d546 | 65VaL1244 |
| 70CaAG51 | 284CaR7 | 42C3d556 | 226CA3d1163 | 200CaR548 | 999F2d390 | |
| 65CaL1244 | 8CaR2d662 | 53C3d463 | 231CA3d186 | 201CaR318 | 597FS1416 | **Subd. b** |
| 9Pcf5 | 22CaR2d159 | 74CA3d171 | 232CA3d959 | 202CaR847 | 635FS420 | 25C3d233 |
| 11UCD34 | 25CaR2d436 | 87CA3d793 | 232CA3d1646 | 203CaR863 | 783FS1247 | 26C3d506 |
| | 30CaR2d105 | 91CA3d814 | 233CA3d1553 | 204CaR783 | 65CaAG668 | 30C3d161 |
| **§ 2930** | 599P2d93 | 94CA3d43 | 5CA4th930 | 204CaR836 | 70CaAG49 | 30C3d162 |
| A 1977C165 | 601P2d552 | 94CA3d684 | 13CA4th1758 | 205CaR530 | 30CLA229 | 42C3d556 |
| A 1977C2 | 611P2d878 | 95CA3d774 | 17CA4th787 | 206CaR456 | 51JBC659 | C 94CA3d800 |
| A 1982C1234 | 636P2d20 | 95CA3d960 | 18CA4th1028 | 206CaR577 | 9Pcf82 | 98CA3d801 |
| 25C3d225 | 724P2d477 | 98CA3d388 | 19CA4th646 | 207CaR223 | 13PLR895 | 106CA3d429 |
| 25C3d528 | 863P2d681 | 98CA3d791 | 19CA4th1024 | 208CaR599 | | 108CA3d492 |
| 26C3d506 | Cir. 9 | 98CA3d801 | 24CA4th245 | 208CaR609 | **Subds. a to d:** | 112CA3d436 |
| 30C3d187 | 783FS1247 | 98CA3d858 | # 24CA4th716 | 210CaR474 | 42C3d556 | 125CA3d698 |
| 42C3d556 | 65CaAG671 | 99CA3d757 | # 24CA4th1287 | 211CaR513 | 229CaR791 | 128CA3d1010 |
| 6C4th816 | 70CaAG49 | 100CA3d99 | # 24CA4th1673 | 211CaR600 | 724P2d477 | 149CA3d384 |
| 74CA3d171 | 9Pcf31 | 102CA3d952 | # 25CA4th699 | 211CaR680 | | 153CA3d698 |
| 91CA3d817 | | 103CA3d477 | 141CaR387 | 212CaR530 | **Subd. a** | 154CA3d116 |
| C 94CA3d804 | **Subd. a** | 108CA3d545 | 150CaR805 | 213CaR835 | 25C3d233 | 157CA3d52 |
| 95CA3d774 | 25C3d233 | 110CA3d684 | 151CaR436 | 214CaR507 | 26C3d504 | 160CA3d52 |
| 102CA3d952 | 157CaR903 | 112CA3d316 | 153CaR538 | 215CaR233 | 74CA3d427 | 161CA3d19 |
| 103CA3d477 | 199CaR503 | 112CA3d439 | 154CaR330 | 216CaR843 | 91CA3d816 | 206CA3d285 |
| 112CA3d316 | 599P2d92 | 113CA3d276 | 154CaR384 | 217CaR538 | 94CA3d49 | 13CA4th1758 |
| 112CA3d439 | 9Pcf77 | 115CA3d112 | 156CaR239 | 218CaR246 | C 94CA3d804 | 18CA4th1028 |
| 115CA3d113 | 65VaL1247 | 115CA3d649 | 156CaR548 | C 218CaR325 | 99CA3d767 | 153CaR538 |
| 116CA3d716 | | 116CA3d144 | 156CaR653 | 220CaR59 | 100CA3d946 | C155CaR912 |
| 148CA3d909 | **Subd. b** | 116CA3d716 | 157CaR343 | 221CaR400 | 117CA3d527 | 157CaR903 |
| 161CA3d15 | 74CA3d427 | 117CA3d168 | 157CaR467 | 221CaR420 | 125CA3d898 | 159CaR754 |
| 168CA3d525 | 117CA3d527 | 120CA3d825 | 157CaR473 | 221CaR745 | 128CA3d1030 | 164CaR925 |
| 172CA3d48 | 141CaR443 | 125CA3d898 | 157CaR899 | 223CaR479 | 139CA3d488 | 165CaR284 |
| 176CA3d930 | 172CaR787 | 128CA3d1030 | 159CaR320 | 229CaR791 | 148CA3d909 | 166CaR606 |
| 177CA3d464 | 209CaR379 | 132CA3d782 | 159CaR546 | 235CaR472 | 149CA3d384 | 169CaR514 |
