UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY ARCEO, | CASE NO. 07-CV-2131 W (BLM) |
|---|---|
| Petitioner, | **ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY (DOC NO. 18.)** |
| vs. | |
| JAMES E. TILTON, | |
| Respondent. | |

On September 14, 2007, Petitioner Anthony Arceo filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in the Eastern District of California. The Petition challenges the California Department of Corrections' ("CDC") recision of 120 days of good-time prison credits.

In November 2007, the Petition was transferred to this district. On June 5, 2008, Magistrate Judge Barbara L. Major issued her Report recommending that the Petition be denied. (Doc. No. 10.) Petitioner objected to the Report. (Doc. No. 14.) On October 24, 2008, the Court denied the Petition. (Doc. No. 15.)

Now pending before the Court is Petitioner's Application for Certificate of Appealability ("COA"). (Doc. No. 18.) The Court decides the matter on the papers

submitted and without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). For the reasons discussed below, the Court **DENIES** Petitioner's COA.

I. BACKGROUND

In January 1994, a jury convicted Petitioner of one count of kidnapping with intent to commit rape, one count of forcible oral copulation, and two counts of rape by a foreign object, in violation of California Penal Code §§ 207(a), 208(d), 288(c), and 289(a). (*Report* at 2.) For these crimes, and including enhancements based on previous felonies, Petitioner was sentenced to thirty-one years imprisonment. (*Id.* at 2.)

In June 1996, a CDC disciplinary board found Petitioner guilty of possession of inmate-manufactured alcohol in violation of California Code of Regulations § 3016. (*Report* at 2.) Following a disciplinary hearing, he was assessed a 120-day forfeiture of good-time credits, among other penalties. (*Id.* at 2.) In November 1997, Petitioner was again convicted of possession of inmate-manufactured alcohol and forfeited another 120 days of good-time credits. (*Id.* at 2.) During 2005 and 2006, Petitioner filed administrative appeals challenging the two 120-day credit losses. (*Id.* at 3.) The second-level appellate council denied Petitioner's appeals as time-barred, finding Petitioner failed to justify the almost decade-long delay in filing. (*Id.* at 3.)

In 2006, Petitioner filed a habeas petition in Los Angeles Superior Court contesting the credit losses. (*Report* at 3.) The Superior Court denied the petition on both substantive and procedural grounds. (*Id.* at 3.) Petitioner filed a habeas petition in the California Court of Appeal, which was denied due to improper venue. (*Id.* at 3.) The Court of Appeal instructed the Petitioner that he should file his petition in Kern County based on the location of Petitioner's prison. (*Id.* at 3.)

In January 2007, Petitioner filed his petition in Kern County Superior Court. (*Report* at 3.) The court denied his claims on substantive and procedural grounds. (*Id.* at 3.) Petitioner then re-filed in the California Court of Appeal, which issued a summary denial on February 22, 2007. (*Id.* at 3.) On April 9, 2007 Petitioner filed his

petition in the California Supreme Court, which found the petition to be untimely and returned it unfiled. (*Id.* at 3.) The supreme court lost jurisdiction on March 24, 2007 under Cal. Rule of Court 8.500(e)'s applicable thirty-day filing deadline. (*Id.* at 3.)

On September 14, 2007, Petitioner filed the Petition challenging the CDC's recision of 120 days of good-time prison credits. On October 24, 2008, this Court denied the Petition. (Doc. No. 15.) Petitioner's COA followed.

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

## III. DISCUSSION

Petitioner's COA presents two claims, both of which concern CDC's cancellation of his good-time credits, and both of which were also presented in his original habeas petition. First, Petitioner claims that the California Penal Code and In re Dikes, 121 Cal.App.4th 825 (2004), prohibit the CDC from depriving Petitioner of more than

thirty days of good-time credits per disciplinary offense, and that the CDC therefore acted illegally when it twice denied him 120 days worth of good-time credits.  Second, Petitioner alleges that the CDC discriminated against him as a repeat offender and violated state and federal law when it denied him more good-time credits than other, non-repeat offenders.  Because Petitioner's Petition is barred by the statute of limitations, the Court does not reach either of his arguments on the merits but instead finds the Petition to be time-barred.  The Court also finds that a COA is not warranted because reasonable jurists would not find the Court's initial decision debatable or wrong.