| 205CA3d1227 | | 135CA3d63 | 159CaR718 | 244CaR651 | 154CA3d115 | 178CaR316 |
| 206CA3d280 | **§ 2931 et seq.** | 137CA3d696 | 159CaR754 | 253CaR121 | 157CA3d842 | 178CaR446 |
| 207CA3d442 | 53C3d463 | 139CA3d323 | 159CaR761 | 253CaR516 | 206CA3d285 | 179CaR827 |
| 214CA3d375 | 231CA3d186 | 139CA3d489 | 160CaR774 | 255CaR36 | 214CA3d383 | 180CaR759 |
| 231CA3d187 | 279CaR845 | 145CA3d731 | 161CaR13 | 262CaR609 | 233CA3d1553 | 196CaR803 |
| 232CA3d959 | 282CaR270 | 145CA3d764 | 162CaR747 | 267CaR699 | 13CA4th1758 | 199CaR502 |
| 7CA4th613 | 807P2d1074 | 148CA3d909 | 163CaR92 | 277CaR306 | 141CaR443 | 200CaR552 |
| 17CA4th788 | | 148CA3d921 | 165CaR282 | 279CaR845 | 154CaR384 | 201CaR62 |
| 24CA4th245 | **§§ 2931 to 2933** | 149CA3d384 | 166CaR481 | 282CaR270 | C 155CaR912 | 203CaR863 |
| 141CaR387 | 191CA3d1028 | 153CA3d691 | 167CaR925 | 284CaR7 | 156CaR238 | 206CaR457 |
| 154CaR385 | 236CaR835 | 156CA3d792 | 169CaR237 | 284CaR243 | 156CaR551 | 207CaR225 |
| C 155CaR912 | Cir. 9 | 157CA3d842 | 169CaR515 | 285CaR410 | 157CaR474 | 229CaR791 |
| 157CaR343 | 801F2d1094 | 158CA3d772 | 169CaR785 | 7CaR2d366 | 157CaR903 | 253CaR520 |
| 157CaR899 | 8CalL(1)40 | 159CA3d306 | 171CaR186 | 17CaR2d397 | 160CaR780 | 22CaR2d685 |
| 159CaR320 | | 160CA3d46 | 171CaR460 | # 18CaR2d713 | 161CaR286 | 599P2d92 |
| 162CaR747 | **§ 2931** | 161CA3d15 | 171CaR462 | 22CaR2d159 | 165CaR284 | 611P2d878 |
| 163CaR92 | A 1977C165 | 162CA3d320 | 172CaR469 | 22CaR2d685 | 172CaR787 | 636P2d5 |
| 165CaR284 | A 1977C2 | 165CA3d377 | 175CaR58 | # 23CaR2d702 | 178CaR446 | 724P2d477 |
| 169CaR238 | A 1978C380 | 165CA3d650 | 178CaR326 | 30CaR2d105 | 180CaR759 | Cir. 9 |
| 169CaR515 | A 1978C532 | 165CA3d884 | 178CaR446 | # 30CaR2d189 | 188CaR700 | 801F2d1095 |
| 171CaR186 | A 1979C319 | 168CA3d525 | 179CaR827 | # 30CaR2d735 | 196CaR294 | 65CaAG669 |
| 178CaR331 | A 1979C373 | 170CA3d1036 | 180CaR759 | 599P2d93 | 196CaR803 | 65CaAG670 |
| 179CaR827 | A 1980C676 | 171CA3d643 | 183CaR454 | 601P2d552 | 201CaR62 | 30CLA248 |
| 196CaR294 | | 172CA3d318 | 185CaR87 | 611P2d876 | 203CaR863 | 9Pcf78 |
| 199CaR502 | | 174CA3d438 | 185CaR187 | 636P2d15 | 204CaR783 | 9Pcf79 |
| 207CaR223 | | 176CA3d321 | 187CaR211 | 655P2d725 | 209CaR379 | |
| | | 177CA3d464 | 188CaR373 | 655P2d1286 | | |



**PENAL CODE (1872, A 1941)**

**§ 2931**

| | | | | | |
|---|---|---|---|---|---|
| 192CaR684 | **Subd. a** | 223CaR479 | 177CA3d464 | 32C2d849 | 256CaR421 |
| 192CaR686 | 148CA3d909 | 253CaR517 | 207CA3d443 | 49CA3d101 | 22CaR2d169 |
| 196CaR294 | 157CA3d841 | 262CaR614 | 196CaR294 | 97CA3d110 | 31CaR2d424 |
| 196CaR402 | C 160CA3d49 | 267CaR700 | 207CaR223 | 122CaR297 | |
| C 196CaR802 | C 161CA3d15 | Cir. 9 | 214CaR507 | 158CaR555 | **§§ 2960** |