### A.     Statute of Limitations

Under the AEDPA, timeliness is a threshold issue that must be determined before consideration of a petition's merits. <u>White v. Klitzkie</u>, 281 F.3d 921-22 (9th Cir. 2002).  AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.  28 U.S.C. § 2244(d).  The statute of limitations applies to all persons in custody pursuant to the judgment of a state court, including persons challenging state administrative decisions. <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1063 (9th Cir. 2004).  The one-year statute of limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

When a petitioner challenges an administrative decision, section 2244(d)(1)(D) applies. <u>Redd v. McGrath</u>, 343 F.3d 1077, 1084 (9th Cir. 2003).  Therefore, the statute

of limitations begins to run on the date at which the prisoner "could have learned of the factual basis for his claim through the exercise of due diligence." Id.  This date is the day on which the administrative decision became final.  Id.

In the instant case, Petitioner was assessed his 120-day credit forfeitures on July 6, 1996 and December 2, 1997.  Petitioner received formal notice of the December 2 disciplinary decision on December 31, 1997.  Under the California Code of Regulations ("CCR"), a prisoner must file any appeal of an administrative decision within fifteen working days.  15 CCR § 3084.6(c).  Petitioner was therefore required to appeal the later credit forfeiture by January 23, 1998.  As he failed to do so, the decision was finalized on that date.  See 28 U.S.C. § 2244(d) (statute of limitations begins on day when petitioner could determine the factual predicate of his claims with exercise of due diligence); see also Shelby, 391 F.3d at 1066 (statute of limitations begins to run when prisoner can no longer appeal the administrative decision).

Because Petitioner failed to file his habeas petition prior to January 23, 1999, the Petition is time-barred under AEDPA.  Petitioner's filing date of September 18, 2006 is nearly eight years after the AEDPA statute of limitations expired.  Therefore, his Petition was properly dismissed unless the statute of limitations can somehow be tolled.

**B.     AEDPA Statute of Limitations Start Date and Equitable Tolling**

Petitioner appears to argue that both (1) the AEDPA statute of limitations should have begun with the publication of Dikes and (2) that he is entitled to equitable tolling for his lack of legal knowledge.  The Court, as in the original habeas petition, will construe Petitioner's statements liberally and address these arguments.  Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (courts should "construe *pro se* habeas filings liberally").

A judicial opinion may serve as the start date for the AEDPA statue of limitations only in limited circumstances where the United States Supreme Court newly recognizes a federal constitutional right.  28 U.S.C. § 2244(d)(1)(D).  As Dikes is a California

1 appellate opinion, and as the portion of that opinion on which Petitioner relies
2 interprets a section of the California Penal Code, it falls well outside the parameters of
3 Section 2244(d)(1)(D). Therefore, Dikes' publication cannot be the starting date of the
4 AEDPA statute of limitations.

5       Petitioner also contends that he is entitled to equitable tolling under AEDPA
6 because he did not read Dikes until 2005. To benefit from equitable tolling, a petitioner
7 must establish (1) that he has been pursuing his rights "diligently," and (2) that some
8 extraordinary circumstance stood in the way of timely filing. Pace v. Diguglielmo, 544
9 U.S. 408, 418 (2005).

10       Diligence requires a dedicated pursuit of one's rights, and a petitioner cannot sit
11 on these rights and subsequently argue for tolling. Id. Here, the Petitioner waited
12 almost nine years after the latest credit revocation to file his state habeas petition. This
13 does not constitute the requisite diligence. See Pace 544 U.S. at 419 (tolling was not
14 available because petitioner "waited years, without any valid justification to assert these
15 claims.")

16       Furthermore, belated knowledge of the potential legal basis for a habeas petition
17 does not constitute an extraordinary circumstance under the AEDPA. Instead, the
18 AEDPA statute of limitations begins to run when the petitioner knows of, or through
19 diligence could discover the important facts, not when the prisoner recognizes their legal
20 significance. Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001). Petitioner's credit
21 revocations occurred in 1996 and 1997. The administrative action for the most recent
22 revocation was finalized in 1998. Following this finalization, there were no more
23 important facts discovered by Petitioner. Belated recognition of the legal significance
24 of the credit revocations is therefore insufficient to toll the statute of limitations.

25       For the foregoing reasons, the Court found that there was no reason to justify
26 either a later start date for the statute of limitations or equitable tolling of the statute
27 of limitations. Because Petitioner's claims were time-barred by AEDPA's one-year
28 statute of limitations, the Court did not need to address the merits of Petitioner's claims.

1    The Court's initial decision on this issue did not involve any close legal questions; rather, Petitioner's entire Petition was clearly barred by the statute of limitations. Because the Petition was time barred, the Court concludes that reasonable jurists would not find the Court's initial decision debatable or wrong.

### IV.    CONCLUSION

Petitioner's Petition did not raise any novel questions of law that were close calls or issues on which reasonable jurists could disagree. For the foregoing reasons, the Court **DENIES** Petitioner's COA.

**IT IS SO ORDERED**

DATED: December 12, 2008

_____
Hon. Thomas J. Whelan
United States District Judge