| 199CaR503 | C 168CA3d525 | 801F2d1094 | 221CaR400 | 146P2d417 | **to 2981** |
| 201CaR423 | 171CA3d643 | 867F2d546 | 255CaR37 | 166P2d279 | |
| 202CaR235 | 172CA3d317 | 597FS1416 | 279CaR845 | 198P2d689 | 24CA4th895 |
| 203CaR862 | 187CA3d560 | 635FS429 | 807P2d1074 | 1CaAG307 | 29CaR2d865 |
| C 204CaR836 | 205CA3d1226 | 70CaAG50 | | | |
| 205CaR529 | 207CA3d443 | | **§ 2940** | **§ 2943** | **§§ 2960** |
| C 206CaR455 | 214CA3d377 | **Subd. c** | **et seq.** | | **to 2963** |
| C 206CaR576 | 218CA3d1319 | 192CaR685 | | A 1943C1101 | |
| C 207CaR223 | C 232CA3d1647 | | 5CaAG128 | A 1947C523 | R 1968C1374 |
| 208CaR599 | 233CA3d1553 | **Subd. d** | | R 1955C273 | |
| C 208CaR608 | 6CA4th1733 | 192CaR685 | **§§ 2940** | Ad 1965C1915 | **§ 2960** |
| 211CaR600 | 13CA4th1757 | | **to 2943** | A 1967C138 | |
| 214CaR96 | 18CA4th1029 | **Subd. e** | | Rs 1977C165 | Ad 1969C872 |
| C 214CaR503 | # 25CA4th704 | 206CA3d285 | 59CaL1217 | 14C3d646 | A 1977C1252 |
| 217CaR538 | 192CaR685 | 207CA3d447 | | 74CA3d173 | A 1982C1529 |
| 217CaR807 | 196CaR294 | 13CA4th1758 | **§ 2940** | 122CaR554 | A 1982C1549 |
| 218CaR225 | 199CaR503 | 253CaR520 | | 141CaR389 | A 1985C1419 |
| 219CaR903 | 203CaR862 | 255CaR39 | A 1957C2256 | 537P2d386 | A 1986C858 |
| 221CaR400 | C 206CaR455 | 17CaR2d397 | Rs 1977C165 | Cir. 9 | 55C2d687 |
| 221CaR415 | C 207CaR223 | | 177Cal696 | 521F2d249 | 14C3d653 |
| 223CaR479 | C 214CaR507 | **§ 2934** | 23C2d753 | 2CaAG109 | 1CA3d678 |
| 229CaR549 | 217CaR538 | | 32C2d849 | 5CaAG128 | 186CA3d1663 |
| 229CaR791 | 218CaR225 | 42C3d556 | 14C3d804 | 8CaAG237 | 204CA3d1429 |
| 232CaR163 | 232CaR164 | 148CA3d909 | 26C3d635 | 9CaAG201 | 208CA3d296 |
| 232CaR231 | 253CaR120 | 148CA3d921 | 256CA2d721 | 26CaAG85 | 208CA3d297 |
| 235CaR472 | 255CaR37 | 149CA3d384 | 49CA3d101 | 58CaL386 | 10CA4th696 |
| 244CaR649 | 262CaR610 | 157CA3d846 | 63CA3d966 | | 24CA4th904 |
| 253CaR120 | 267CaR699 | 160CA3d50 | 156CA3d695 | **§ 2944** | 12CaR765 |
| 253CaR515 | C 284CaR243 | 161CA3d15 | 64CaR540 | | 82CaR126 |
| 255CaR36 | 285CaR411 | 168CA3d525 | 122CaR297 | R 1955C273 | 122CaR554 |
| 262CaR609 | 9CaR2d133 | 172CA3d318 | 122CaR761 | 5CaAG128 | 201CaR490 |
| 263CaR771 | 17CaR2d396 | 177CA3d464 | 134CaR170 | | 231CaR509 |
| 267CaR698 | 22CaR2d685 | 190CA3d410 | 152CaR603 | **§ 2945** | U 252CaR57 |
| 269CaR225 | # 30CaR2d738 | 207CA3d443 | 164CaR699 | | 256CaR418 |
| 279CaR845 | Cir. 9 | 214CA3d376 | 202CaR885 | A 1953C1574 | 12CaR2d772 |
| 281CaR856 | 801F2d1094 | 218CA3d1318 | 171P960 | Rs 1965C1751 | 29CaR2d871 |
| 282CaR270 | 867F2d546 | 196CaR294 | 146P2d417 | 5CaAG128 | 361P2d429 |
| C 284CaR242 | 597FS1406 | 196CaR402 | 198P2d689 | | 537P2d386 |
| 284CaR382 | 635FS430 | 196CaR803 | 537P2d881 | **§ 2946** | |
| 285CaR410 | 70CaAG50 | 199CaR503 | 610P2d1028 | | **Subd. c** |
| 9CaR2d133 | 23Pcf912 | 203CaR865 | Cir. 9 | A 1957C2256 | U 252CaR58 |
| 17CaR2d396 | | 206CaR456 | 205F2d114 | 1963C1786 §1 | |
| 22CaR2d159 | **Subd. b** | 207CaR223 | 769F2d1353 | A 1965C371 | **§ 2962** |
| 22CaR2d685 | 157CA3d842 | 214CaR507 | 90FS856 | Rs 1977C165 | **et seq.** |
| # 23CaR2d702 | 159CA3d308 | 218CaR226 | 298FS309 | 5CaAG128 | |
| 30CaR2d105 | C 160CA3d49 | 221CaR400 | 352FS1126 | 59CaL1217 | 204CA3d1431 |
| # 30CaR2d195 | C 161CA3d20 | 229CaR791 | 1CaAG307 | | 17CA4th1416 |
| # 30CaR2d734 | C 168CA3d526 | 235CaR472 | 4CaAG98 | **§ 2947** | 22CaR2d171 |
| 724P2d477 | 171CA3d643 | 255CaR37 | 60CaL1518 | | |
| 807P2d1074 | 172CA3d320 | 262CaR609 | 9Pcf15 | Rs 1977C165 | **§§ 2962** |
| Cir. 9 | 178CA3d34 | 724P2d477 | | L 1982C595 | **to 2980** |
| 801F2d1094 | 206CA3d282 | Cir. 9 | **§ 2941** | 10CaAG20 | |
| 867F2d546 | 214CA3d383 | 801F2d1095 | | 70CaAG53 | U 204CA3d1429 |
| 891F2d738 | 218CA3d1320 | 999F2d390 | A 1957C2256 | 59CaL1217 | 208CA3d296 |
| 999F2d390 | 199CaR503 | 597FS1416 | Rs 1977C165 | | 208CA3d297 |
| 597FS1416 | 203CaR863 | 783FS1247 | 49CA3d101 | **§ 2960** | U 252CaR57 |
| 635FS520 | 205CaR532 | | 122CaR297 | **et seq.** | 256CaR418 |
| 639FS424 | C 206CaR455 | **§ 2935** | 1CaAG307 | | |
| 783FS1247 | C 206CaR577 | | | 257CA2d751 | **§ 2962** |
| 70CaAG49 | C 207CaR226 | 53C3d463 | **§ 2942** | 208CA3d301 | |
| 13PLR976 | C 214CaR508 | 148CA3d909 | | 17CA4th1413 | Ad 1986C858 |
| | 217CaR538 | 161CA3d15 | Rs 1977C165 | 25CA4th915 | A 1987C687 |
| | 218CaR227 | 168CA3d525 | 23C2d753 | 27CA4th797 | A 1989C228 |
| | | | 27C2d644 | 65CaR458 | 204CA3d1429 |

| |
|---|
| 9CA4th1081 |
| 10CA4th692 |
| 10CA4th696 |
| 17CA4th1416 |
| 24CA4th897 |
| 27CA4th798 |
| U 252CaR57 |
| 11CaR2d861 |
| 12CaR2d769 |
| 22CaR2d171 |
| 29CaR2d867 |
| **Subd. a** |
| 204CA3d1433 |
| 9CA4th1082 |
| 24CA4th899 |
| 27CA4th798 |
| U 252CaR60 |
| 11CaR2d861 |
| 29CaR2d869 |
| **Subd. b** |
| 9CA4th1082 |
| 10CA4th694 |
| 24CA4th901 |
| 25CA4th919 |
| 11CaR2d862 |
| 29CaR2d869 |
| 31CaR2d426 |
| **Subd. c** |
| 9CA4th1082 |
| 24CA4th901 |
| 11CaR2d862 |
| 29CaR2d869 |
| **Subd. d** |
| 9CA4th1082 |
| 10CA4th696 |
| 24CA4th902 |
| 25CA4th916 |
| 27CA4th798 |
| 11CaR2d862 |
| 12CaR2d772 |
| 29CaR2d869 |
| 31CaR2d426 |
| **Subd. e** |
| 9CA4th1082 |
| 10CA4th694 |
| 24CA4th901 |
| 25CA4th917 |
| 11CaR2d861 |
| 12CaR2d770 |
| 29CaR2d869 |
| 31CaR2d425 |
| **§ 2964** |
| Ad 1961C333 |
| R 1968C1374 |
| Ad 1986C858 |
| A 1988C657 |
| 204CA3d14.. |
| U 252CaR58 |
| 54CaL944 |
| 36JBC808 |